IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NAVAJO NATION, f.k.a. NAVAJO TRIBE OF INDIANS, Plaintiff, | ) | Case no. 06-cv-00945 L |
| v. | ) | |
| UNITED STATES OF AMERICA, Defendant. | ) | Judge Francis M. Allegra |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

DEFENDANT, the UNITED STATES OF AMERICA, submits the following Answer to the Complaint. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint:

**INTRODUCTION**

1. Defendant admits that Plaintiff is a federally-recognized Indian Tribe located within the states of New Mexico, Arizona, and Utah. The remaining allegations of Paragraph 1 represent Plaintiff's characterization of this litigation and conclusions of law to which no response is required. To the extent this Court requires further response, Defendant denies the allegations.

2. The allegations of Paragraph 2 consist of Plaintiff's conclusions of law and characterizations of its claims, to which no response is required. Moreover, the generally-referenced treaties, executive orders, statutes and regulations speak for themselves and are the best evidence of their contents. To the extent that this Court requires further response, Defendant denies the allegations.

3. The allegations of Paragraph 3 consist of Plaintiff's characterization of this litigation and conclusions of law, to which no response is required. Defendant further states that the term "complete, accurate, and acceptable accounting" is vague and ambiguous so that Defendant is

unable to formulate a response thereto, *see e.g.*, Bogert & Bogert, Trusts and Trustees §§ 965-968 (rev. 2d ed. 1982). Notwithstanding such ambiguity, Defendant denies that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff. Moreover, Defendant avers that the Department of the Interior ("Interior"), since at least April of 1995, has provided and continues to provide the Tribe, on a yearly, quarterly, and monthly basis a "statement of account" of trust fund monies received by the United States Department of the Interior ("Interior") through the Office of the Special Trustee ("OST"), which provides information on cash receipts, disbursements, investment activity (e.g., securities purchased, matured, interest income earned), transactions and adjustments. Defendant further avers that prior to April 1995, a Summary and Detail of Tribal Trust Funds report was mailed periodically to the Tribe by the Bureau of Indian Affairs. Defendant further avers that, in 1996, Interior produced to the Tribe a report titled "Agreed-Upon Procedures and Findings Report for The Navajo Tribe of Indians July 1, 1972 Through September 30, 1992," which was prepared by Arthur Andersen LLP ("Andersen"), and which reported on the results of account reconciliation work conducted by Andersen. Finally, Defendant avers that additional information regarding Plaintiffs' trust assets has historically been, and is, available to it upon request.

4. The allegations of Paragraph 4 consist of Plaintiff's characterization of this litigation and Plaintiff's claims for relief to which no response is required. To the extent this Court requires further response, Defendant denies the allegations.

## JURISDICTION

5. The allegations contained in Paragraph 5 and all its subparagraphs consist of conclusions of law and characterizations of various Acts of Congress, statutes, treaties, executive orders, manuals of the Departments of the Treasury ("Treasury") and Interior, and the General Accounting Manual and regulations to which no response is required. Furthermore, the cited Acts of Congress, statutes, treaties, Executive Orders, manuals and regulations speak for themselves and are the best evidence of their contents. To the extent that this Court requires further response, Defendant denies the allegations.

6. The allegations of Paragraph 6 consist of Plaintiff's characterizations of this litigation and conclusions of law to which no response is required. To the extent that this Court requires further response, Defendant denies the allegations.

**PARTIES**

7. The allegations of Paragraph 7 consist of Plaintiff's conclusions of law to which no response is required. In further response, Defendant avers that the phrase "most directly responsible" is vague so that Defendant cannot formulate a response thereto. To the extent that this Court requires further response, Defendant denies the allegations.

8. Defendant admits only that Plaintiff is a federally recognized tribe. Defendant avers that the remainder of Paragraph 8 constitutes conclusions of law to which no response is required.

**BACKGROUND**

9. Defendant admits that Plaintiff is the reservation titleholder of approximately 16.3 million acres of land in the states of Arizona, New Mexico, and Utah and that deposits of oil, gas, coal, uranium, sand and gravel, and "red dog" have been found on the Reservation. Defendant also admits that the Reservation includes grazing land and timber stands. Defendant further states that the terms "great economic value," "very large," and "valuable resources" are vague, so that Defendant cannot formulate a response thereto. Defendant denies the remaining averments in Paragraph 9.

