IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NAVAJO NATION,<br>f.k.a. NAVAJO TRIBE OF INDIANS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-945 L<br>Judge Francis M. Allegra |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DEFENDANT'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO OPPOSE OR OTHERWISE RESPOND TO PLAINTIFF'S MOTION FOR ENTRY OF RECORD RETENTION ORDER**

Defendant, United States, respectfully moves this Court for an enlargement of time of 50 days until July 27, 2007, in which to oppose or otherwise respond to Plaintiff's Motion for Entry of Record Retention Order. Defendant's opposition or response to the motion is currently due June 7, 2007. This motion is Defendant's first such motion. Counsel for the Parties have conferred via voice mail and e-mail on May 30, 2007, and Plaintiff's counsel does not oppose this motion. In support of its motion, Defendant states as follows:

1. On May 22, 2007, Plaintiff filed its Motion for Entry of Record Retention Order ("RRO") and supporting brief (collectively, "Motion").

2. The RRO requested by Plaintiff addresses relevant "documents, data, and tangible things" maintained by several offices of the United States Department of the Interior ("Interior"), including but not limited to the Bureau of Indian Affairs, the Office of the Special Trustee, the Bureau of Land Management, the Minerals Management Service; the Department of the Treasury ("Treasury"), including but

not limited to Financial Management Service and the Bureau of Public Debt; the National Archives and Records Administration; the Department of Agriculture, including but not limited to the United States Forest Service; and the Nuclear Regulatory Commission. If granted as is, the requested RRO would affect the operations of all the foregoing agencies, including especially their current document and data management policies, procedures, and practices.

3. Defendant needs additional time because, given the number of federal agencies and sub-agencies principally affected by Plaintiff's proposed RRO, undersigned counsel for Defendant will need to undertake numerous, substantial communication and coordination, preparation of drafts, review, and comment processes among the attorneys and program personnel of the affected agencies in order to submit to the Court an adequate and comprehensive brief setting forth Defendant's opposition or response to Plaintiff's motion. Defendant's efforts include:

a. Continuing efforts to identify relevant or potentially relevant records and their locations,

b. Investigating the incidents of damage to records alleged in Plaintiff's motion,

c. Gathering of relevant exhibits including orders, directives, guidelines, and instructions currently in effect with regard to the retention and maintenance of Indian trust records, particularly those relating to Plaintiff by the affected agencies.

d. Determination and preparation of various declarations by knowledgeable agency personnel concerning relevant document preservation practices, as well as the absence of any significant, current risk to Plaintiff's records, especially those

deemed relevant or potentially relevant, the lack of need for an RRO in this case, and the undue burdens likely to result from the proposed RRO, if it were granted by the Court.

4. The availability of agency counsel for the necessary discussions and meetings has been and will be greatly limited by scheduled business travel and previously-scheduled summer vacation travel. In addition, Defendant's counsel, including undersigned counsel, have been and continue to be preoccupied with work in other Tribal trust cases.

5. As this Court may be aware, Defendant and its counsel are currently handling 102 Tribal trust accounting and trust mismanagement cases. Defendant's undersigned counsel and his co-counsel have been and continue to be busy with work and work-related travel in the following cases, among others:

The Ponca Tribe of Indians of Oklahoma v. United States of America, Case No. 5:06-CV-01439-C, (W.D. Okla.); Round Valley Indian Tribes v. United States of America, Case No. 06-900 L (CFC), The Chickasaw Nation and The Choctaw Nation v. The Department of the Interior, et al., Case No. 05-1524(W) (W.D. Okla.); [Eastern] Shoshone Indian Tribe of the Wind River Reservation, Wyoming v. United States/[Northern] Araphoe Indian Tribe of the Wind River Reservation, Wyoming v. United States, Case No. 79-cv-00458-ECH (CFC).

6. The granting of this motion will not cause undue prejudice to the rights and interests of the Parties herein. Instead, it will permit Defendants a reasonable opportunity to prepare a comprehensive and sufficient response to Plaintiff's arguments and allegations on an issue implicating a variety of daily operations of

several federal agencies. Further, during the extension, there should be no adverse impacts to the documents that are relevant or potentially relevant to this litigation because Defendant has document retention and management policies, practices and procedures already in place. See Jicarilla Apache Nation v. United States of America, No. 02-25, Defendant's Supplemental Status Report Describing Compliance With the March 19, 2004 Order, filed March 18, 2005; Defendant's Second Supplemental Status Report Regarding the Compliance of the Department of the Interior with the E-mail Retention Requirements of this Court's March 2004 and April 2005 Orders, filed September 8, 2005.

7. Undersigned counsel conferred with Plaintiff's counsel, Alan Taradash, by voice mail and e-mail concerning this motion on May 30, 2007. Mr. Taradash indicated that he did not oppose Defendant's request for enlargement motion.

Based on all the foregoing, Defendant United States respectfully requests the Court to grant Defendant's motion for 50 day enlargement to file its response to Plaintiff's Motion for Entry of Record Retention Order no later than July 27, 2007.

Respectfully submitted,
RONALD J. TENPAS
Acting Assistant Attorney General

s/Robert W. Rodrigues
ROBERT W. RODRIGUES
Trial Attorney
JOHN H. MARTIN
Trial Attorney
E. KENNETH STEGEBY
Trial Attorney
LAURA MAROLDY
Trail Attorney

United States Department of Justice
Environment and Natural Resources
Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: 202.353.8839
Facsimile: 202.305.0506
Email: robert.rodriques@usdoj.gov

Of Counsel:

Rachel Howard
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury

Gladys Orr Cojocari
Tom Kearns
Candace Beck
Office of the Solicitor
United States Department of the Interior
1849 C Street, NW
Washington, DC 20240