UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NAVAJO NATION<br>f.k.a. NAVAJO TRIBE OF INDIANS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 06-945 L<br>Judge Francis M. Allegra |

**JOINT MOTION FOR ENLARGEMENT OF TIME TO FILE JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 6.1 of the Rules of the Court of Federal Claims ("RCFC") and paragraph 3 of the Special Procedures Order issued in this matter on February 22, 2007, the parties respectfully request that this Court grant an enlargement of time until July 16, 2007 for the parties to file the Joint Preliminary Status Report currently due on June 21, 2007. The grounds for this joint motion are as follows:

1. Defendant filed its Answer in this matter on April 30, 2007.

2. On May 3, 2007, the parties filed a Joint Motion for Entry of Confidentiality Agreement and Protective Order. This Court issued the Confidentiality and Protective Order jointly proposed by the parties on May 11, 2007.

3. On May 21, 2007, Plaintiff filed a Motion for Entry of Record Retention Order. Defendant's response to this motion was due June 7, 2007. On May 31, 2007 Defendant filed an Unopposed Motion for Enlargement of Time to Oppose or Otherwise Respond to Plaintiff's Motion for Entry of Record Retention Order ("Motion for Enlargement of Time") requesting an enlargement of time of 50 days until July 27, 2007 in which to oppose or otherwise respond to

Plaintiff's motion. On June 5, 2007, this Court issued its Order granting Defendant until June 21, 2007 to respond to Plaintiff's Motion for Entry of Record Retention Order.

4. Defendant's response to Plaintiff's Motion for Entry of Record Retention Order is due on the same day as the Joint Preliminary Status Report. If Defendant files its response on the due date, Plaintiff's reply to that response would be due on July 2, 2007.

5. As stated in Defendant's Motion for Enlargement of Time, Defendant's undersigned counsel and his colleagues are now, within the period allowed by the Court, devoting very significant time to locating, investigating, and gathering records, as well as to communicating and coordinating with the attorneys and program personnel of the affected agencies prior to responding to Plaintiff's motion.

6. It is very likely that Defendant's response or opposition to Plaintiff's Motion for Entry of Record Retention Order, as in other cases before this court, will be voluminous. Plaintiff therefore expects that it may be obliged to devote considerable time to review Defendant's response within the period available for reply and in preparation for the anticipated rescheduled telephonic status conference with the Court.

7. Both parties respectfully request the enlargement of time to allow them to focus their efforts on record retention issues.

8. In addition, the undersigned counsel believe it is likely that they will gain useful information, independently and collectively, through the process of the briefing on the record retention motion. They are optimistic that such information will define, and perhaps resolve, some issues related to the Joint Preliminary Status Report. The application of the information

gained by the parties should ultimately result in a more evolved and concise Joint Preliminary Status Report. The parties are also hopeful that information gained at any intervening status conference with the Court could be applied in further resolving issues and developing the Joint Preliminary Status Report.

9. On June 18, 2007, the parties conducted the Early Meeting of Counsel required by RCFC Appendix A, Case Management Procedure, as a precursor to the filing of the Joint Preliminary Status Report.

10. The granting of this motion will not cause undue prejudice to or harm the rights and interests of the parties herein. Instead, the granting of this motion may well promote judicial economy and conserve the parties' limited resources by permitting a reasonable opportunity to gain more complete information, confer, and then prepare a well-developed and concise Joint Preliminary Status Report.

11. This joint motion will be transmitted by facsimile to chambers as required by section 3(a) of the Special Procedures Order issued on February 22, 2007.

Based on the foregoing, the parties respectfully request that the Court grant this joint motion for an enlargement of time until July 16, 2007, for the parties to file the Joint Preliminary Status Report.

Respectfully submitted this 18th day of June, 2007,

s/ Alan R. Taradash
Alan R. Taradash
Nordhaus Law Firm, LLP
405 Dr. Martin Luther King, Jr. Ave. NE
Albuquerque, NM 87102
telephone: 505-243-4275
facsimile: 505-243-4464
Attorney of Record for Plaintiff
Navajo Nation

Of Counsel for Plaintiff:

Thomas J. Peckham
Daniel I.S.J. Rey-Bear
Deidre A. Lujan
Dana L. Bobroff
Nordhaus Law Firm, LLP
405 Dr. Martin Luther King, Jr. Ave. NE
Albuquerque, NM 87102
telephone: 505-243-4275
facsimile: 505-243-4464

Donald H. Grove
Nordhaus Law Firm LLP
1401 K Street NW, Suite 801
Washington, DC 2006
telephone: 202-530-1920
facsimile: 202-530-1270

s/ Robert W. Rodrigues
Robert W. Rodrigues
Martin J. Lalonde
Laura Maroldy
E. Kenneth Stegeby
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
telephone: 202-353-8839
facsimile: 202-305-0506
Attorney of Record for Defendant