# Exhibit 1

D

# United States Department of the Interior

THE DEPUTY SECRETARY
Washington, D.C. 20240

APR - 6 2004

Memorandum

To:
Secretary
Acting Solicitor
Assistant Secretary – Fish and Wildlife and Parks
Assistant Secretary – Indian Affairs
Assistant Secretary – Land and Minerals Management
Assistant Secretary – Policy, Management and Budget
Assistant Secretary – Water and Science
Inspector General
Deputy Assistant Secretary – Policy
Director, U.S. Geological Survey
Director, Bureau of Land Management
Director, Minerals Management Service
Commissioner, Bureau of Reclamation
Acting Director, Bureau of Indian Affairs
Special Trustee for American Indians
Director, Office of Trust Records
Director, Office of Historical Trust Accounting
Director, Office of Trust Fund Management
Associate Director, Minerals Revenue Management, MMS
Manager, Indian Oil and Gas Compliance and Asset Management, MMS
Regional Director, Southwest Region, BIA
Superintendent, Jicarilla Agency, BIA
Superintendent, Laguna Agency, BIA
Superintendent, Southern Pueblos Agency, BIA

**Return Receipt Requested**

From: J. Steven Griles

Subject: **Court Orders regarding the Pueblo of Laguna and the Jicarilla Apache Nation**

To all Department of the Interior employees,

On March 19, 2004, the United States Court of Federal Claims, issued TWO orders regarding *The Pueblo of Laguna v. United States*, Docket No. 02-24 L (Court of Federal Claims) and *Jicarilla Apache Nation, formerly Jicarilla Apache Tribe v. The United States of America*, Docket No. 02-25 L (Court of Federal Claims).

In general, the orders require every office and employee of DOI to take reasonable steps to preserve every document, data, or tangible thing in its possession, custody or control, containing information that is relevant to, or may reasonably lead to the discovery of information relevant to, the subject matter involved in the pending litigation. The subject matter of the pending litigation is the management and accounting of the tribal resources and funds of the Pueblo of Laguna and the Jicarilla Apache Nation from August 13, 1946, to January 8, 2002.

Every employee and office within DOI is already under an obligation to preserve all such documents in accordance with my memorandum of March 20, 2002, regarding the preservation of tribal trust documents generally. Please note, however, that the attached orders impose additional requirements.

**Under the orders, DOI employees are now required to preserve a broad range of "Documents, data, and tangible things" that are relevant to, or may reasonably lead to the discovery of information relevant to, the subject matter involved in the pending litigation. "Documents, data, and tangible things" is defined in the order to include voicemail messages, message and activity logs and information that "serves to identify, locate, or link such" relevant material.**

The precise manner in which you preserve relevant voicemails will vary depending on your circumstances. We appreciate that DOI's phone systems are limited in their ability to preserve voice messages. If the system cannot preserve a voicemail, you must record the message in a way ~~that~~ can preserve the message or transcribe the message on to paper. If you chose this method, please make a record of the date and time of the message – the so-called "envelope."

Larry Jensen, Counselor to the Solicitor, has earlier forwarded a similar communication concerning the matter. This memorandum merely reinforces that earlier memorandum.

The Department of Justice requests that this memorandum and its attachments be disseminated to each of the units and/or individuals that are responsible for the handling and preservation of the relevant records at the subagencies. It also requests that we draw your attention to paragraph 7 of the orders which indicate that a "failure to comply may lead to the imposition of sanctions." Any questions about this memorandum should be directed to Cristobal Alvarez at (202) 208-6966.

Please indicate your receipt of this memorandum by returning a signed copy of this memorandum, without attachments, to my office.

Attachments

RECEIVED:______________________________ DATE:___________________________

# Exhibit 1 A

A

# United States Department of the Interior

OFFICE OF THE SECRETARY
Washington, D.C. 20240

MAR 20 2002

Memorandum

To: All Employees

From: J. Steven Griles, Deputy Secretary of the Interior

Subject: Preservation of Tribal Trust Documents

Preserving Indian trust documents continues to be essential to the Department of the Interior. This Memorandum instructs all Interior employees to immediately preserve all documents, e-mail, and other records relating to Indian Tribal trust funds and Tribal trust assets, even if record retention schedules or other rules, manuals, or handbooks would allow their destruction. A number of Indian Tribes have filed lawsuits against the Federal Government and the Department of the Interior ("Interior") alleging a failure to properly account for Tribal trust funds and assets.

Pursuant to previous guidance related to the individual Indian trusts, all employees were directed to retain all documents relating to the following three areas: 1) American Indian trust reform, including the High Level Implementation Plan or any of its subprojects; 2) the Cobell v. Norton litigation pending in the U.S. District Court for the District of Columbia; and 3) administration of Individual Indian Money (IIM) accounts. Given the importance of preserving these documents and given the Tribal lawsuits, it is appropriate to issue this Memorandum to remind Interior employees about our document retention requirements.

