UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NAVAJO NATION,<br>f.k.a. NAVAJO TRIBE OF INDIANS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 06-945 L<br>Judge Francis M. Allegra |

Defendant's Unopposed Motion for Enlargement of Time
to File its Proposed Record Retention Order Redline

Defendant, the United States, respectfully moves this Court for an enlargement of time of 14 days until August 17, 2007, to complete consultations with clients and negotiations with Plaintiff concerning Plaintiff's proposed record retention order and to file its proposed record retention order reline for consideration by the Court. This motion is Defendant's first such motion. Counsel for the Parties conferred by telephone on July 31 and August 1, 2007, about this motion, and Plaintiff's counsel does not oppose this motion. In support of its motion, Defendant states:

1) On May 22, 2007, Plaintiff filed its Motion for Entry of Record Retention Order ("RRO") and supporting brief (collectively, "Motion").

2) Pursuant to this Court's order of June 5, 2007, Defendant filed its Opposition to Plaintiff's Motion on June 21, 2007.

3) Oral argument on Plaintiff's Motion took place on July 19, 2007.

4) At the conclusion of the July 19, 2007 argument , the Court ordered that Plaintiff submit to Defendant a proposed RRO and that the Parties negotiate the terms of

that document to the extent possible.

5) The Court further ordered that the Plaintiff should file, by August 3, 2007, its proposed RRO reflecting its negotiations with Defendant. Similarly, the Court ordered Defendant to file its redline version of the RRO on the same date, to identify where differences persisted.

6) During the week of July 23, 2007, Plaintiff submitted its proposed RRO to Defendant.

7) On July 31, 2007, counsel for the Parties participated in a 2 ½ hour conference call in which they discussed issues associated with specific terms of Plaintiff's proposed order and certain threshold objections presented by Defendant.

8) During those discussions, various alternative language was discussed by the Parties and Defendant agreed to take several matters raised to Defendant's agency clients, primarily, the United States Department of the Interior including the various BIA Navajo Agencies, the BIA Navajo Regional Office, and the Office of the Special Trustee, as well as the National Archives and Records Administration, the Nuclear Regulatory Commission, the Department of Energy, and the Department of the Treasury including the Financial Management Service and the Bureau of Public Debt.

9) Given certain observations provided by the Court during oral argument that it would likely enter an RRO of some sort in this case, Defendant is in the process of communicating with the various agencies and offices noted in paragraph 8 concerning Plaintiff's proposed RRO and the discussions held by the Parties thus far.

10) As noted above, Plaintiff's proposed RRO and Defendants redline is currently due on Friday, August 3.

11) Defendant needs additional time to confer with the aforenoted clients concerning certain of the alternatives and issues discussed between the Parties on July 31. This includes proposed RRO multi-part sections concerning "Document Inspection and Production" and respective deadlines as well as the "Indexation" provision of the proposed RRO.

12) Given the number of Defendant's agencies which may be affected by the order and the time associated with multiple consultations, Defendant needs additional time beyond August 3, to complete these tasks. Moreover, Defendant foresees the need for further discussions with Plaintiff based upon Defendant's continuing discussions with its clients.

13) Completion of the necessary consultation process with the client representative agency representatives is expected to occupy the week of August 6 and most of the week of August 13, 2007.

14) Granting this motion for enlargement of time will not cause undue prejudice to the rights and interests of the Parties herein. Instead it will permit Defendant a reasonable opportunity to complete its consultation with client agencies affected by the proposed RRO. Moreover, it will allow the Parties to complete discussions concerning Plaintiff's proposed RRO.

15) Further, during the extension, there should be no adverse impacts to the documents potentially affected by any RRO issued by the Court, since movement of those documents will not occur until after the Court decides Plaintiff's motion

for entry of an RRO.

16) Undersigned counsel communicated with Plaintiff's counsel on August 1. Mr Alan Taradash indicated that he does not oppose Defendant's request for enlargement of time presented in this motion.

Based on all the foregoing, Defendant, the United States, respectfully requests the Court to grant Defendant's motion for a 14-day extension, to and including August 17, 2007, of the deadline by which Defendant is to file its proposed RRO mark-up.

Respectfully submitted,
RONALD J. TENPAS
Assistant Attorney General

s/Robert W. Rodrigues
ROBERT W. RODRIGUES
Trial Attorney
JOHN H. MARTIN
Trial Attorney
LAURA MAROLDY
Trial Attorney
E. KENNETH STEGEBY
Trail Attorney
United States Department of Justice
Environment and Natural Resources
Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: 202.353.8839
Facsimile: 202.305.0506
Email: robert.rodriques@usdoj.gov

Of Counsel:

Rachel Howard
Office of the Chief Counsel
Financial Management Service

United States Department of the Treasury

Gladys Orr Cojocari
Thomas Kearns
Candace Beck
Office of the Solicitor
United States Department of the Interior
1849 C Street, NW
Washington, DC 20240