# UNITED STATES COURT OF FEDERAL CLAIMS

NAVAJO NATION )
f.k.a. NAVAJO TRIBE OF INDIANS, )
)
Plaintiff, )
)
v. ) No. 06-945 L
) Judge Francis M. Allegra
UNITED STATES OF AMERICA, )
)
Defendant. )

## RECORD RETENTION ORDER

THIS MATTER comes before the court on plaintiff's Motion for Entry of Record Retention Order. The court has reviewed the motion, additional filings of the parties, relevant facts, and governing law, and finds that good cause exists for approval and entry of the proposed Record Retention Order. Therefore, plaintiff's motion is hereby **GRANTED**. Pursuant to RCFC 16(c) and 26(c), as well as this court's inherent power to regulate its proceedings and maintain the integrity of its functions, **IT IS ORDERED**:

1. **General Obligation to Preserve.** During the pendency of this litigation or until further order of the court, defendant and its departments, agencies, employees, agents, and contractors must take reasonable steps to preserve every document, datum, or tangible thing in its possession, custody, or control containing information that is relevant to, or may reasonably lead to the discovery of information relevant to, the subject matter involved in the pending litigation ("Navajo Trust Record"). Plaintiff is reminded that it also has a similar duty to preserve evidence relevant to this case. Defendant shall issue and implement policies, procedures, and controls for all of its departments, agencies, employees, agents, and contractors that may handle Navajo Trust Records to ensure retention and retrievability of all Navajo Trust Records.

2. **Document Inspection and Production.**

(a) In order to minimize the risk of loss or damage to Navajo Trust Records that is inherent when moved or relocated, defendant shall make available to plaintiff for purposes of inspection, inactive Navajo Trust Records of the following offices at those offices: the Bureau of Indian Affairs ("BIA") Navajo Regional Office, the BIA Chinle Agency, the BIA Fort Defiance Agency, the BIA Western Navajo Agency, the BIA Eastern Navajo Agency, and the BIA Shiprock Agency, and any predecessor offices therefor (collectively, "BIA Navajo Offices"); the American Indian Records Repository ("AIRR") in Lenexa, Kansas or other federal record centers; and the

Exhibit 1

Office of Trust Records ("OTR") or the Office of the Special Trustee ("OST") in Albuquerque, New Mexico.

(b) After reviewing the above inactive records for privileged material, if necessary, defendant shall make those records available for plaintiff's inspection, in accordance with the following schedule:

(i) Within 63 days after entry of this Order, defendant shall provide plaintiff with any and all existing indices and inventories of inactive records or record boxes located at the above offices in the most useable form readily available.

(ii) Plaintiff shall designate boxes or records listed in the provided indices or inventories that plaintiff wishes to review for Navajo Trust Records at any time; provided that if defendant informs plaintiff in writing that it intends to move records to another location, plaintiff shall make designations for those records within 63 days after receiving such notice from defendant or within some other time as agreed to by the parties.

(iii) Within 63 days after the date on which plaintiff designates which boxes at one or more of the above offices it wishes to inspect, defendant will begin to make available, on a rolling basis, the boxes at such office(s) for plaintiff's inspection.

(c) Plaintiff generally shall have 63 days within which to inspect a designated record upon receiving notification from defendant that the designated record has become available for inspection, during which process plaintiff may identify relevant documents for production. This inspection period may be extended by agreement of the parties or by the court for good cause shown. Defendant shall provide to plaintiff copies or electronic images of the documents identified by plaintiff pursuant to this provision within such time as is agreed to by the parties; barring such agreement, the parties shall each file with the court their proposed schedule for the production of such copies or images, with an explanation in support thereof. For documents originating in media other than paper, defendant shall provide the document in a reasonably usable form, including any form reasonably requested by plaintiff, and also shall provide an opportunity to plaintiff to test or sample such documents upon reasonable request.

(d) At such time as the inactive records identified by plaintiff have been copied or imaged by defendant for production to plaintiff, defendant may move those records from the above offices in accordance with its formally approved procedures and protocols for the movement of Indian trust records. In addition, defendant may move any boxes designated by plaintiff from the above offices that plaintiff has not reviewed within three months from the date on which defendant made those boxes available under paragraph 2(b)(iii) for plaintiff's inspection. Defendant may, at any time, move boxes that have not been designated for inspection, according to formally

approved procedures and protocols for the movement of Indian trust records. Nothing herein prevents plaintiff from also seeking to inspect records from the above offices in whatever location they may be found in the future.

(e) The parties shall meet and confer to discuss a timetable to be used for defendant to make available to plaintiff for purposes of inspection active Navajo Trust Records of all of defendant's departments, agencies, employees, agents, and contractors and all inactive Navajo Trust Records at offices other than the BIA Navajo Offices, the AIRR in Lenexa, and OTR and OST in Albuquerque. Defendant, after reviewing the records for privileged material, if necessary, shall make the respective record collections available to plaintiff for purposes of inspection and designation. Unless otherwise agreed by the parties, defendant shall make such records available for plaintiff's inspection within 63 days of plaintiff's designation of them. Plaintiff shall inspect the trust records upon receiving notification from defendant that the records have become available for inspection. If plaintiff identifies relevant documents for production, defendant shall provide to plaintiff copies or electronic images of the documents, or other data in a reasonably usable form, within such time and in such format as agreed to by the parties.

