UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NAVAJO NATION,<br>f.k.a. NAVAJO TRIBE OF INDIANS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 06-945 L<br>Judge Francis M. Allegra |

**DEFENDANT UNITED STATES' NOTICE OF FILING ITS REDLINE TO PLAINTIFFS' PROPOSED RECORD RETENTION ORDER**

Pursuant to this Court's order of July 20, 2007 Defendant United States of America ("United States") hereby files its redline to Plaintiff's Proposed Record Retention Order (PRRO). The United States offers the following explanatory information to assist the Court's consideration of its redline:

(1) By filing its redline of Plaintiff's PRRO, Defendant is not waiving any of its arguments as presented in its Opposition filed on June 21, 2007 to Plaintiff's Motion for Entry of RRO ("Opposition").

(2) The United States has negotiated this PRRO in good faith and as directed by the Court. However, differences in language between the Parties remain as demonstrated by Defendant's redline. Defendant hereby advises the Court of its availability to present any information needed to explain the basis for any divergence in language between Plaintiff's PRRO and Defendant's redline.

(3) Most significantly, the Parties disagree as to the inclusion of "active" versus "inactive" records in any Navajo RRO. The government opposes inclusion of active records, as

defined by the various agencies potentially subject to such an RRO, based on the Court's ruling in Pueblo of Laguna v. United States, 60 Fed. Cl. 133 (2004).

In Pueblo of Laguna, Plaintiff sought to include active records in their proposed RRO. This Court rejected that inclusion. See id. at 140-141. The Court's decision was based in part on its concern with "unduly burden[ing] the operations of various agencies not only by impacting the day-to day movement of records but also by injecting plaintiff into agency process already designed to avoid the loss or destruction of records." Id. Inclusion of active records in any Navajo RRO would similarly burden agency operations, and defendant therefore urges the Court to exclude active documents from any Navajo RRO, just as it did in the Jicarilla and Laguna RROs.

In addition, Plaintiff has failed to meet the "significant risk of loss" test established in Laguna for active records. See id. at 137-138.[1/] Indeed, the only evidence that plaintiff presents in this context is the third party theft of CDs from Yakama tribal facilities over which defendant had no control, see Opposition at 20, and the discarding of one cubic foot of records and non-records (approximately one banker's box) from the Fort Defiance Bureau of Indian Affairs Agency on the Navajo Reservation. See id. at 19. Such evidence is on its face minimal, and thus deficient, and does not meet Plaintiff's "significant risk" burden as to the inclusion of active records in any Navajo RRO. On the foregoing basis, Defendant urges exclusion of active records here as the Court previously decided in Jicarilla and Laguna.

(4) Throughout the Government's redline, we have inserted as a modifier to inactive

---

[1/]Defendant also argues that Plaintiff has failed to discharge this burden for inactive records. See Defendant's Opposition at 27.

Relevant Records "inactive as of the date of this order."[2] The reason for this addition is that unless there is a temporal benchmark or limitation with respect to the inactive records subject to this order, the Government could be required to provide plaintiff with notice and an opportunity for inspection and designation each time a potentially relevant agency record moves from active to inactive status pursuant to an agency's record retention schedule as negotiated with NARA. This would severally disrupt and delay agency operations since it would prevent the orderly flow of inactive agency documents to federal record centers or the AIRR. This provision in effect mirrors the Laguna Order as regards document inspection because the Laguna Order was itself limited to a specific limited universe of inactive records.

This disruption to the orderly flow of inactive agency documents is vividly seen in regards to Interior's policy of moving inactive documents as a priority matter to the AIRR as soon as possible. For example, the disruption to Interior in the absence of a temporal limitation on inactive records would be extremely problematic. Under Interior's carefully designed records retention policy and practices, documents are constantly meeting the record retention schedules specified in 16 Bureau of Indian Affairs Manual, and becoming inactive. Interior's policy is to avoid the existence and creation of backlogs of inactive records by moving documents promptly to the AIRR, in judging that is the best way to protect them. The Court should defer to Interior's and

---

[2] Defendant's comments in this Notice are based upon its review of plaintiff's modified RRO provided to defendant on August 16. Defendant received via email from plaintiff a new proposed RRO at 6:04pm (ET) on August, 17, 2007, and defendant is currently reviewing the new proposed RRO. With the Court's permission, defendant suggests that it be permitted to review plaintiff's new proposed RRO and determine if any existing differences between the parties' current drafts can be further eliminated. This includes defendant's concerns regarding a temporal benchmark as described in paragraph 4 of this Notice.

other agencies' discretion in this regard. Any attempt by plaintiff to delay that action will impede agencies' operations and overall records disposition schedules.

For all the foregoing reason, Defendant respectfully requests that this Court adopt Defendant's redline.

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General

s/Robert W. Rodrigues
ROBERT W. RODRIGUES
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
robert.rodrigues@usdoj.gov
Tel: (202) 353-8839
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

JOHN H. MARTIN
United States Department of Justice
Natural Resources Section
1961 Stout Street, Eighth Floor
Denver, CO 80294
john.h.martin@usdoj.gov
Tel: (303) 844-1383
Fax: (303) 844-1350

E. KENNETH STEGEBY
United States Department of Justice
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
kenneth.stegeby@usdoj.gov
Tel: (202) 616-4119
Fax: (202) 353-2021

RACHEL HOWARD
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227

GLADYS ORR COJOCARI
THOMAS KEARNS
CANDACE BECK
Office of the Solicitor
United States Department of the Interior
1849 C Street, NW
Washington, DC 20240