WordPerfect Document Compare Summary

Original document: ::ODMA\PCDOCS\NRS\407883\1
Revised document: @PFDesktop\::ODMA/PCDOCS/NRS/407881/2
Deletions are shown with the following attributes and color:
~~Strikeout~~, Blue RGB(0,0,255).
Deleted text is shown as full text.
Insertions are shown with the following attributes and color:
Double Underline, Redline, Red RGB(255,0,0).

The document was marked with 39 Deletions, 48 Insertions, 0 Moves.

**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| NAVAJO NATION<br>f.k.a. NAVAJO TRIBE OF INDIANS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 06-945 L<br>Judge Francis M. Allegra |

**RECORD RETENTION AND DOCUMENT ACCESS ORDER**

THIS MATTER comes before the court on plaintiff's Motion for Entry of Record Retention Order. The court has reviewed the motion, additional filings of the parties, relevant facts, and governing law, and finds that good cause exists for approval and entry of the proposed Record Retention Order. Therefore, ~~plaintiff's motion is hereby **GRANTED**. Pursuant~~pursuant to RCFC 16(c) and 26(c), as well as this court's inherent power to regulate its proceedings and maintain the integrity of its functions, **IT IS ORDERED**:

1. **General Obligation to Preserve.** During the pendency of this litigation or until further order of the court, defendant and its departments, agencies, employees, agents, and contractors must take reasonable steps to preserve every document, datum, or tangible thing in its possession, custody, or control containing information that is relevant to, or is reasonably calculated to lead to the discovery of admissible evidence relevant to, the subject matter involved in the pending litigation ("Relevant Records"). Plaintiff is reminded that it also has a similar duty to preserve evidence relevant to this case. ~~Defendant shall issue and implement policies, procedures, and controls for all of its departments, agencies, employees, agents, and contractors that may handle Relevant Records to ensure retention and retrievability of all Relevant Records.~~

2. **Document Inspection and Production.**

   (a) Defendant shall move Relevant Records that, as of the date of this order, are inactive (as defined by the Department of Interior ("Interior") Manual Part 303, Chapter 6~~;~~) and are located at the Bureau of Indian Affairs ("BIA") Navajo Regional ("Gallup") Office, the BIA Navajo Regional Realty ("Window Rock") Office, and the BIA Fort Defiance Agency, and any predecessor offices therefor, to the Gallup BIA Warehouse in Gamerco, New Mexico, at which location such records shall be made available to plaintiff for purposes of inspection. At least ~~10~~5 calendar days before movement of the records from their present locations to Gamerco, defendant will provide plaintiff with an intermediate move plan or plans, which shall include: an implementation schedule; a description or inventory of the records being moved; the

method of transportation; the chain of custody; and the signature of the official responsible for the move. The move process may be ~~monitored~~observed by plaintiff or its representative.

(b) After reviewing the above inactive Relevant Records for privileged material, if necessary, defendant shall make those records available for plaintiff's inspection, in accordance with the following schedule:

(i) Within 30 days after entry of this order, defendant shall provide to plaintiff any and all existing indices and inventories that include inactive Relevant Records or boxes thereof located at the above offices in the most useable form readily available. Defendant shall provide to plaintiff additional or supplemental indices or inventories ~~that include~~of inactive Relevant Records within 20 days after the creation or discovery of such indices or inventories in the ordinary course of business.

(ii) Within 30 days after receiving such indices or inventories from defendant or within some other time as agreed to by the parties, plaintiff shall designate boxes or records listed in the provided indices or inventories that plaintiff wishes to review for Relevant Records.

(iii) Within 60 days after the date on which plaintiff designates which boxes of one or more of the above offices it wishes to inspect, defendant will begin to make available, on a rolling basis, the boxes from such office(s) for plaintiff's inspection at the ~~BIA~~ warehouse in Gamerco.

(iv) Plaintiff generally shall have 60 days within which to inspect a designated record upon receiving notification from defendant that the designated record has become available for inspection, during which process plaintiff may identify records for production. This inspection period may be extended by agreement of the parties or by the court for good cause shown, although 60 days shall be regarded as presumptively sufficient. At the time of such inspection, defendant shall permit plaintiff to ~~identify or~~ document the ~~condition of~~ records identified by plaintiff for production~~, including without limitation~~ through the reasonable use of audio recorders~~;~~. Defendant shall also permit plaintiff to document any adverse condition of those records through the reasonable use of digital cameras~~, or document scanning, provided that no such recordings~~. No documentation made by plaintiff pursuant to this sub-paragraph shall ~~constitute~~be construed as a production of original records. Plaintiff's documentation shall be subject to the Protective Order entered by this Court on May 11, 2007.

