UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NAVAJO NATION<br>f.k.a. NAVAJO TRIBE OF INDIANS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 06-945 L<br>Judge Francis M. Allegra |

**PLAINTIFF'S UNOPPOSED EXPEDITED MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY RELEVANT TO MOTION FOR ENTRY OF RECORD RETENTION ORDER**

Plaintiff, the Navajo Nation, hereby moves on an expedited basis for leave to file the attached supplemental authority relevant to Plaintiff's pending motion for entry of a record retention order ("RRO"). As grounds for this motion, Plaintiff states as follows:

1. On May 21, 2007, Plaintiff moved for entry of an RRO. Defendant filed an opposition thereto on June 21, 2007. Plaintiff replied in support of its motion on July 5, 2007.

2. On July 20, 2007, the Court held a telephonic oral argument on Plaintiff's motion. During that oral argument, the Court directed Plaintiff to document that active records are at risk of loss or destruction and to submit documentary support for factual statements to be considered by the Court. *See, e.g.,* Oral Arg. Trans. at 46, 48-49, 64 (July 20, 2007). That same date, the Court ordered that the parties discuss the content of a record retention order potentially to be entered in the case and ordered that Plaintiff file a proposed RRO by August 3, 2007 and that Defendant file a redline version of Plaintiff's order if necessary.

3. On July 27, 2007, in response to Plaintiff's request for documentation of a regulatory definition of "inactive" records, Defendant provided Plaintiff with an excerpt of the Indian Affairs

Records Management Policy and Procedures Manual ("Indian Records Manual") and two pages of Chapter 16 of the U.S. Bureau of Indian Affairs ("BIA") Manual ("16 BIAM"), which provided two random examples of approved record disposition schedules. Plaintiff subsequently requested that Defendant provide the entire 16 BIAM, which was repeatedly referenced in, but not included with, materials Defendant filed in opposition to Plaintiff's RRO motion. *See* Def.'s Resp. Ex. ("DRE") 6 at 1; DRE 7 at 1 & attach. 1; DRE 7A at 1; DRE 8 ¶ 16.

4. On August 3, 2007, Plaintiff filed its proposed RRO, as revised based on continuing discussions with Defendant. In that filing, Plaintiff documented two probable instances of loss or destruction of active Indian trust records in 2006, including the shredding of approximately one cubic foot of Navajo trust records at the BIA Fort Defiance Agency. Plaintiff also documented that Defendant's own declarations concerning the RRO strongly suggest that all active Navajo trust records are at continuing risk of loss or destruction.

5. On August 14, Defendant provided to Plaintiff a CD-ROM containing various files and documents including all of 16 BIAM, which provides almost 1,000 separate NARA-approved BIA record disposition schedules within 31 broad categories of Indian trust records.

6. On August 17, 2007, Plaintiff filed a revised proposed RRO, based on continuing discussions with Defendant, and Defendant filed its redline to Plaintiff's proposed RRO of that date. In its filing, Defendant did not dispute the relevant content of its declarations or the fact of the above-cited examples of destruction of active Navajo and loss of other Indian trust records, but nonetheless still opposed inclusion of active trust records in any Navajo RRO. Defendant asserted that this Court's prior RRO in another case rejected inclusion of active records. *Contra Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 140-41 (2004) (rejecting only proposed record transfer restriction and necessarily including active records in general obligation to preserve).

7. On August 24, 2007, the parties jointly sought leave to file Plaintiff's further revised proposed RRO and Defendant's corresponding redline, which both reflected the parties' continuing discussions. The Court subsequently granted that motion.

8. Plaintiff was not previously able to file the attached supplemental authorities because Plaintiff was not able to review the voluminous 16 BIAM provided on August 14, 2007 and related materials in advance of the parties' respective filings of August 17, 2007. Moreover, Defendant subsequently refused to concur in submission of the attached supplemental authorities in conjunction with the parties' joint motion and filings of August 24, 2007.

9. The attached proposed supplemental authorities are excerpts of the Indian Records Manual and 16 BIAM. The first authority defines active Indian trust records to include records evidencing the collection of income from and the existence, use, management, and disbursement of tribal trust assets. Dept. of the Interior, Indian Affairs Records Mgmt. Policy & Procedures Manual § 3.2.5(A) (2003), attached hereto as Ex. 1. The second authority requires all such records to remain active under approved record retention schedules until the completion, cancellation, expiration, revocation, or termination of the relevant account, claim, case, lease, permit, plan, program, right of way, or sale. *See* 16 BIAM 4402, 4406, 4501, 4511-12, 4515, 4518, 4616, 4618-21, 4646, 4654 (Release 3, 2006); 16 BIAM 4802 (Release 2, 2003), all attached hereto as Ex. 2.

10. These supplemental authorities are relevant here because they confirm that many Navajo trust records critical to the development and examination of claims in this case are currently active and will retain that status for the long-term foreseeable future. Accordingly, given the previously documented risks to active Navajo trust records, those records should be included within the general obligation to preserve in paragraph one of the proposed RRO as well as in the "meet and confer" requirement for record inspection in paragraph two of the proposed RRO.

11. This motion is expedited because the Court may otherwise rule on Plaintiff's RRO motion before consideration of this motion.

12. Plaintiff has conferred with Defendant regarding this motion and determined that Defendant does not oppose this motion.

WHEREFORE, Plaintiff respectfully moves this Court for leave to file the attached supplemental authorities relevant to Plaintiff's motion for entry of record retention order.

Respectfully submitted,

s/ Alan R. Taradash
by s/Daniel I.S.J. Rey-Bear
Alan R. Taradash
Nordhaus Law Firm, LLP
405 Dr. Martin Luther King, Jr. Ave. NE
Albuquerque, NM 87102
telephone: 505-243-4275
facsimile: 505-243-4464

Dated: August 31, 2007

Attorney of Record for Plaintiff

Of Counsel for Plaintiff:

Thomas J. Peckham
Daniel I.S.J. Rey-Bear
Deidre A. Lujan
Dana L. Bobroff
Nordhaus Law Firm, LLP
405 Dr. Martin Luther King, Jr. Ave. NE
Albuquerque, NM 87102
telephone: 505-243-4275
facsimile: 505-243-4464

Donald H. Grove
Nordhaus Law Firm, LLP
1401 K Street NW, Suite 801
Washington, DC 2006
telephone: 202-530-1920
facsimile: 202-530-1270