UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NAVAJO NATION<br>f.k.a. NAVAJO TRIBE OF INDIANS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 06-945L<br>Judge Francis M. Allegra |

Joint Motion for Enlargement of Time To Report on Policies, Procedures, and Controls for Monitoring Compliance with the Court's September 10, 2007 Record Retention Order

The Parties, United States of America and the Navajo Nation, respectfully move this Court for an enlargement of time of 21 days until December 4, 2007, to finalize establishment and implementation of policies and procedures for compliance with the September 10, 2007 Record Retention Order ("RRO") entered by the Court. The Parties' status report on the implementation of compliance mechanisms is currently due on November 13, 2007 under paragraph 4 of the RRO. This motion is the Parties' first such filing. In support of its motion, the Parties state as follows:

1) On September 10, 2007, the Court entered its RRO in this case.

2) Paragraph 4 of the RRO provides in relevant part as follows:

> Compliance: The parties shall establish policies, procedures, and controls for monitoring compliance with this order and, on or before 63 days after entry of this order, file a status report with the court describing those policies, procedures, and controls.

3) In order to meet their obligations under Paragraph 4, the Parties have been communicating with their clients and discussing the past, present, and future steps which their clients have taken, are taking, or will take in order to comply with relevant provisions of the Court's RRO.

4) In the case of the United States, these communications involve no fewer than six separate client groups - the Departments of the Interior, Treasury, Energy, the National Archives

and Records Administration, the Nuclear Regulatory Commission, and the United States Forest Service. With respect to certain of these six agencies, Defendant is also required to consult with several offices and subagencies. For example, within the Department of the Interior, consultation is required with the Solicitors Office, the Bureau of Indian Affairs, including the various Navajo agencies, the Navajo Regional Office, the Office of the Special Trustee and the Office of Trust Records.

5) The United States has made considerable progress in meeting the requirements of Paragraph 4 of the RRO. Specifically, the RRO has been distributed to federal agencies most likely to have documents relevant to this litigation or documents which may lead to relevant evidence. Arrangements have also been made for the agencies to periodically redistribute the order for purposes of reminding federal employees of their continuing obligation to preserve documents during the course of this litigation. In addition, discussions have already occurred or are continuing within the various federal agencies noted above to implement or continue further compliance mechanisms based, in some cases, on the compliance regimen established in response to the RRO entered in Jicarilla Apache Nation v. United States of America, No. 02-25L, (Fed. Cl.)

6) Pursuant to Paragraph 4 of the RRO, Plaintiff has established policies, procedures, and controls for promoting and monitoring compliance with the Court's RRO and has made significant progress in implementing those policies, procedures, and controls. Plaintiff has issued direction through Navajo Nation Executive Order No. 03-2007 and the policies, protocols, and procedures issued thereunder that all Executive Branch employees, officials, and affected agents and contractors comply with the RRO and that employees responsible, either directly or in a supervisory capacity, for records potentially covered by the RRO attend training on record retention policies. Plaintiff began conducting training seminars on these matters on October 18, 2007 at the tribal headquarters in Window Rock and to date has conducted close to 40 training sessions with approximately 425 tribal employees from both headquarter and non-headquarter

program offices in attendance. Some 150 relevant employees remain to be trained. Plaintiff has distributed copies of the RRO, the CAPO[1], the CAPO and RRO Tribal Records Preservation Policies, and the CAPO and RRO Tribal Records Location and Preservation Protocols and Procedures to all executive level directors and to all employees that have attended the training sessions, and is well along in the process of identifying and notifying affected contractors. In addition, Plaintiff has posted a CAPO and RRO Summary of Policies, Protocols, and Procedures in all headquarter offices and is in the process of ensuring that the Summary is posted in all outlying non-headquarter offices.

