**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| NAVAJO NATION<br>f.k.a. NAVAJO TRIBE OF INDIANS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 06-945L<br>Judge Francis M. Allegra |

**PLAINTIFF'S STATUS REPORT ON RECORD RETENTION ORDER COMPLIANCE MONITORING**

Pursuant to paragraph 4 of the Record Retention Order ("RRO") entered by the Court on September 10, 2007, Plaintiff Navajo Nation hereby reports on its establishment and implementation of policies, procedures, and controls for monitoring compliance with record preservation requirements of the RRO. This report is supported by attachments of relevant supporting materials relied on, prepared, or distributed in the establishment and implementation of Plaintiff's policies, procedures, and controls.

## I. Plaintiff Has Established the Required Record Preservation Policies, Procedures, and Controls Through Executive Order and Official Policies, Protocols, and Procedures.

The Navajo Nation Code ("N.N.C."), the codification of Navajo Nation statutory law, specifically provides the President of the Navajo Nation with the power and authority to issue Executive Orders which "shall have the force of law upon the recipient." 2 N.N.C. § 1005(C)(14), attached hereto at Exhibit 1. Pursuant to this authority, Navajo Nation President Joe Shirley, Jr., issued Navajo Nation Executive Order No. 03-2007, dated October 9, 2007, *Directing Compliance With Document Preservation And Production in* Navajo Nation v. United States*, Docket No. 06-*

*945L, United States Court of Claims*, attached hereto as Exhibit 2. Among other things, the Executive Order mandates that

> [a]ll Navajo Nation Executive Branch employees, officials, agents, and contractors shall immediately take reasonable steps to comply with the provisions of the Rules of the Court of Federal Claims and the CAPO [i.e., Confidentiality Agreement and Protective Order] and the RRO issued in *Navajo Nation v. United States*, as well as any subsequent court orders issued in that litigation.

Ex. 2 at Operative ¶ 1. By its terms, the Executive Order encompasses "documents, data, and tangible things in the possession, custody, or control of the Navajo Nation which currently exist or are hereafter created." *Id.* at Further Direction ¶ 1. The Executive Order also supercedes any and all record retention schedules, rules, manuals, or protocols that conflict with the record preservation requirements of the RRO. *Id.* at Operative ¶ 2.

The Executive Order additionally directs that

> [t]he Attorney General of the Navajo Nation shall immediately issue policies and procedures necessary to guide affected Navajo Nation Executive Branch employees, officials, agents, and contractors in their compliance with this Order, the Rules of the Court of Federal Claims and the CAPO and the RRO issued in *Navajo Nation v. United States*, as well as subsequent court orders issued in that litigation.

*Id.* at Operative ¶ 6. The Executive Order also mandates that

> [a]ll Navajo Nation Executive Branch employees, officials, agents, and contractors shall strictly adhere to policies and procedures, including compliance with all timelines, [and] deadlines, issued by the Attorney General of the Navajo Nation concerning or related to this Order and the *Navajo Nation v. United States* litigation,

*Id.* at Operative ¶ 7.

Finally, the Executive Order expressly provides for administrative disciplinary controls to ensure compliance with the directives therein. All "Navajo Nation Executive Branch employees and officials shall be held accountable for compliance with this Order and any policies and procedures issues hereunder . . . ." *Id.* at Further Direction ¶ 2. Also, "[s]upervisors shall be held further

accountable for their subordinates' compliance with this Order and any policies, protocols, or procedures issued hereunder. *Id.*

Pursuant to authorization and direction by the Executive Order, on October 10, 2007, Navajo Nation Attorney General Louis Denetsosie issued formal Tribal Records Preservation Policies ("Policies"), attached hereto as Exhibit 3, and Tribal Records Location and Preservation Protocols and Procedures ("Protocols & Procedures"), attached hereto as Exhibit 4, to ensure that "[t]he Navajo Nation, including its departments, programs, agencies, employees, officials, agents, and contractors comply with the Rules of the Court of Federal Claims and the CAPO and RRO issued in *Navajo Nation v. United States.*" Exhibit 3 § III (A). The Policies and the Protocols & Procedures "apply to the location, review, preservation, retrieval, inventorying, indexing, production, etc., of tribal documents, data and tangible things by the Navajo Nation, through its employees, officials, agents, and contractors," *id.* § IV(B), and "encompass documents, data, and tangible things in the possession, custody, or control of the Navajo Nation which currently exist or are hereafter created," *id.* § IV(A); *see* Ex. 4 § I (C). Among other measures, the Policies, which are to remain in effect during the pendency of this litigation, Ex. 3 § IV(C), direct that

> [a]ll Navajo Nation employees, officials, agents, and contractors shall immediately take reasonable steps to ensure the ongoing integrity and safe-guarding of documents, data, and tangible things, whether active or inactive records, reasonably anticipated to be subject to discovery in *Navajo Nation v. United States* and to ensure the preservation of such documents, data, and tangible things, even if record retention schedules, or other rules, manuals, or protocols would allow their destruction.