10. The allegations of Paragraph 10 constitute conclusions of law to which no response is required. Notwithstanding the foregoing, Defendant admits in sentence one of Paragraph 10, that at times from the middle 1880's to the present, revenue was generated from the use or disposition of Plaintiff's property and those proceeds were held for a time by the United States. Given the vagueness and ambiguity of the qualifying phrase "all under the direct supervision and control of Defendant," the United States otherwise denies the averments of sentence one.

Defendant admits the second sentence, except to state that the term "appropriate leases" is vague so that Defendant cannot formulate a response thereto. Defendant denies the third sentence of Paragraph 10.

11. With respect to Paragraph 11, Defendant avers that the United States, through the Secretary of the Interior, participated in the authorization and management of leases and agreements. Defendant further avers it was not in exclusive control of the trust resources of which the Navajo Nation is the beneficial owner and that the respective extent of Plaintiff's and the United States' control and management of such trust property is set forth in the provisions of statutes and the regulations implementing statutes respecting tribal property held in trust. Subject to the foregoing, Defendant admits only that it shared in the management of such trust resources.

12. The allegations of Paragraph 12 consist of conclusions of law to which no response is required. Alternatively, Defendant avers that the phrase "engaged in all other aspects" is vague so that Defendant cannot formulate a response thereto. Defendant also denies that it engaged in "exclusive management of Plaintiff's trust funds." Defendant avers that it shared control and management of the Navajo's trust funds and that the respective extent of management and control by Plaintiff and the United States is set forth in the provisions of statutes and implementing regulations respecting the trust funds.

**PLAINTIFF'S CLAIMS CONCERNING DEFENDANT'S DUTIES**

13. The allegations of Paragraph 13 consist of conclusions of law and Plaintiff's characterizations of this suit and of a Congressional report to which no response is required. The cited report speaks for itself and is the best evidence of its contents. In further response to the allegations of Paragraph 13, Defendant states that the phrase "complete and accurate audit or accounting" is vague so that Defendant cannot formulate a response thereto, *see, e.g.*, Bogert & Bogert, Trusts and Trustees §§ 965-968 (rev. 2d. 1982). Defendant denies that the Secretary of the Treasury has any obligation to provide an accounting. Further, Defendant avers that Interior has furnished and continues to furnish Plaintiff with financial and accounting data and

documentation, including, (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund statements," (b) a 1996 report entitled "Agreed-Upon Procedures and Findings Report for the Navajo Tribe of Indians, July 1, 1972 Through September 30, 1992," which was prepared by Andersen, and which reported on the results of account reconciliation work conducted by Andersen. Finally, Defendant avers that additional information regarding Plaintiff's trust assets has historically been, and is, available to it upon request.

14. The allegations of Paragraph 14 consist of conclusions of law to which no response is required. Defendant also incorporates the response set forth in Paragraph 13 beginning with sentence 3 concerning an "accounting of trust funds."

15. Defendant admits that in the 1980's, the United States explored the possibility of outsourcing administrative functions relating to Tribal Trust funds with Mellon Bank. The remaining allegations of Paragraph 15 concerning Interior's negotiations with Mellon Bank consist of conclusions of law to which no response is required.

16. The allegations of Paragraph 16 consist of conclusions of law and Plaintiff's characterizations of an Act of Congress to which no response is required. Moreover, the cited Act speaks for itself and is the best evidence of its contents.

17. The allegations of Paragraph 17 consist of Plaintiff's characterization of various Acts of Congress to which no response is required. Moreover, the cited Acts speak for themselves and are the best evidence of their contents.

18. The allegations of Paragraph 18 through 18 f. consist of conclusions of law and Plaintiff's characterizations of an Act of Congress to which no response is required. Moreover, the cited Act of Congress speaks for itself and is the best evidence of its contents.

**PLAINTIFF'S CLAIMS CONCERNING "THE TRUST FUND RECONCILIATION PROJECT"**

19. Defendant admits that Interior retained the accounting firm of Andersen to prepare and issue certain reports to the Plaintiff and other federally-recognized tribes. The reports received by the Tribe under the contract and the contract at issue speak for themselves and are the best evidence of their contents. Sentence 2 of Paragraph 19 constitutes a characterization of the Andersen work under its contract to which no response is required.