This Memorandum does not change the prior guidance. All Interior offices, bureaus, and employees must continue to preserve all documents and e-mail relating to the three areas mentioned above. *All Interior offices, bureaus, and employees must also immediately preserve documents, e-mail, data, and records relating to Tribal trust assets and Tribal trust funds, even if record retention schedules or other rules, manuals, or handbooks would allow their destruction.*

What Tribal documents must be preserved? All documents related to: 1) the management and administration of Tribal trust fund accounts and funds and/or 2) Tribal trust assets. Such documents are referred to in this Memorandum as Tribal Trust Documents and include:

> All documents, data, and records upon which the Government must rely to fulfill its trust duties to recognized Indian Tribes pursuant to the American Indian Trust Fund Management Reform Act of 1994 (P.L. No. 103-412), and other applicable statutes; for example, those which evidence the existence of Tribal trust assets (e.g., ownership data, trust patents, plot descriptions, surveys, jacket files,

statement of accounts, etc.), the collection of income from Tribal trust assets (e.g., deposit tickets, journal vouchers, schedule of collections, etc.), the use of Tribal trust assets (e.g., leases, sales, rights-of way, investment reports, production reports, sales contracts, etc.), the management of Tribal trust assets (e.g., daily ledgers, investment reports, production verification reports, trespass enforcement, timber stumpage reports, royalty production reports, etc.), or the disbursement of Tribal trust assets (e.g., transaction ledgers, check registers, transaction registers, or lists of canceled or undelivered checks, etc.). Tribal trust assets are lands, natural resources, money, or other assets that are or were held by the Federal government in trust, or that are or were restricted against alienation, for Indian Tribes.

You must preserve Tribal Trust Documents involving all Tribes. Preserving Tribal Trust Documents is essential to enable Interior to fulfill its obligations.

If you are a supervisor, you are responsible for assuring that subordinate employees who are in possession, custody, or control of Tribal Trust Documents understand the importance of preserving Tribal Trust Documents. Supervisors, as well as employees, are held accountable for compliance. Supervisors must ensure that their employees comply with this Memorandum. If you are a Contracting Officer or a Contracting Officer's Technical Representative, you must notify contractors who are in possession, custody, or control of Tribal Trust Documents that they must preserve Tribal Trust Documents.

If you have any questions, please contact Sabrina McCarthy, Solicitor's Office, (202) 219-2139, or Debbie Meisner, Office of Trust Records, Office of the Special Trustee for American Indians, (505) 816-1600.

Report Fraud, Waste & Abuse: Toll-Free (800) 424-5081; Local (202) 208-5300; Toll-Free TDD (800) 354-0966; or Local TDD (703) 235-9221.

# Exhibit 2

# United States Department of the Interior

OFFICE OF THE SECRETARY
Washington, D.C. 20240

JUL 9 2004

Memorandum

To: All Employees

From: J. Steven Griles, Deputy Secretary

Subject: Responsibility for Maintaining Electronic-Mail (E-mail) Records

This memorandum is to remind all employees and Federal contractors of their responsibility for preserving, protecting and maintaining official records created or received using electronic mail (e-mail). IRM Bulletin 96-06, 7/25/96, Policy and Guidance for Managing the Creation, Retention, and Disposition of Electronic Documents provides Department-wide policy and guidance for managing electronic records (including e-mail records). This policy is accessible at www.doi.gov/ocio/records/policy/policies.htm.

Current policy based on National Archives and Records Administration regulations (36 CFR Part 1234.24, Standards for Managing Electronic Mail Records) requires that **all official electronic records should be printed out in hard copy and filed in the official paper recordkeeping system.** Only after this is done can you delete the electronic version, if you no longer need the electronic version.

**Official Records:** E-mail documents ARE official records when they:

- Are created or received in the transaction of agency business and
- Are appropriate for preservation as evidence of the government's function and activities; or
- Are valuable because of the information they contain

**Not Official Records:** E-mail documents ARE NOT official records when they:

- Provide no evidence of agency functions and activities
- Lack information of value
- Duplicate information already documented in existing records

If an e-mail message meets the above criteria as an official record, the message **(including all attachments and transmission information)** must be printed to paper and filed according to the agency's recordkeeping system.

Special Instructions – Cobell: Because of the Cobell v. Norton litigation, special instructions apply for printing and deleting e-mail messages related to this case. Included in electronic records that must be printed and filed are all e-mail messages (with all attachments) that relate to:

- Cobell v. Norton litigation
- American Indian trust reform activities
- Administration of Individual Indian Money (IIM) accounts

**E-mail messages relating to one of these three areas may be electronically deleted only after you have been notified by either your e-mail system administrator or your CIO that your regular system backup or another approved method has captured the electronic copy.**

Supervisors and managers must ensure that all employees and others who may handle Federal records (including contractors, interns, students, and volunteers) receive this memorandum and are complying with this policy. If you have additional questions about this guidance, please contact your bureau/office Records Officer first, and, if questions remain, contact the Departmental Records Officer, Mr. Ed McCeney, at (202) 208-3321.

# Exhibit 3

Ted Richardson 07/13/2004 07:06

To: OHA-All
cc:

Subject: ALL EMPLOYEE MESSAGE Nationwide - Responsibility for Maintaining Electronic-Mail (E-mail) Records

(Supervisors, please ensure that employees without access to e-mail receive a paper copy of this message.)