(f) The parties shall attempt to reach agreement on all matters related to document inspection and shall coordinate inspection of Navajo Trust Records in a manner that will minimize the disruption of ongoing governmental activities.

3. **Indexation and Inventorying.**

(a) Within 120 days after entry of this order, defendant shall identify all potential repositories under defendant's control not addressed in section 2(b) above that may contain Navajo Trust Records and determine whether indices or inventories exist for each location. Defendant also shall have an ongoing duty to assist plaintiff in all practicable ways to identify Navajo Trust Records in defendant's record collections.

(b) Within the same time period or as the parties may agree, defendant shall provide to plaintiff any and all existing indices and inventories for such repositories in the most useful form readily available, except for indices and inventories previously provided pursuant to paragraph 2 of this Order. This includes without limitation Defendant's Box Inventory Search System ("BISS") database, which contains information on Indian trust records, including some Navajo Trust Records. Defendant also shall provide to plaintiff all manuals, training materials, and similar documents which describe the BISS database and its manner of operation and access.

(c) If Defendant is unable to provide plaintiff with document-level indices or inventories of the repositories containing Navajo Trust Records, then the parties shall meet and confer as soon as practicable about the possibility of using, as may be appropriate, a collection-by-collection approach, including on-site reviews, to address the sufficiency of existing indices or inventories and to discuss whether additional

indexation of specific record collections is necessary and the scope, timing, and method of any additional indexation or elaboration of inventories at each location based on the particular facts relating to each repository and record characteristics. Defendant shall provide additional indices or inventories of Navajo Trust Records promptly after creation of such additional indices or inventories.

(d) The parties shall cooperate in good faith to attempt to reach agreement on all issues regarding the indexation and inventorying of documents, data, and tangible things. These issues include, but are not necessarily limited to:

(i) the extent of the indexation and inventorying obligation, identifying the types of material to be indexed and inventoried, the subject matter, time frame, the authors and addressees, and key words to be used in identifying such materials;

(ii) the identification of persons responsible for carrying out the indexation or inventorying;

(iii) whether indexation or inventorying will require suspending or modifying any routine processes or procedures, with special attention to document-management programs and the recycling of computer data storage media;

(iv) the timing of the indexation or inventorying process in relation to the movement of records, and inspection thereof, envisioned in paragraph 2, above;

(v) the methods to index or inventory any volatile but potentially discoverable material, such as voicemail, active data in databases, or electronic messages;

(vi) the anticipated costs of indexation and inventorying and ways to reduce or share these costs; and

(vii) policies and procedures to review and modify the indexation and inventorying obligation as this case proceeds, eliminating or adding particular categories of documents, data, and tangible things.

4. **Compliance.** Defendant shall establish policies, procedures, and controls for monitoring compliance with this order and, on or before one year after entry of this order, file a status report with the court describing that mechanism. Defendant's counsel shall immediately notify this court if, at any time, they become aware of a violation of this order (e.g., the destruction or loss of documents).

5. **Definitions.** For purposes of this order:

(a) "Documents, data, and tangible things" is to be interpreted broadly to include writings; records; files; correspondence; reports; memoranda; calendars; diaries; minutes; electronic messages; voicemail; e-mail; telephone message records or logs; computer and network activity logs; hard drives; backup data; removable computer storage media such as tapes, disks, and cards; printouts; document image files; web pages; databases; data or data compilations stored in any medium; spreadsheets; software; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts; digital or chemical process photographs; video; phonographic tape; or digital recordings or transcripts thereof; drafts; jottings; and notes. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition.

(b) "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data, and tangible things reasonably anticipated to be subject to discovery under RCFC 26, 45, and 56(e) in this action. Preservation includes taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, mutation, negligent handling, or intentional mishandling of any documents, data, or tangible things, if such action would make that material incomplete or inaccessible.

6. **Further Instructions; Modification.** If, after counsel confer, unresolved issues remain but require resolution concerning matters arising under this order or other material aspects of preservation, inspection and production, or indexation and inventorying, the parties shall file with the court, within fourteen days of the relevant conference, a statement of the unresolved issues together with each party's proposal for their resolution. Either party also may apply to the court for further instructions regarding, inter alia: (a) defendant's obligation to preserve specific categories of documents, data, or tangible things; (b) any aspect of the inspection or indexation tasks not herein clearly defined; and (c) allocating copying costs and maintaining the confidentiality of information contained in various records. Recognizing that the parties may perceive better ways of accomplishing the purposes of this order, the court notes that joint motions to modify any of the procedures listed herein will likely be received favorably.

7. **Sanctions.** Failure to comply with this order may lead to the imposition of sanctions, as described in greater detail above.

8. **Dissemination.** This order shall be distributed by defendant to all relevant agencies, departments, offices, divisions, and individuals.

__________________________________

Francis M. Allegra
Judge