(c) After plaintiff has inspected and identified records for production pursuant to paragraph 2(b) above, defendant may move those inactive (as of the date of this order) records to the American Indian Records Repository ("AIRR") in Lenexa,

Kansas, in accordance with defendant's procedures and protocols for the movement of Indian trust records contained in the Indian Affairs Records Management Manual. After such move(s), defendant shall scan the records identified by plaintiff, code the scanned images at the document level, including data fields as agreed to by the parties, and provide such images and coding to plaintiff~~ within such schedule as agreed to by the parties~~. For documents originating in media other than paper, defendant shall provide the document in a reasonably usable form, including any form reasonably requested by plaintiff, and also shall provide an opportunity to plaintiff to test or sample such documents upon reasonable request. Defendant shall ~~expedite and prioritize~~take reasonable steps to produce as soon as practicable the scanning, coding, and production to plaintiff of identified records.

(d) In accordance with defendant's procedures and protocols for the movement of Indian trust records contained in the Indian Affairs Records Management Manual, defendant may move any boxes that have been either: not designated for inspection within the time period provided for in or agreed to under paragraph 2(b)(ii); or designated but not reviewed by plaintiff within the applicable period provided for under paragraph 2(b)(iv). Nothing herein prevents plaintiff from also seeking to inspect records from the above offices in whatever location they may be found in the future.

(e) ~~Within such schedule as agreed to by the parties, d~~Defendant shall input into Interior's Box Inventory Search System ("BISS") data identifying the boxes, files, and documents containing ~~all~~ Relevant Records located as of the date of this order at the AIRR~~, provide plaintiff access to such BISS database at the Albuquerque office of plaintiff's counsel and the AIRR,~~ and make those records available for plaintiff's inspection at the AIRR.~~ At the time of such inspection, defendant shall permit plaintiff to identify or document the condition of records identified by plaintiff for production, including without limitation through the use of audio recorders or digital cameras, provided that no such recordings made by plaintiff shall constitute production of records.~~ Defendant also shall provide to plaintiff~~ all~~ manuals, training materials, and similar documents created by or for Interior which describe the BISS database and its manner of operation and access. Defendant shall provide to plaintiff additional or supplemental indices or inventories for the AIRR that include Relevant Records promptly after the creation of such indices or inventories in the ordinary course of business.

(f) The parties shall meet and confer to discuss schedules and procedures to be used for defendant to make available to plaintiff for purposes of ~~inspection active and~~inspecting Relevant Records inactive (as defined by ~~the respective agencies in accordance with the Federal Records Act) Relevant Records~~each agency affected by this order) as of the date of this order of all of defendant's departments, agencies, ~~offices,~~ employees, agents, and contractors at offices other than those identified in paragraph 2(a) above, as follows:

(i) The parties shall take reasonable steps to expedite and prioritize inspection of Relevant Records that, as of the date of this order, are both inactive and located at: (1) offices of the BIA Chinle Agency, the BIA Western Navajo ("Tuba City") Agency, the BIA Eastern Navajo ("Crownpoint") Agency, and the BIA Shiprock Agency, whether inspected at those offices, the BIA Gamerco warehouse, or other mutually agreed locations; (2) the Office of Trust Records ("OTR"), the Office of the Special Trustee ("OST"), and the BIA Land Titles and Records Office ("LTRO"), all located in Albuquerque, New Mexico; or (3) offices. The parties shall also take reasonable steps to expedite and prioritize inspection of inactive (as of the date of this order) Relevant Records in the possession, custody or control of the Department of the Treasury.

(ii) Defendant, after reviewing the records for privileged material, if necessary, shall make the respective record collections available to plaintiff for purposes of inspection and designation. Unless otherwise agreed by the parties, defendant shall provide existing indices or inventories created in the ordinary course of business for such records as soon as practicable and make such records available for plaintiff's inspection within 60 days of plaintiff's designation of them.

(iii) Plaintiff shall inspecttake reasonable steps to expedite inspection of the records upon receiving notification from defendant that the records have become available for inspection. If plaintiff identifies records for production, defendant shall provide to plaintiffmake arrangements for scanned and coded images thereof, or other data, in a reasonably usable form, within such time and in such format as agreedto be delivered to by the partiesplaintiff as soon as practicable.

(iv) Unless otherwise agreed by the parties, moves of Relevant Records that are inactive as of the date of this order from the BIA Navajo Agencies identified in paragraph 2(f)(i) above, the OTR, the OST, and the LTRO to locations other than the AIRR shall be subject to the intermediate move plan requirement of section 2(a) above.

(g) The parties shall attempt to reach agreement on all matters related to document inspection and shall coordinate inspection of Relevant Records in a manner that will minimize the disruption of ongoing governmental activities.

3. **Indexation and Inventorying.**

(a) Within 120 days after entry of this order, the parties shall identify all of their respective repositories besides the AIRR and those addressed in section 2(a) above that may contain evidence relevantare reasonably anticipated to be subject to this casediscovery and determine whether indices or inventories exist for each location.

The parties also shall have ongoing duties to identify evidence relevant to this case in their respective possession, custody, or control.