7) Plaintiff has already implemented a number of controls to ensure compliance with the RRO, including but not limited to the following: On October 10, 2007, Navajo Nation President Joe Shirley issued Navajo Nation Executive Order No. 03-2007 requiring all Navajo Nation Executive Branch employees, officials, affected agents, and affected contractors to comply with the provisions of the RRO and the CAPO, and the policies, protocols, and procedures issued thereunder concerning compliance with the CAPO and the RRO, and subjecting employees not in compliance to disciplinary action; all relevant employees must sign an acknowledgment form confirming that they have received copies of the RRO, the CAPO, the Executive Order, and the policies, protocols, and procedures issued thereunder, as well as attended training on the CAPO and the RRO and that they understand and agree to comply with the RRO; Plaintiff has provided for reporting on a quarterly basis concerning compliance with the CAPO and the RRO; any relevant document loss or destruction must be reported immediately; and training on the RRO, the CAPO, the Executive Order, and the policies, protocols, and procedures issued thereunder are required for all new affected employees.

8) Each party asserts, therefore, that it has made the progress described above in fulfilling

[1] Confidentiality and Protective Order, entered by the Court in this case on May 11, 2007.

the RRO requirement that such policies, procedures, and controls be established. The Parties further state, however, that the requested extension would allow more time for them to document their efforts and would increase the opportunity for discussion between them regarding the policies, procedures, and controls implemented and proposed to date by each. Such communication may facilitate more collegial treatment of retention matters in the future. Moreover, the Parties' counsel have tentatively scheduled an in-person ADR meeting in another case before the Court for the last week in November. The extension would allow the parties, in conjunction with that meeting and as necessary, to discuss directly any RRO compliance issues before the filing deadline.

9) Further, during the extension, the United States asserts that there will be no adverse impacts to the documents that are relevant or potentially relevant to this litigation because there are document retention and management policies, practices and procedures already in place. *See* Jicarilla Apache Nation v. United States, No. 02-25 (Fed. Cl.), Defendant's Supplemental Status Report Describing Compliance With the March 19, 2004 Order, filed March 18, 2005; Defendant's Second Supplemental Status Report Regarding the Compliance of the Department of the Interior with the E-mail Retention Requirements of this Court's March 2004 and April 2005 Orders, filed September 8, 2005. *See also* Swinomish Indian Tribal Community v. United States, Civil Case No. 06-cv-00899 (Fed. Cl.); Defendant's September 24, 2007 Status Report Describing Compliance Monitoring Mechanisms with the Court's August 24, 2007 RRO.

10) As stated above, the Navajo Nation has substantially completed implementation of its policies, procedures, and controls and therefore also states that the extension would not adversely affect record retention.

Based on all the foregoing, the Parties respectfully request that the Court grant the

Parties' request for a 21-day extension of time, until December 4, 2007, to file appropriate reports of RRO compliance activities.

Dated: November 6, 2007

Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General

/s Robert W. Rodrigues
by /s Thomas J. Peckham
ROBERT W. RODRIGUES
Trial Attorney
E. KENNETH STEGEBY
Trial Attorney
AYAKO SATO
Trial Attorney
Unites States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: 202.353.8839
Facsimile: 202.305.0506
Email: Robert.Rodrigues@usdoj.gov

Of Counsel for Defendant:

Teresa Dawson
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury

Gladys Orr Cojocari
Tom Kearns
Holly Clement
Office of the Solicitor
United States Department of the Interior
1849 C. Street, N.W.
Washington, D.C. 20240

/s Alan R. Taradash
by /s Thomas J. Peckham
Alan R. Taradash
Nordhaus Law Firm, LLP
405 Dr. Martin Luther King, Jr. Ave. NE
Albuquerque, NM 87102
telephone: 505-243-4275
facsimile: 505-243-4464
Attorney of Record for Plaintiff

Of Counsel for Plaintiff:

Thomas J. Peckham
Daniel I.S.J. Rey-Bear
Deidre A. Lujan
Dana L. Bobroff
Nordhaus Law Firm, LLP
405 Dr. Martin Luther King, Jr. Ave. NE
Albuquerque, NM 87102
telephone: 505-243-4275
facsimile: 505-243-4464

Donald H. Grove
Nordhaus Law Firm, LLP
1401 K Street NW, Suite 801
Washington, DC 2006
telephone: 202-530-1920
facsimile: 202-530-1270