*Id.* § VII; *see also* Ex. 4 § II (B).

The Policies and the Protocols & Procedures also specifically incorporate the definitions of "documents, data, and tangible things" and "preservation" set forth by the court in the RRO. Ex. 3 §§ V(A)-(B). Additionally, the Protocols & Procedures mandate that "Navajo Nation employees,

officials, agents, and contractors shall immediately notify the Navajo Nation Office of the Attorney General if, at any time, they become aware of the destruction or loss of any tribal record which could reasonably be anticipated to be subject to discovery" in this litigation. Ex. 4 § XI(A). Going forward, the Navajo Nation's various divisions, departments, programs, and offices all must periodically affirm to the Office of the Attorney General their compliance with the Policies and the Protocols & Procedures, including without limitation that they have reported any instances of destruction or loss of relevant tribal records. *See* Ex. 3 § XIII(C); Ex. 4 § XI(B).

Because the Executive Order only applies to Executive Branch officials, employees, agents, and contractors, Ex. 2 at Operative ¶ 1, on November 6, 2007, the Speaker of the Navajo Nation Council, Lawrence T. Morgan, issued a memorandum to Legislative Branch employees mandating their compliance with the RRO, the CAPO, and policies, protocols, and procedures issued by the Attorney General. That memorandum (without the above attachments) is attached hereto as Exhibit 5. The directive and mandate of the Executive Order and the Speaker's memorandum concerning the issuance of policies and procedures is consistent with Navajo Nation statutory law which vests authority and responsibility for all legal matters of the Navajo Nation government with the Attorney General as its Chief Legal Officer. 2 N.N.C. § 1964(A), attached hereto at Exhibit 1.

## II. Plaintiff Also Has Established and Implemented Additional Controls to Insure RRO Compliance.

In addition to compliance with the RRO being subject to enforcement under the Executive Order and the Protocols & Procedures' mandate to immediately report and periodically affirm the reporting of any instances of destruction or loss of relevant tribal records, Plaintiff has implemented numerous additional controls to ensure compliance with the preservation requirements of the RRO. First, on the same date that the Navajo Nation Attorney General issued the Policies and the Protocols

& Procedures, he issued a summary of the Policies and the Protocols and Procedures, titled "Tribal Records Preservation Policies-KEY POINTS," and required that the Key Points be immediately posted in the offices of all Navajo Nation divisions, departments, offices, and programs. Memorandum from Louis Denetsosie, Attorney General, Navajo Nation Department of Justice, to Partick Sandoval, Chief of Staff, Office of the President, *et al.* (Oct. 10, 2007), attached hereto as Exhibit 6. Each such office also was required to complete and return to the Attorney General a written confirmation of its receipt of the RRO, the CAPO, the Executive Order, the Policies, the Protocols & Procedures, and the Key Points, and its posting of the Key Points. *See id.* at 2. For reference, copies of the Key Points and the Receipt and Posting Confirmation Form are respectively attached hereto as Exhibits 7 and 8.

Second, the Protocols & Procedures specifically mandate that current officials and employees of relevant departments, programs, and offices attend trainings provided by the Navajo Nation Office of the Attorney General. Ex. 4 § III(B). To that end, the Office of the Attorney General has presented more than 40 live training sessions on the RRO, the CAPO, the Executive Order, the Policies, and the Protocols & Procedures to over 550 relevant employees, including all relevant program management personnel.[1] Plaintiff has carefully tracked attendance at these training

---

[1]*See* Memorandum from Diandra Benally, Attorney, Human Services and Government Unit, Navajo Nation Department of Justice, and Veronica Blackhat, Attorney, Natural Resources Unit, Navajo Nation Department of Justice, to Patrick Sandoval, Chief of Staff, Office of the President, *et al.* (Oct. 12, 2007), attached hereto as Exhibit 9; Memorandum from Patrick Sandoval, Chief of Staff, Office of the President, to All Staff Assistants, *et al.* (Oct. 26, 2007), attached hereto as Exhibit 10; Memorandum from Diandra Benally, Attorney, Department of Justice, to Eddie Biakeddy, Acting Superintendent, Division of Dine Education (Oct. 31, 2007), attached hereto as Exhibit 11; Memorandum from Veronica Blackhat, Attorney, Natural Resources Unit, Navajo Nation Department of Justice, and Diandra Benally, Attorney, Human Services and Government Unit, Navajo Nation Department of Justice, to Patrick Sandoval, Chief of Staff, Office of the President, *et al.* (Nov. 20, 2007), attached hereto as Exhibit 12.