20. The allegations of Paragraph 20, consist of Plaintiff's characterizations of fact and conclusions of law to which no response is required. To the extent an additional response is required, Defendant incorporates the response provided in Paragraph 19 of this Answer.

21. In response to the allegations of Paragraph 21, Defendant admits that Andersen performed accounting procedures in consultation with the Office of Management and Budget and the Intertribal Monitoring Association. The remainder of Paragraph 21 is made up of factual characterizations and conclusions of law to which no response is required.

22. In response to the allegations of Paragraph 22, Defendant admits that the Nation was provided with a copy of the Andersen Report in 1996, including a CD of transactions on which the report is based. The remainder of the second sentence of Paragraph 22 is denied.

23. The allegations of Paragraph 23 consist of Plaintiff's characterizations of the referenced "Summary and Detail of Trust Funds Report" provided in 1996, to which no response is required. The referenced report speaks for itself and is the best evidence of its contents.

24. The allegations of Paragraph 24 through 24 c. consist of Plaintiff's characterizations of the Andersen Report to which no response is required. The referenced report speaks for itself and is the best evidence of its contents.

25. The allegations of Paragraph 25 consist of Plaintiff's characterizations of fact and conclusions of law to which no response is required. To the extent that the court requires a further response, the correspondence of January 12, 1996, speaks for itself and is the best evidence of its contents. Further, Defendant denies that it has breached any trust duty alleged in Paragraph 25.

26. Defendant admits that the Special Trustee testified before the Senate Committee on Indian Affairs on June 11, 1996. A full transcript of his testimony is found in "Indian Trust Funds 1995: Hearing before the Committee on Indian Affairs, United States Senate," S. HRG. 104-514, June 11, 1996. The transcribed testimony speaks for itself and is the best evidence of its contents.

27. Defendant admits that in or around August, 1996, a Statement of Work was issued to Andersen. The Statement of Work speaks for itself and is the best evidence of its contents.

28. The allegations of Paragraph 28 consist of Plaintiff's characterizations of fact and conclusions of law to which no response is required. Morever, the cited statute speaks for itself and is the best evidence of its contents.

29. Defendant admits that in 1996 an "acknowledgment form" was included with Plaintiff's Arthur Andersen report for the convenience of the Nation to indicate its acceptance or dispute of the account balances identified therein. The language of the Andersen Report and Acknowledgment speak for themselves and are the best evidence of its contents. Regarding sentence 2 of Paragraph 29, Defendant denies that Plaintiff "disagreed...with [the] posited balances" and is without sufficient information as to whether Plaintiff "disagrees...with [the] posited balances."

30. The allegations of Paragraph 30, and sub-parts a-h, consist of Plaintiff's characterizations of its claims which Defendant denies (See Paras. 30 (a), (e), (h)) and conclusions of law to which no response is required. (See Paras. 30 (c), (d), (g).) To the extent that Plaintiff

characterizes the Andersen report concerning the Navajo Tribe, the report is the best evidence of its contents and no further response is required. Moreover, Plaintiff's averments are vague and ambiguous, throughout sub-part 30(b). With respect to sub-part 30(f), Defendant admits in the first sentence that the procedures utilized in the report were designed by and agreed upon by components of Interior, including the Bureau of Indian Affairs, and Andersen. To the extent that this Court requires any further responses, Defendant denies the allegations of Paragraph 30 and its sub-parts.

31. The allegations in Paragraph 31 are unclear, vague, ambiguous and constitute characterizations of Plaintiff's claims and legal argument to which no response is required. In the event that the Court requires any further response, Plaintiff's allegations are denied.

## PLAINTIFF'S CLAIMS CONCERNING THE SPECIAL TRUSTEE AND THE SECRETARY

32. The allegations in Paragraph 31 are vague and ambiguous. Notwithstanding the foregoing, Defendant admits that written communications from the Secretary of the Interior to Congress occurred on December 11, 1996 and are the best evidence of their contents.

33. Defendant admits that the Secretary of the Interior submitted a report to Congress on December 11, 1996. The referenced report speaks for itself and is the best evidence of its contents.