Memorandum

To: All Employees

From: J. Steven Griles, Deputy Secretary /s/

Subject: Responsibility for Maintaining Electronic-Mail (E-mail) Records

This memorandum is to remind all employees and Federal contractors of their responsibility for preserving, protecting and maintaining official records created or received using electronic mail (e-mail). IRM Bulletin 96-06, 7/25/96, Policy and Guidance for Managing the Creation, Retention, and Disposition of Electronic Documents provides Department-wide policy and guidance for managing electronic records (including e-mail records). This policy is accessible at www.doi.gov/ocio/records/policy/policies.htm.

Current policy based on National Archives and Records Administration regulations (36 CFR Part 1234.24, Standards for Managing Electronic Mail Records) requires that all official electronic records should be printed out in hard copy and filed in the official paper recordkeeping system. Only after this is done can you delete the electronic version, if you no longer need the electronic version.

Official Records: E-mail documents ARE official records when they:

- Are created or received in the transaction of agency business and
- Are appropriate for preservation as evidence of the government's function and activities; or
- Are valuable because of the information they contain

Not Official Records: E-mail documents ARE NOT official records when they:

- Provide no evidence of agency functions and activities
- Lack information of value
- Duplicate information already documented in existing records

If an e-mail message meets the above criteria as an official record, the message (including all attachments and transmission information) must be

printed to paper and filed according to the agency's recordkeeping system.

Special Instructions – Cobell: Because of the Cobell v. Norton litigation, special instructions apply for printing and deleting e-mail messages related to this case. Included in electronic records that must be printed and filed are all e-mail messages (with all attachments) that relate to:

- Cobell v. Norton litigation
- American Indian trust reform activities
- Administration of Individual Indian Money (IIM) accounts

E-mail messages relating to one of these three areas may be electronically deleted only after you have been notified by either your e-mail system administrator or your CIO that your regular system backup or another approved method has captured the electronic copy.

Supervisors and managers must ensure that all employees and others who may handle Federal records (including contractors, interns, students, and volunteers) receive this memorandum and are complying with this policy. If you have additional questions about this guidance, please contact your bureau/office Records Officer first, and, if questions remain, contact the Departmental Records Officer, Mr. Ed McCeney, at (202) 208-3321.

# Exhibit 4

TAKE PRIDE IN AMERICA

LAN TEAM/NBC/OS/DOI
10/26/2006 01:03 PM

To
cc
bcc DOI_Nationwide
Subject DOI Nationwide - Reminder Regarding Cobell Court Orders

(Note to Supervisors: Please ensure employees without email access receive a paper copy of this message.)

To: All Department of the Interior Employees

From: Associate Deputy Secretary //James E. Cason//

Subject: Reminder Regarding *Cobell* Court Orders

There have been many articles in the press about this litigation, specifically regarding settlement efforts and appellate activity. This is a reminder that the case is ongoing, and that court orders entered in this case that have not been overturned on appeal are still valid and binding.

You must continue to abide by ongoing court orders and by the previous written guidance issued by the Department explaining and interpreting those orders. For example, these orders include:

1. The anti-retaliation order of May 21, 1999, which prohibits the Department from "taking any retaliatory action, or making threats of such action" against witnesses or persons named as potential witnesses who provide information or testimony in the Cobell litigation.

2. The document retention order of August 12, 1999, which requires the retention of "all documents and data relating to Individual Indian Money trust funds and Individual Indian trust assets." The Department issued specific guidance regarding the printing and filing of electronic mail, which is still in effect.

3. The communication order of December 23, 2002, which prohibits communication "through the United States mail or any other mode of communication, with any class member in this litigation regarding this litigation or the claims involved therein, except as specifically permitted by order of [the] Court . . . [but the order] does not prohibit defendants from communicating with class members in the ordinary course of business on routine matters unrelated to the [Cobell] litigation."

Regarding recent appellate activity, the Court of Appeals vacated the injunction entered by the district court on October 20, 2005. That injunction had required the Department of the Interior to disconnect all Information Technology systems that house or provide access to Individual Indian Trust Data, from the Internet, from all intranet connections, and from all other Information Technology systems. You should not assume, however, that the order vacating that injunction removed the prohibitions on connectivity that have been in effect since 2001.

In addition, the Government moved for reassignment of this case to a different district court judge on August 15, 2005. The United States Court of Appeals granted the motion on July 11, 2006. The plaintiffs have begun the procedural process to ask the Supreme Court to review the reassignment decision. Accordingly, the order granting reassignment is not final at this time and the case has not yet been reassigned.

If you have questions regarding compliance with ongoing court orders, please contact your supervisor or the Office of the Solicitor.