(b) Within the same time period or as the parties may agree, the parties shall provide to each other existing indices and inventories for such repositories in the most useful form readily available, except for indices and inventories previously provided pursuant to paragraph 2 of this Order.

(c) If a party is unable to provide the other with indices or inventories prepared in the ordinary course of business of its repositories containing evidence relevant to this case, then the parties shall meet and confer as soon as practicable about the possibility of using, as may be appropriate, a collection-by-collection approach, including on-site reviews, to address the sufficiency of existing indices or inventories and to discuss whether additional indexation of specific record collections is necessary and the scope, timing, and method of any additional indexation or elaboration of inventories at each location based on the particular facts relating to each repository and record characteristics. The parties shall provide additional or supplemental indices or inventories that include evidence relevant to this case within 20 days after the creation or discovery of such indices or inventories in the ordinary course of business.

(d) The parties shall cooperate in good faith to attempt to reach agreement on all issues regarding the indexation and inventorying of documents, data, and tangible things. These issues include, but are not necessarily limited to:

(i) the extent of the indexation and inventorying obligation, identifying the types of material to be indexed and inventoried, the subject matter, time frame, the authors and addressees, and key words to be used in identifying such materials;

(ii) the identification of persons responsible for carrying out the indexation or inventorying;

(iii) whether indexation or inventorying will require suspending or modifying any routine processes or procedures, with special attention to document-management programs and the recycling of computer data storage media;

~~(iv) the timing of the indexation or inventorying process in relation to the movement of records, and inspection thereof, envisioned in paragraph 2, above;~~

(iv) the methods to index or inventory any volatile but potentially discoverable material, such as voicemail, active data in databases, or electronic messages;

(v) the anticipated costs of indexation and inventorying and ways to reduce or share these costs; and

(vi) policies and procedures to review and modify the indexation and inventorying obligation as this case proceeds, eliminating or adding particular categories of documents, data, and tangible things.

4. **Compliance.** The parties shall establish ~~policies, procedures, and controls~~mechanisms for monitoring compliance with this order and, on or before one year after entry of this order, file a status report with the court describing those ~~policies, procedures, and controls~~mechanisms. The parties' counsel shall immediately notify this court if, at any time, they become aware of a violation of this order (e.g., the destruction or loss of documents).

5. **Definitions.** For purposes of this order:

(a) "Documents, data, and tangible things" is to be interpreted broadly to include ~~any backup data, bill, book, calendar, chart, check, compilation, computation, computer or~~writings; records; files; correspondence; reports; memoranda; calendars; diaries; minutes; electronic messages; e-mail; computer and network activity ~~log, correspondence, data, database, diagram, diary, document, document image file, draft, drawing, e-mail, file, film, folder, graph, graphic presentation, hard drive; image, index, inventory, invoice, jotting, journal, ledger, machine readable material, map, memo, metadata, minutes, note, order, paper, phonographic or audio tape, photograph, printout, recording,~~logs; hard drives; backup data; removable computer storage media such as tapes ~~or~~, disks ~~or~~, and cards~~, report, software, spreadsheet, statement, summary, telephone message record or log, transcript, video, voicemail, voucher, webpage, work paper, writing, or worksheet, or any other item or group of documentary material or information, regardless of physical or electronic format or characteristic, and any information therein, and nonidentical copies, notes, and recordings thereof, provided that such documents, data, and tangible things also meet the definition of "records" under the Federal Records Act, 44 U.S.C. § 3301~~; printouts; document image files; web pages; databases; spreadsheets; software; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; digital or chemical process photographs; video; phonographic tape or digital recordings or transcripts thereof. Information that serves to identify, locate, or link such material, such as file inventories, file folders, and indices is also included in this definition.

(b) "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data, and tangible things reasonably anticipated to be subject to discovery under RCFC 26, 45, and 56(e) in this action. Preservation includes taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft,

mutation, negligent handling, or intentional mishandling of any documents, data, or tangible things, if such action would make that material incomplete or inaccessible.

6. **Further Instructions; Modification.** If, after counsel confer, unresolved issues remain but require resolution concerning matters arising under this order or other material aspects of preservation, inspection and production, or indexation and inventorying, the parties shall file with the court, within fourteen days of the relevant conference, a statement of the unresolved issues together with each party's proposal for their resolution. Either party also may apply to the court for further instructions regarding, inter alia: (a) defendant's obligation to preserve specific categories of documents, data, or tangible things; (b) any aspect of the inspection or indexation tasks not herein clearly defined; and (c) allocating copying costs and maintaining the confidentiality of information contained in various records. Recognizing that the parties may perceive better ways of accomplishing the purposes of this order, the court notes that joint motions to modify any of the procedures listed herein will likely be received favorably.

7. **Sanctions.** Failure to comply with this order may lead to the imposition of sanctions.

8. **Dissemination.** This order shall be distributed by defendant and plaintiff to all relevant agencies, departments, offices, divisions, contractors, and individuals.

________________________________

Francis M. Allegra
Judge