sessions. Upon arrival at each training session, attendees have been required to sign an attendance sheet. At the end of each training session, attendees have been required to complete and sign a Training Acknowledgment form indicating, among other things, that they (1) were provided copies of the Executive Order, the RRO, the CAPO, the Policies, the Protocols & Procedures, and the Key Points; (2) received training on the CAPO and the RRO; (3) read and understand the RRO and agreed to comply with its requirements to identify and preserve evidence relevant to *Navajo Nation v. United States*, No. 06-945L; and (4) were allowed the opportunity to ask questions on the documents distributed and provided contact information should they have questions in the future. An example of the Training Acknowledgment form is attached hereto as Exhibit 13.

Third, because not all of the above offices promptly confirmed their receipt and posting of the relevant materials concerning RRO compliance, the Attorney General on October 29, 2007, issued a follow up memorandum reiterating the above receipt, posting, and training requirements and noting that some specific employees had not yet attended the required training. Memorandum from Louis Denetsosie, Attorney General, Navajo Nation Department of Justice, to Partick Sandoval, Chief of Staff, Office of the President, *et al.* (Oct. 29, 2007), attached hereto (without the attachments) as Exhibit 14. All of Plaintiff's Executive Branch Division Directors have since confirmed in writing that the Key Points has been posted in each office under their authority. Plaintiff also will schedule further trainings during December 2007 for approximately 60 individuals who constitute the remainder of the relevant employees who have not yet confirmed attendance at one of the trainings.

Fourth, the Executive Order specifically includes and applies to Executive Branch agents and contractors. Ex. 2 at Further Direction ¶ 1. Accordingly, Plaintiff has sent notice of the RRO, the CAPO, and the Executive Order to its affected major contractors and agents and is currently in the

process of identifying any remaining affected minor contractors and agents. *See, e.g.,* Letter from Louis Denetsosie, Attorney General, Navajo Nation Department of Justice to John Kennedy, Partner, KPMG, LLP (Nov. 13, 2007), attached hereto as Exhibit 15; Letter from Louis Denetsosie, Attorney General, Navajo Nation Department of Justice to Dale Stahlecker, Eagle Environmental (Nov. 30, 2007), attached hereto as Exhibit 16; Letter from Louis Denetsosie, Attorney General, Navajo Nation Department of Justice to Elizabeth K. Haley, LLC (Dec. 3, 2007), attached hereto as Exhibit 17.

Finally, Plaintiff has expressly anticipated and informed its personnel that additional compliance mechanisms may be forthcoming. Specifically, the Policies reserved the Attorney General's right to issue additional procedures, protocols, and controls to govern the location, identification, inventorying, indexing, preservation, movement, retrieval, copying, production, etc., of documents, data, and tangible things as this litigation progresses. Ex. 3 § XII. In turn, the Protocols & Procedures provide that after the above initial trainings are complete the Attorney General will continue to provide periodic trainings for new and current employees. Ex. 4 § III(C).

**III. Plaintiff is Currently Identifying its Repositories and Existing Indices and Inventories.**

As required by paragraphs 3(a) and (b) of the RRO, Plaintiff has made substantial efforts to identify its respective repositories, and existing indices and inventories for such repositories, that are reasonably calculated to be subject to discovery in this case. Sections V through VII of the Protocols & Procedures set forth the specific process that relevant divisions, departments, programs, and offices are to follow in their identification efforts. *See* Ex. 4 §§ V-VII. This process includes the appointment of a Liaison and completion of Tribal Record Repository Identification Form NN-1. For reference, a copy of Form NN-1 is attached hereto as Exhibit 18. These efforts to identify Plaintiff's relevant repositories and existing indices and inventories are ongoing.

As set forth above and through the supporting documents, Plaintiff has achieved substantial compliance with the establishment and implementation of policies, procedures, and controls as required by the RRO.

Respectively submitted this 4th day of December, 2007.

*s/ Alan R. Taradash*
Alan R. Taradash
Nordhaus Law Firm, LLP
405 Dr. Martin Luther King, Jr. Ave. NE
Albuquerque, NM 87102
telephone: 505-243-4275
facsimile: 505-243-4464

Attorney of Record for Plaintiff

Daniel I.S.J. Rey-Bear
Thomas J. Peckham
Deidre A. Lujan
Dana L. Bobroff
Nordhaus Law Firm, LLP
405 Dr. Martin Luther King, Jr. Ave. NE
Albuquerque, NM 87102
telephone: 505-243-4275
facsimile: 505-243-4464