34. Defendant avers that the referenced report speaks for itself and is the best evidence of its contents.

## RESPONSE TO FIRST CLAIM FOR RELIEF

35. Defendant re-asserts and incorporates by reference its responses to the allegations of Paragraphs 1-34 of the Complaint.

36. The allegations of Paragraph 36 constitute conclusions of law to which no response is required. Alternatively, the allegations of Paragraph 36 (e.g. "comprehensive authority," "duties of the highest order") are so vague and unclear that Defendant is unable to admit or deny. Nevertheless, Defendant avers that Interior shares with Plaintiff authority, control, and supervision over Plaintiff's trust assets. Defendant further avers that the respective degree of Plaintiff's and of Defendant's authority, control, and supervision over trust property is set forth in the provisions of and the regulations implementing statutes respecting tribal property held in trust. All other allegations are denied.

37. The allegations of Paragraph 37 constitute conclusions of law to which no response is required. In the event that the Court requires further response, Defendant denies paragraph 37.

38. The allegations of Paragraph 38 constitute conclusions of law to which no response is required.

39. Paragraph 39 constitutes conclusions of law to which no response is required. Moreover, Paragraph 39 is a prayer for relief to which no response is required.

**RESPONSE TO SECOND CLAIM FOR RELIEF**

40. Defendant re-asserts and incorporates by reference its responses to the allegations of Paragraphs 1-39 of the Complaint.

41. The allegations of Paragraph 41 constitute conclusions of law and a prayer for relief to which no response is required.

42. The allegations of Paragraph 42 constitute conclusions of law to which no response is required. To the extent that there are any factual recitations presented, Defendant denies them.

43. The allegations of Paragraph 43 constitute characterizations and conclusions of law to

which no response is required.

**RESPONSE TO THIRD CLAIM FOR RELIEF**

44. Defendant reasserts and incorporates by reference its responses to the allegations of Paragraphs 1-43 of the Complaint.

45. The first sentence of Paragraph 45 is so vague and ambiguous that Defendant is unable to respond to the allegations. The second sentence of Paragraph 45 constitutes a conclusion of law to which no response is required.

46. The allegations of Paragraph 46 are conclusions of law to which no response is required.

47. The unnumbered "Wherefore"clause constitutes a prayer for relief to which no response is required.

**GENERAL DENIAL**

Defendant denies any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

**AFFIRMATIVE DEFENSES**

1. Plaintiff asserts claims that are time-barred in whole or in part, by the Statute of Limitations, 28 U.S.C. § 2501.

2. To the extent that Plaintiff asserts claims that existed on or before August 12, 1946, those claims are barred by the Indian Claims Act of August 13, 1946, 60 Stat. 1049, as amended (formerly 25 U.S.C. §§ 70 et seq.).

3. Plaintiff asserts claims that are barred, in whole or in part, by the doctrine of

laches, equitable estoppel, waiver and consent, and other equitable defenses.

4. To the extent that Plaintiff asserts claims that it or its privies asserted or could have asserted in a prior adjudication in which a court or tribunal (including the Indian Claims Commission) of competent jurisdiction entered a final judgement, those claims are bared in whole or in part, by the doctrines of *res judicata* and /or *collateral estoppel*.

5. Plaintiff fails to state a claim upon which relief can be granted.

6. Plaintiff asserts claims over which this Court lacks jurisdiction.

Respectfully submitted this 30th day of April, 2007.

Respectfully submitted,
MATTHEW J. MCKEOWN
Acting Assistant Attorney General

s/Robert W. Rodrigues
ROBERT W. RODRIGUES
Trial Attorney
JOHN H. MARTIN
Trial Attorney
E. KENNETH STEGEBY
Trial Attorney
LAURA M.L. MAROLDY
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: 202.353.8839
Facsimile: 202.305.0506
Email: robert.rodrigues@usdoj.gov

Of Counsel:

Rachel Howard
Office fo the Chief Counsel
Financial Management Service
United States Department of the Treasury

Gladys Orr Cojocari
Tom Kearns
Candace Beck
Office of the Solicitor
United States Department of the Interior
1849 C Street, NW
Washington, DC 20240