# Exhibit 5

# United States Department of the Interior

OFFICE OF THE SOLICITOR

MAR 1 2 2007

MEMORANDUM

To: Office of the Secretary
Office of the Solicitor
Office of the Special Trustee
Office of Historical Trust Accounting
Office of the Inspector General
Office of Assistant Secretary - Indian Affairs
Bureau of Indian Affairs
Office of Assistant Secretary - Policy, Management, and Budget
Office of Hearings and Appeals
Office of Assistant Secretary - Land and Minerals
Minerals Management Service
Office of Surface Mining
Bureau of Land Management
Office of Assistant Secretary - Fish, Wildlife, and Parks
Fish and Wildlife Service
Office of Assistant Secretary - Water and Science
Bureau of Reclamation
U.S. Geological Survey

From: Lawrence J. Jensen
Deputy Solicitor

Subject: Litigation Hold: Preservation of Information in Tribal Trust Cases

As you may know, eighty Tribal plaintiffs, including some Indian groups that are not federally recognized, recently filed actions against the Department of the Interior ("Department") asserting claims of breach of trust and/or asset mismanagement (collectively, "Tribal Trust cases"). This gives rise to an extremely important obligation under Federal law to preserve material that is or may be relevant to the Tribal Trust cases.

The purpose of this Litigation Hold is to inform you of the scope of this obligation and what actions are required to comply with it. The preservation of information will primarily be carried out by individual employees and contractors (any reference herein to "employees" includes contractor employees). **Therefore, it is imperative that a copy of this Litigation Hold reaches every employee who may possess relevant information in your bureau or office.**

**Information To Be Preserved:**

The information that must be preserved consists of all "documents, data, and tangible things" in the possession, custody, or control of your bureau or office that are or may be relevant to the subject matter of the Tribal Trust cases. "Documents, data, and tangible things" encompass paper documents, electronically stored information (discussed below), and other materials, such as maps, videos, calendars, charts, and similar items.

Attached is a list identifying the individual Tribal plaintiffs whose information must be preserved. Additionally, the Native American Rights Fund has filed an action purporting to be on behalf of all other Tribes that received materials as part of the Tribal Reconciliation Project. Therefore, this Litigation Hold covers information concerning any Tribe or group of Indians for which the Department administers or has administered assets in trust.

The Tribal Trust cases concern the management and accounting of tribal resources and funds held in trust by the Department. Accordingly, information that is or may be relevant to these cases includes, without limitation, anything reflecting, referring or relating to:

1. any asset, such as funds, land, minerals, forestry, sand and gravel, or other resources, that is, or at any time has been, held in trust by the United States or its agents for Tribes or Indian groups ("trust asset");
2. policies, procedures, guidelines, or correspondence relating to any aspect of the management or administration of trust assets;
3. proceeds, interest, or income from trust assets; or disbursement, distribution, disposition or transfer of any trust assets;
4. reports, appraisals, reconciliations, or evaluations of any trust assets; and
5. information that serves to identify, locate, or link any relevant information, such as file inventories, file folders, and indices.

The timeframe of information that must be preserved is from a yet-to-be-determined beginning date through the present, which means that information created in the future must also be preserved.

**General Preservation Requirements:**

Employees are required to take "reasonable steps" to preserve the information described above. Reasonable steps, at a minimum, include ensuring that information is not purged pursuant to a records disposition schedule or otherwise inadvertently destroyed. This obligation also extends to records maintained in off-site storage facilities, which may include, in some instances, Federal Records Centers. At the present time, this obligation is only to identify and preserve the information. You will be notified if anything additional is required as the Tribal Trust cases proceed.

**Preservation of Electronically Stored Information ("ESI"):**

Under new amendments to the Federal Rules of Civil Procedure, the preservation requirement explicitly relates to electronically stored information. ESI can include, but is not limited to:

- E-mail (including attachments);
- Instant messages;
- Electronic calendars, task lists, and other organizational aids;
- Word processing documents;
- Spreadsheets;
- Databases;
- Audio and video recordings; and
- Voicemail.

ESI may be located on network systems and servers; local hard drives, laptops, storage media, (including flash drives, diskettes, and CD-ROMs), as well as on PDAs (such as Blackberries) and cell phones. Note that home computers, cell phones, and other devices used for work may also contain relevant or potentially relevant information that must be identified and preserved. Further, the hard drive and network files of departing employees must be identified and preserved.

Your IT personnel will be responsible for taking steps to preserve ESI from a technical standpoint. Employees should seek assistance from the IT personnel as necessary to preserve their ESI, and in no case should they delete any relevant information.

**Conclusion:**

Immediate compliance with this Litigation Hold is essential to protect the Department from lengthy—and avoidable—discovery disputes that consume bureau time and resources and other negative consequences, such as monetary sanctions and evidentiary inferences that would limit the Department's ability to defend against the claims in the cases. This Litigation Hold also protects individual managers and employees by providing them basic guidance on how to comply with their legal requirements.

Thank you for your prompt attention to this matter. Please direct any questions about this memorandum to Paul Smyth, Counselor to the Solicitor, (202-208-4307).

Attachment

**Tribes and Indian Groups with Pending Tribal Trust Cases (As of 3/06/2007)**

Ak-Chin Indian Community

Alabama Quassarte Tribal Town

Assiniboine & Sioux

Gros Ventre Tribe and Assiniboine Tribe

Blackfeet Tribe of the Blackfeet Indian Reservation

Cheyenne River Sioux Tribe

The Chickasaw Nation and Choctaw Nation

Chippewa Cree ("Pembina")

Chippewa Cree Tribe of the Rocky Boy's Reservation

Coeur d'Alene Tribe

Colorado River Indian Tribes

The Confederated Tribes of the Colville Reservation

Confederated Tribes of the Goshute Reservation

Confederated Tribes of the Warm Springs Reservation of Oregon

Crow Creek Sioux Tribe

Delaware Tribe of Indians and The Delaware Trust Board

Delawares of Idaho, Inc.

Eastern Shawnee Tribe of Oklahoma

Gila River Indian Community

Haudenosaunee, Onondaga Nation

Hoopa Valley Tribe

Hopi Tribe

Iowa Tribe of Kansas and Nebraska

Jicarilla Apache Nation

Kaw Nation of Oklahoma

Makah Indian Tribe of the Makah Indian Reservation

Miami Tribe of Oklahoma

Muscogee (Creek) Nation of Oklahoma

Navajo Nation

Nez Perce, et al (Class Action)
- Mescalero Apache Tribe
- Tule River Indian Tribe
- Hualapai Tribe
- Yakama Nation
- Klamath Tribes
- Yurok Tribes
- Cheyenne-Arapaho Tribe
- Sac and Fox Nation
- Santee Sioux Tribe of Nebraska

Nez Perce Tribe

Northern Cheyenne Tribe of Indians

Northwestern Band of Shoshone Indians

Oglala Sioux Tribe

Omaha Tribe of Nebraska

Osage Nation and/or Tribe of Indians of Oklahoma

Otoe-Missouria Tribe of Indians of Oklahoma

Paiute-Shoshone Indians of the Bishop Community of the Bishop Colony, California

Passamaquoddy Tribe of Maine

Pawnee Nation of Oklahoma

Pechanga Band of Luiseno Mission Indians of California

Ponca Tribe of Indians of Oklahoma

Prairie Band of Potawatomi Nation

Pueblo of Laguna

Pueblo of Santa Ana

Quechan Tribe of the Fort Yuma Indian Reservation

Red Cliff Band of Lake Superior Chippewa Indians

Rosebud Sioux Tribe

Round Valley Indian Tribes

Salt River Pima-Maricopa Indian Community

San Manuel Band of Serrano Missions Indians

Seminole Nation of Oklahoma

Shoshone-Bannock Tribes of the Fort Hall Reservation

The Shoshone Indian Tribe and Northern Arapaho Tribe of the Wind River Reservation, Wyoming

Eastern Shoshone Tribe and Northern Arapaho Tribe

Soboba Band of Luiseno Indians

Sokaogon Chippewa Community (aka Mole Lake Band of Lake Superior Chippewa Indians)

Standing Rock Sioux

Stillaguamish Tribe of Indians

Swinomish Indian Tribal Community

Te-Moak Tribe of Western Shoshone Indians (Class Action)

Three Affiliated Tribes of the Fort Berthold Reservation

Tohono O'odham Nation

Tonkawa Tribe of Indians of Oklahoma

United Keetoowah Band of Cherokee Indians in Oklahoma.

Ute Indian Tribe of the Uintah and Ouray Reservation

Winnebago Tribe of Nebraska

Wyandot Nation of Kansas

Yankton Sioux

Yomba Shoshone Tribe

# Exhibit 6

Andy
Joe
Ashley
Tisha
Lena

THE ASSOCIATE DEPUTY SECRETARY OF THE INTERIOR
WASHINGTON, D.C. 20240

MAY 5 2005

Memorandum

To: Director, Bureau of Indian Affairs
Director, Office of Indian Education Programs
Director, Office of Law Enforcement Services
Regional Directors, BIA
Central Office Directors, BIA
Agency Superintendents, BIA

From: James E. Cason *James E Cason*
Associate Deputy Secretary

Subject: ASIA Records Backlog Project

Attached please find a memorandum from the Assistant Deputy Secretary regarding the shipment of inactive records to the Office of Trust Records facility, the American Indian Records Repository (AIRR), in Lenexa, Kansas. This memorandum is to direct your compliance with the request from the Office of Trust Records (OTR). It is important that we adequately protect our records and moving them to the state-of-the-art records archive in Kansas is the best way to do that.

As the attached memorandum indicates, inactive records are those records that have met their retention date according to the approved 16 BIAM Records Schedule. I am concerned that there appears to be a considerable number of cubic feet (i.e., boxes) of inactive records at field locations and the number is continuing to grow, creating a backlog situation. I am very interested in seeing that as many inactive records as possible are moved to safe and secure storage at AIRR. However, if you have records which have met the retention date according to the Records Schedule but the records are still being used on a regular basis for conducting current business and the BIA/OIEP line officers do not want to send them to the AIRR, then they can be retained onsite, but the line officers must certify this in writing to the Director, OTR.

To expedite the retirement of these inactive records, OTR has modified the normal retirement of inactive record procedures for this records backlog project only. The procedures are attached. OTR will be contacting each field location to schedule a time when OTR can come to that location to assist in the preparation of the records for shipment to the Annex. **However, each field office should not wait for OTR to assist in the preparation of inactive records for shipment to the Annex/AIRR. Field offices should begin the preparation as soon as possible.**

Each BIA/OIEP regional and agency program should have a designated Records Contact who is familiar with and/or aware of their program's records and the attached procedures. OTR is requesting that the Records Contact or designee for each OST IIM program office be available during the scheduled project time. OTR's Regional Records Liaisons and other staff will be available to assist your offices in meeting our shared goal of retiring these records.

The attached procedures provide specific instructions and list the responsibilities for BIA, the Office of Indian Education Programs and OTR. BIA/OIEP program offices may contact their Regional Records Liaison or OTR Albuquerque for any questions relating to this project. OTR will coordinate all aspects of the records backlog project with BIA/OIEP regions and agency offices and will pay all shipping costs.

I appreciate your personal support and cooperation in retiring these inactive records from the field to AIRR in Lenexta, Kansas. Questions regarding this project can be directed to the Director, OTR, Ms. Ethel Abeita at (505) 816-1600.

Attachments

cc: Director, OTR ✓

# Exhibit 7

United States Department of the Interior

OFFICE OF THE SPECIAL TRUSTEE FOR AMERICAN INDIANS
Albuquerque, NM 87109

TAKE PRIDE IN AMERICA

Division of Records Management Policies, Procedures and Training

MAR 22 2006

Memorandum

To: Director, Bureau of Indian Affairs (BIA)
Director, Office of Indian Education Programs
Deputy Director, Office of Law Enforcement Services

Through: Chief Information Officer, Office of the Special Trustee for American Indians

From: Director, Office of Trust Records

Subject: ASIA Records Backlog Project

This memorandum is to request that you remind and direct BIA Line Officers to continue the preparation of all inactive records for shipment to the Office of Trust Records (OTR), Lenexa Annex. As you may recall, the Associate Deputy Secretary issued a directive in May 2005 directing compliance with this initiative. At that time, instructions were provided by OTR on how the inactive records should be prepared. We are finding that BIA offices are not preparing records prior to arrival of OTR's contractor and this is causing delays to the project.

As you may recall, BIA offices, with accumulations of 200 boxes or more of backlogged inactive records, have the option of preparing the records for shipment themselves or using OTR's contractor to prepare the inactive records for shipment. Remember, backlog inactive records are those records that have met the retention date under the approved Indian Affairs Records Schedules (16 BIAM Records Schedule and updates). It is very costly to store inactive records in office space and it is the objective of this project to centrally store and properly protect all inactive Indian records in archival quality space. Please be aware that copies of records can be requested at any time and copies will be provided by OTR staff at the American Indian Records Repository (AIRR).

Once the records arrive at Lenexa, they will be electronically indexed and accessioned into the AIRR for permanent storage. OTR provides each BIA office sending records with a completed Standard Form 135 and an index of the boxes of records retired. OTR's Regional Records Liaisons (RRL) will be contacting each BIA location with 200 or more boxes of inactive records to schedule an appointment to meet with program managers in order to provide guidance in the preparation of the records. The RRL will provide written instructions at this meeting and be available to answer questions.

4400 Masthead N.E.

BIA may contact their respective RRL or OTR Albuquerque staff for any questions related to this project. OTR will coordinate all aspects of the backlog inactive records project with BIA regions and agency offices and will pay all shipping costs.

Where records which have met the retention dates but are still being used on a regular basis for conducting current business and the BIA program manager cannot yet send the records to the AIRR, the program manager must prepare a "Records Retention Certification" providing information on the volume and where the records will be stored. The attached form should be used (see Attachment 1). Additionally, all file folders containing records that are retained must be re-labeled in accordance with the applicable updated records schedule. In other words, all file folders containing records that will be retained in the field must be labeled in compliance with the applicable updated records schedules. This includes all records that are listed in the certification to the OTR Director.

We appreciate your personal support in meeting the expectations of the Associate Deputy Secretary that all inactive records be expeditiously retired from the field to the AIRR in Lenexa, Kansas. Questions regarding this project may be directed to the Director, Ms. Ethel Abeita at 505-816-1600.

Attachments

cc: Assistant Secretary – Indian Affairs
Special Trustee, Office of the Special Trustee for American Indians
Acting, Deputy Assistant Secretary for Information Resources Management – Indian Affairs
Director, Office of Information Policy – Indian Affairs
Central Office Directors
Regional Directors

# ATTACHMENT 1

## INSTRUCTIONS FOR COMPLETING IARM FORM 4010-RECORDS RETENTION CERTIFICATION (Complete one form for each record series and Program)

The Certification Form must be prepared by each program retaining records at the agency or regional location and signed by the appropriate office head. (E.g., Agency Superintendent, Regional Director, or designee). This form is available on the BIA Intranet.

All file folders for inactive records (records that have met their retention date) being retained must be labeled in accordance with the updated and applicable records schedule and cannot be labeled using the 1989 16 BIAM Records Schedule.

**Section 1 – Responsible Official Information**

Items a-e, insert date, last name, first name and middle initial and title of the program manager retaining the records.

Item f, the program office (such as realty or forestry), must be identified. Include your region and agency if applicable.

Item g, include the office STREET address.

Item h and i, include a telephone and fax number of the program manager who is requesting these records be approved for retention.

**Section 2 – Records Information**

Item a, include the records series number.

Item b, include the volume of the records in cubic feet. (Cubic ft = 1 ½ letter vertical size filing cabinet drawer).

Item c, include the date range of the records from open to cut off dates.

Item d, check appropriate box for Trust or not.

Item e, state why these records need to be kept at the program office past their retention.

**Section 3 – Records Holding Facility Information**

Item a, identify the physical location where these records are stored. (Please provide the exact physical STREET address).

Item b, if records identified in Section 2d are Trust records, check **No or Yes** if they are stored in locking fireproof cabinets. If they were not identified as Trust records, check N/A for not applicable.

Item c, check all conditions that apply.

Item d, indicate by checking **No or Yes** if these records are stored near any of the conditions listed and indicate which conditions are applicable.

Item e, indicate by checking **No or Yes** if these records are at risk through continual use. Describe the current condition of the records.

Item f, indicate by checking **No or Yes** if there is sufficient room for storing these records in their current location.

Item g, program manager's signature and date certifying these records are still needed and used on a regular basis for conducting current business.

**Section 4 – Superintendent Concurrence**

Enter superintendent's name and date (if applicable) and obtain signature indicating he/she concurs with the program manager's certification.

**Section 5 – Region or Central Office Director Concurrence**

Enter regional or central office director name and date and obtain signature indicating he/she concurs with the Superintendent or the Program Manager's certification.

Attachment 1

UNITED STATES
DEPARTMENT OF THE INTERIOR
Office of Trust Records
RECORDS RETENTION CERTIFICATION

**1. RESPONSIBLE OFFICIAL INFORMATION**

| a. Date: | b. Last Name: | c. First Name: | d. MI: | e. Title: |
|---|---|---|---|---|
| | | | | |

f. Program Office: (Include regional office or agency name)

g. Office Street Address:

h. Office Telephone

i. Office Fax:

**2. RECORDS INFORMATION**

| a. Record Schedule or Series Number? | b. Volume: (Cubic Feet) | c. Date Range: |
|---|---|---|
| | | |

d. Are these Trust Records? ☐ No ☐ Yes

e. Justification: (Please state why it is necessary that records be kept at your location)

**3. RECORD HOLDING FACILITY INFORMATION**

a. Physical location (street address) where records are stored:

b. If these records are trust records, are they stored in locking fire proof cabinets?
☐ Yes ☐ No ☐ N/A

c. Does the room have the following? (check all that apply)
☐ Sprinkler System ☐ Fire Alarm
☐ Smoke Detector ☐ Climate Control with Limited Humidity

d. Are the records stored near overhead water pipes, electrical equipment, excessive heat, humidity or in locations where rodents have been known to exist?
☐ No
☐ Yes (If yes, please indicate which conditions are applicable)

e. Are any of these records at risk through continual use (worn appearance, faded print, brittleness, discoloration of paper torn, marked up, taped, falling apart, water damaged or in last use condition)
☐ No
☐ Yes (If yes, describe the records current condition)

f. Is there sufficient room for storing these records in their current location? ☐ Yes ☐ No

**g. I certify that these records have met the retention date established in the Indian Affairs Records Schedule, Indian Fiduciary Financial Record Schedule or the General Record Schedule (circle one) but are still needed and used on a regular basis for conducting current business.**

Program Manager Name ____ Program Manager Signature ____ Date:

**4. SUPERINTENDENT CONCURRENCE (If applicable)**

Superintendent Name ____ Superintendent Signature ____ Date:

**5. REGIONAL OR CENTRAL OFFICE DIRECTOR CONCURRENCE**

Regional or Central Office Director Name ____ Regional or Central Office Director Signature ____ Date:

IARM Form 4010, (September 2005)

05/22/2007 13:15 FAX 2022190559 DOI ☑010
05-22-07 10:39 From-OST-Office of Trust Records 505 816 1612 T-483 P.009/010 F-644

Atty copy

United States Department of the Interior
OFFICE OF THE SPECIAL TRUSTEE FOR AMERICAN INDIANS
Albuquerque, NM 87109

TAKE PRIDE IN AMERICA

Division of Records Management Policies, Procedures and Training

FEB 01 2007

Memorandum

To: Director, Bureau of Indian Affairs (BIA)
Director, Bureau of Indian Education Programs
Deputy Director, Office of Law Enforcement Services

Through: Principal Deputy Special Trustee, Office of the Special Trustee for American Indians

From: Chief Information Officer, Office of the Special Trustee for American Indians

Subject: Assistant Secretary - Indian Affairs Records Backlog Project

This memorandum is to request that you remind and direct BIA Line Officers to continue the preparation of all inactive records for shipment to the Office of Trust Records (OTR) at the Annex in Lenexa, Kansas. As you may recall, the Associate Deputy Secretary issued a directive in May 2005 directing compliance with this initiative. At that time, instructions were provided by OTR on how the inactive records should be prepared. We are finding that BIA offices are not preparing records prior to arrival of OTR's contractor and this is causing delays to the project.

BIA offices have the option of preparing inactive records for shipment themselves or using OTR's contractor. Remember, backlog inactive records are those records that have met the retention date under the approved Indian Affairs Records Schedules (16 BIAM Records Schedule and updates). It is very costly to store inactive records in office space and it is the objective of this project to centrally store and properly protect all inactive Indian records in archival quality space. Please be aware that copies of records can be requested at any time and copies will be provided by OTR staff at the American Indian Records Repository (AIRR).

Once the records arrive at Lenexa, they will be electronically indexed and accessioned into the AIRR for permanent storage. OTR provides each BIA office with a completed Standard Form 135 and an index of the boxes of records retired. OTR's Regional Records Liaisons (RRLs) will be contacting each BIA location with inactive records to schedule an appointment to meet with program managers in order to provide guidance in the preparation of the records. The RRL will provide written instructions at this meeting and will be available to answer questions.

BIA may contact their respective RRL or OTR Albuquerque staff for any questions related to this project. OTR will coordinate all aspects of the backlog inactive records project with BIA regions and agency offices and will pay all shipping costs.

4400 Masthead N.E.

Where records which have met the retention dates are still being used on a regular basis for conducting current business and the BIA program manager cannot yet send the records to the AIRR, the program manager **must** prepare a "Records Retention Certification" providing information on the volume and where the records will be stored. The attached form should be used (see Attachment 1). Additionally, all file folders containing records that are retained must be re-labeled in accordance with the applicable updated records schedule. In other words, all file folders containing records that will be retained in the field must be labeled in compliance with the applicable updated records schedules. This includes all records that are listed in the certification to the OTR Director.

We appreciate your personal support in meeting the expectations of the Associate Deputy Secretary that all inactive records be expeditiously retired from the field to the AIRR in Lenexa, Kansas. Questions regarding this project may be directed to the Director, Ms. Ethel Abeita at 505-816-1600.

Attachments

cc: Assistant Secretary – Indian Affairs
Special Trustee, Office of the Special Trustee for American Indians
Acting Chief Information Officer – Indian Affairs
Director, Office of Information Policy – Indian Affairs
Central Office Directors
Regional Directors

# Exhibit 7 A

alley copy

# United States Department of the Interior

OFFICE OF THE SPECIAL TRUSTEE FOR AMERICAN INDIANS
Albuquerque, NM 87109

TAKE PRIDE IN AMERICA

Division of Records Management Policies, Procedures and Training

FEB 01 2007

Memorandum

To: Director, Bureau of Indian Affairs (BIA)
Director, Bureau of Indian Education Programs
Deputy Director, Office of Law Enforcement Services

Through: Principal Deputy Special Trustee, Office of the Special Trustee for American Indians

From: Chief Information Officer, Office of the Special Trustee for American Indians

Subject: Assistant Secretary - Indian Affairs Records Backlog Project

This memorandum is to request that you remind and direct BIA Line Officers to continue the preparation of all inactive records for shipment to the Office of Trust Records (OTR) at the Annex in Lenexa, Kansas. As you may recall, the Associate Deputy Secretary issued a directive in May 2005 directing compliance with this initiative. At that time, instructions were provided by OTR on how the inactive records should be prepared. We are finding that BIA offices are not preparing records prior to arrival of OTR's contractor and this is causing delays to the project.

BIA offices have the option of preparing inactive records for shipment themselves or using OTR's contractor. Remember, backlog inactive records are those records that have met the retention date under the approved Indian Affairs Records Schedules (16 BIAM Records Schedule and updates). It is very costly to store inactive records in office space and it is the objective of this project to centrally store and properly protect all inactive Indian records in archival quality space. Please be aware that copies of records can be requested at any time and copies will be provided by OTR staff at the American Indian Records Repository (AIRR).

Once the records arrive at Lenexa, they will be electronically indexed and accessioned into the AIRR for permanent storage. OTR provides each BIA office with a completed Standard Form 135 and an index of the boxes of records retired. OTR's Regional Records Liaisons (RRLs) will be contacting each BIA location with inactive records to schedule an appointment to meet with program managers in order to provide guidance in the preparation of the records. The RRL will provide written instructions at this meeting and will be available to answer questions.

BIA may contact their respective RRL or OTR Albuquerque staff for any questions related to this project. OTR will coordinate all aspects of the backlog inactive records project with BIA regions and agency offices and will pay all shipping costs.

Where records which have met the retention dates are still being used on a regular basis for conducting current business and the BIA program manager cannot yet send the records to the AIRR, the program manager **must** prepare a "Records Retention Certification" providing information on the volume and where the records will be stored. The attached form should be used (see Attachment 1). Additionally, all file folders containing records that are retained must be re-labeled in accordance with the applicable updated records schedule. In other words, all file folders containing records that will be retained in the field must be labeled in compliance with the applicable updated records schedules. This includes all records that are listed in the certification to the OTR Director.

We appreciate your personal support in meeting the expectations of the Associate Deputy Secretary that all inactive records be expeditiously retired from the field to the AIRR in Lenexa, Kansas. Questions regarding this project may be directed to the Director, Ms. Ethel Abeita at 505-816-1600.

Attachments

cc: Assistant Secretary – Indian Affairs
Special Trustee, Office of the Special Trustee for American Indians
Acting Chief Information Officer – Indian Affairs
Director, Office of Information Policy – Indian Affairs
Central Office Directors
Regional Directors