# NAVAJO NATION CODE ANNOTATED

Volume 1

Titles 1 to 5

THOMSON
WEST

EXHIBIT
1

## § 1003. Vice–President

A. There shall be one Vice–President of the Navajo Nation.

B. He/she shall be elected for a term of four years.

C. The Vice–President shall serve no more than two terms.

### History

CD–68–89, December 15, 1989.
CJA–1–63, January 10, 1963.
Rules governing Tribal Council, July 1938, Ch. 111, §§ 4–5, 1954 Res. p. 196.

### Library References

Indians ⚷32(6).
Westlaw Topic No. 209.
C.J.S. Indians § 51.

## § 1004. Qualifications

A. No person shall serve as President or as Vice–President of the Navajo Nation unless he/she is an enrolled member of the Navajo Nation, 30 years old or older.

B. No person shall serve as President or Vice–President of the Navajo Nation unless he/she has continually, during the last three years before the time of election been physically present within the Navajo Nation. The "Navajo Nation" is defined at 7 N.N.C. § 254.

### History

CD–68–89, December 15, 1989. Rules governing Tribal Council, July 1938, Ch. 111, §§ 7–8, 1954 Res. pp. 196–198.

### Cross References

Navajo Nation Election Code, see 11 N.N.C. § 1, *et seq*.

### Library References

Indians ⚷32(6).
Westlaw Topic No. 209.
C.J.S. Indians § 51.

## § 1005. Powers and duties

A. The President of the Navajo Nation shall serve as the Chief Executive Officer of the Executive Branch of the Navajo Nation government with full authority to conduct, supervise, and coordinate personnel and programs of the Navajo Nation. He/she shall have fiduciary responsibility for the proper and efficient operation of all Executive Branch offices.

B. The President shall represent the Navajo Nation in relations with governmental and private agencies and create favorable public opinion and good will toward the Navajo Nation.

C. The President shall have the following enumerated powers:

1. Faithfully execute and enforce the laws of the Navajo Nation.

2. Negotiate and execute contracts subject to applicable laws.

3. Appoint supervisory executive personnel subject to applicable laws.

4. Appoint members of boards, commissions, and other entities subject applicable laws.

5. Report quarterly to the Navajo Nation Council on the state of the Navajo Nation.

6. Recommend to the Budget and Finance Committee an annual operating budget or amendments thereof for the Executive Branch and advise the Navajo Nation Council on the annual budget recommended by the Budget and Finance Committee.

7. Recommend to the Navajo Nation Council supplemental appropriations for the Executive Branch.

8. Recommend legislation, rules or regulations to the Navajo Nation Council or its Committees.

9. Exercise such powers as may be lawfully delegated to the Office of the President of the Navajo Nation.

10. Sign legislation passed by the Navajo Nation Council into Navajo law within ten calendar days after the certification of the legislation by the Speaker or Speaker Pro Tem.

11. Veto legislation passed by the Navajo Nation Council subject to an override of the veto by two-thirds (2/3) vote of the membership of the Navajo Nation Council. The veto shall be exercised by the President by a letter to the Speaker specifying the reasons for the veto. The President's veto shall not be subject to an override by the Navajo Nation Council after the end of the next regular session of the Navajo Nation Council following the session in which the legislation was first passed by the Council.

12. The President's authority to sign into law or veto legislation shall be deemed to be waived if not exercised within ten calendar days after certification of the legislation by the Speaker or Speaker Pro Tem and the legislation shall be deemed enacted and become effective pursuant to 2 N.N.C. § 221.

13. Speak and act for the Navajo Nation on any and all matters relating to the Navajo–Hopi land dispute subject to applicable laws.

14. Issue executive orders for the purpose of interpreting, implementing or giving administrative effect to statutes of the Navajo Nation in the manner set forth in such statutes. Executive orders shall have the force of law upon the recipient.

D. The Vice–President of the Navajo Nation, during the absence of the President, shall exercise the powers and execute the duties of the President of the Navajo Nation.

**History**

CAU–48–03, August 29, 2003, Overrode Presidential Veto of CJY–32–03.

CJY–32–03, July 22, 2003. Added Subsections B(10), (12) and (14). Amended Subsection B(11) and Renumbered within Subsection B.

GSCF–10–91, January 9, 1991. Added Subsection (C)(11).

CD–68–89, December 15, 1989.

CAU–50–59, August 6, 1959.

CJ–13–53, January 6, 1953.

## § 1963. Authority, responsibilities and duties

The Attorney General is authorized and directed to:

A. Report and be responsible to the Navajo Nation Council through the President for the accomplishment of the purposes and objectives of the legal needs of the Navajo Nation.

B. On behalf of the Navajo Nation and without prior approval of the Navajo Nation Council, or any Committee thereof, the President or any other official of the Navajo Nation, to negotiate and execute attorney contracts, within the approved Navajo Nation budget for attorneys' fees and expenses, to provide for legal counsel to the Navajo Nation government or any other legal representation deemed necessary to protect the interests of the Navajo Nation.

C. Monitor the work of all retained legal consultants and law firms.

D. Formulate overall administrative and operating policies pertaining to the Department of Justice, and to take such action as the Attorney General shall deem necessary for the accomplishment and enforcement thereof.

E. Exercise supervisory control and direction over all personnel within the Department of Justice.

F. Represent the Department of Justice in executive level planning.

G. Represent the Navajo Nation government regarding its legal interests in the Nation's dealings and relations with all persons and organizations outside the Navajo Nation government.

H. Conduct such special projects and programs as may be assigned.

I. Delegate authority to members of his or her staff.

J. Develop programs and budgets for the Department of Justice of the Navajo Nation.

K. Perform all duties and responsibilities of the office in accordance with the highest standards of legal ethics as required of members of the Navajo Nation Bar Association and by the American Bar Association Code of Professional Responsibility.

### History

CF-7-90, February 1, 1990.
CMA-6-89, March 1, 1989.
CF-8-82, February 5, 1982.
1978 Budget, Page IX-1.
CJA-15-72, January 26, 1972.

### Library References

Attorney General ⚩6.
Indians ⚩32(4.1, 6).
Westlaw Topic Nos. 46, 209.
C.J.S. Attorney General §§ 7 to 15.
C.J.S. Indians § 51.
C.J.S. Parent and Child § 251.

## § 1964. Attorney General; Chief Legal Officer

A. The Attorney General is the Chief Legal Officer of the Navajo Nation and shall have charge of the Department of Justice and of all legal matters in which the Navajo Nation government has an interest.

NAVAJO NATION
EXECUTIVE ORDER No. 03-2007

## DIRECTING COMPLIANCE WITH DOCUMENT PRESERVATION AND PRODUCTION IN *NAVAJO NATION V. UNITED STATES*, DOCKET NO. 06-945L, UNITED STATES COURT OF FEDERAL CLAIMS

WHEREAS:

1. On November 13, 2006, Navajo Nation Council Legislation No. CN-57-06 was signed into law authorizing the Attorney General of the Navajo Nation to file suit against the United States for breach of its fiduciary duties to the Navajo Nation relating to mismanagement of the Navajo Nation's tribal trust assets, including tribal trust funds, oil and gas, coal, uranium, vanadium, sand and gravel, and timber.

2. On December 29, 2006, the Navajo Nation, under the authorities of the Attorney General of the Navajo Nation, filed suit against the United States in the United States Court of Federal Claims seeking substantial monetary damages from the United States for its mismanagement of Navajo Nation tribal trust assets. The lawsuit is captioned *Navajo Nation v. United States*, Docket No. 06-945L.

3. Under the Rules of the Court of Federal Claims, the Navajo Nation has a duty and responsibility to locate, identify, and preserve documents, data, and tangible things in its possession, custody, or control containing information that is relevant to Navajo Nation tribal trust assets which are the subject of or reasonably calculated to lead to the discovery of admissible evidence in *Navajo Nation v. United States*.

4. On May 11, 2007, the court in *Navajo Nation v. United States* issued a Confidentiality Agreement and Protective Order ("CAPO") and on September 10, 2007, the court entered a Record Retention Order ("RRO") which recognizes that the Navajo Nation and the United States (including their respective departments, agencies, employees, officials, agents, and contractors) have a duty to preserve and not destroy documents, data, and tangible things containing information that is relevant to Navajo Nation tribal trust assets or reasonably calculated to lead to the discovery of admissible evidence in *Navajo Nation v. United States*.

5. The CAPO and RRO entered in *Navajo Nation v. United States* also establish specific time frames in which the Navajo Nation shall locate, identify, and inventory documents, data, and tangible things in its possession, custody, or control containing

EXHIBIT
2

information that is relevant to Navajo Nation tribal trust assets or reasonably calculated to lead to the discovery of admissible evidence in *Navajo Nation v. United States*.

6. The CAPO and RRO entered in *Navajo Nation v. United States* also prohibit and protect the Navajo Nation and its departments, agencies, employees, officials, agents, and contractors from revealing or disseminating documents, data, and tangible things produced or discovered in the litigation to other than the *Navajo Nation v. United States'* parties and the court.

7. The failure of the Navajo Nation or its employees, officials, agents, or contractors to comply with the CAPO and RRO may not only damage the Navajo Nation's ability to successfully litigate *Navajo Nation v. United States* and recover the extensive monetary damages rightfully owed to the Navajo Nation, but may result in the court levying sanctions against the Navajo Nation or in some circumstances, against the responsible individual(s).

8. 2 N.N.C. §§ 1963 and 1964, vests the responsibility and authority for the legal needs of the Navajo Nation with the Attorney General of the Navajo Nation, including the necessary authority to litigate *Navajo Nation v. United States* and ensure compliance with the Rules of the Court of Federal Claims, the CAPO, the RRO and any subsequent court orders issued in that litigation.

THEREFORE:

I, Joe Shirley, Jr., President of the Navajo Nation by the authority vested in me pursuant to 2 N.N.C. §§ 1005(A) and C(14), hereby direct that:

1. All Navajo Nation Executive Branch employees, officials, agents, and contractors shall immediately take reasonable steps to comply with the provisions of the Rules of the Court of Federal Claims and the CAPO and the RRO issued in *Navajo Nation v. United States*, as well as any subsequent court orders issued in that litigation.

2. All Navajo Nation Executive Branch employees, officials, agents, and contractors shall immediately take reasonable steps to preserve and prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, mutation, negligent handling, or intentional mishandling of any documents, data, or tangible things, if such action would make that material incomplete or inaccessible, containing information that is relevant to Navajo Nation tribal trust assets or reasonably calculated to lead to the discovery of admissible evidence in *Navajo Nation v. United States*, even if record retention schedules, or other rules, manuals, or protocols would allow their destruction.

3. The Navajo Nation Executive Branch and its departments, employees, officials, agents, and contractors shall not move, relocate, or transport documents, data, or tangible things concerning or related to Navajo Nation tribal trust assets which are the subject of *Navajo Nation v. United States* from their current archive or repository without written authorization of the Attorney General of the Navajo Nation.

4. The Navajo Nation Executive Branch and its departments, employees, officials, agents, and contractors shall not disseminate documents, data, or tangible things containing information that is relevant to Navajo Nation tribal trust assets or reasonably calculated to lead to the discovery of admissible evidence in *Navajo Nation v. United States* to anyone besides Navajo Nation employees, officials, or authorized agents or contractors without written authorization of the Attorney General of the Navajo Nation.

5. The Navajo Nation Executive Branch and its departments, employees, officials, agents, and contractors shall not reveal or disseminate documents, data, or tangible things discovered or produced in *Navajo Nation v. United States* without written authorization of the Attorney General of the Navajo Nation.

6. The Attorney General of the Navajo Nation shall immediately issue policies and procedures necessary to guide affected Navajo Nation Executive Branch employees, officials, agents, and contractors in their compliance with this Order, the Rules of the Court of Federal Claims and the CAPO and the RRO issued in *Navajo Nation v. United States*, as well as subsequent court orders issued in that litigation.

7. All Navajo Nation Executive Branch employees, officials, agents, and contractors shall strictly adhere to policies and procedures, including compliance with all timelines, deadlines, issued by the Attorney General of the Navajo Nation concerning or related to this Order and the *Navajo Nation v. United States* litigation.

8. All Navajo Nation Executive Branch employees, officials, agents, and contractors shall treat and maintain policies and procedures issued under this Order as attorney-client privileged or attorney work-product protected, when so designated and instructed by the Attorney General of the Navajo Nation.

I hereby further direct that:

1. This Order shall apply to all Navajo Nation Executive Branch employees, officials, agents, and contractors and shall encompass documents, data, and tangible things in the possession, custody, or control of the Navajo Nation which currently exist or are hereafter created.

2. Navajo Nation Executive Branch employees and officials shall be held accountable for compliance with this Order and any policies and procedures issued hereunder as necessary to litigate *Navajo Nation v. United States*. Supervisors shall be held further accountable for their subordinates' compliance with this Order and any policies, protocols, or procedures issued hereunder.

3. This Order shall remain in effect during the pendency of *Navajo Nation v. United States* or until further action of the court. Any deviation from the provisions of this Order are prohibited except as expressly authorized by the Attorney General of the Navajo Nation.

I hereby further direct that this Order shall become effective immediately, be binding upon applicable Navajo Nation Executive Branch employees, officials, agents, and contractors and be subject to enforcement under the Navajo Nation Personnel Policies Manual.

Executed this 9th day of October, 2007.

Joe Shirley, Jr., President
THE NAVAJO NATION

ATTEST:

Louis Denetsosie, Attorney General
THE NAVAJO NATION

*Navajo Nation v. United States*, No. 06-945L
The United States Court of Federal Claims

# TRIBAL RECORDS PRESERVATION POLICIES

## I. AUTHORITY

A. On November 13, 2006, Navajo Nation President, Joe Shirley, Jr., signed Navajo Nation Council Legislation No. CN-57-06 into law authorizing the Attorney General of the Navajo Nation to file suit against the United States for breach of its fiduciary duties to the Navajo Nation relating to mismanagement of the Navajo Nation's tribal trust assets, including tribal trust funds, oil and gas, coal, uranium, vanadium, sand and gravel, and timber.

B. On December 29, 2006, the Navajo Nation, under the authorities of the Attorney General of the Navajo Nation, filed suit against the United States in the United States Court of Federal Claims seeking monetary damages from the United States for its mismanagement of Navajo Nation tribal trust assets. The lawsuit is captioned *Navajo Nation v. United States*, No. 06-945L.

C. On October 10, 2007, Navajo Nation President, Joe Shirley, Jr., issued Executive Order No. 03-2007 concerning *Navajo Nation v. United States*.

D. These Tribal Records Preservation Policies ("Policies") are issued by the Attorney General under Navajo Nation Executive Order No. 03-2007 and authorities delegated to the Attorney General by Title II of the Navajo Nation Code. The Attorney General's Title II delegation includes responsibility and authority for the legal needs of the Navajo Nation as necessary to litigate *Navajo Nation v. United States* and ensure compliance with the Rules of the Court of Federal Claims, the CAPO, the RRO and any subsequent orders issued in that litigation. *See, e.g.*, 2 N.N.C. §§ 1963(A), 1963(G), 1964(B), 1964(F), and 1965(A).

E. Pursuant to 2 N.N.C. § 1964(E), the Attorney General has retained outside legal counsel, the Nordhaus Law Firm, LLP, to litigate *Navajo Nation v. United States* on behalf of the Navajo Nation. The Attorney of Record for the Navajo Nation is Alan R. Taradash. Decisions on determining, locating, identifying, researching, reviewing, inventorying, preserving, retrieving, and producing relevant tribal documents, data and tangible things and any other matters falling under these Policies, the Rules of the Court of Federal Claims or the CAPO or the RRO issued in *Navajo Nation v. United States* are ultimately the province and function of the Attorney of Record.

## II. GENERAL

A. Under the rules of the Court of Federal Claims, the Navajo Nation has an ongoing duty and responsibility to locate, identify, and preserve tribal documents, data, and tangible things that are relevant to Navajo Nation tribal trust assets which are the subject of *Navajo Nation v. United States* or reasonably calculated to lead to the discovery of admissible evidence in the litigation.

**EXHIBIT 3**



*This document is attorney work product and an attorney-client privileged communication from the Attorney General of the Navajo Nation. Pursuant to Title II, section 1964 (G), of the Navajo Nation Code, this document or any section thereof may not be disseminated to other than Navajo Nation employees and officials without the express authorization of the Attorney General.*

B. The court in *Navajo Nation v. United States* has issued a Confidentiality and Protective Order ("CAPO"), incorporated here as Attachment "A", and a Records Retention Order ("RRO"), incorporated here as Attachment "B", wherein the Navajo Nation (including its divisions, departments, offices, programs, agencies, employees, officials, agents, and contractors) has an ongoing duty to preserve and not destroy Navajo Nation tribal documents, data, and tangible things containing information that is relevant to Navajo Nation tribal trust assets or reasonably calculated to lead to the discovery of admissible evidence in *Navajo Nation v. United States*.

C. The RRO issued in *Navajo Nation v. United States* also establishes specific time frames in which the Navajo Nation shall locate and identify the repositories and existing indices of Navajo Nation tribal documents, data, and tangible things containing information that is relevant to Navajo Nation tribal trust assets or reasonably calculated to lead to the discovery of admissible evidence in *Navajo Nation v. United States*.

D. The Navajo Nation's and its employees', officials', agents', or contractors' failure to comply with the CAPO and RRO may result in the court imposing sanctions against the Navajo Nation and, in some circumstances, against the responsible individual(s).

## III. PURPOSES

The purposes of these Policies are to ensure that:

A. The Navajo Nation, including its departments, programs, agencies, employees, officials, agents, and contractors comply with the Rules of the Court of Federal Claims and the CAPO and RRO issued in *Navajo Nation v. United States*; and

B. The process for locating, identifying, preserving, inventorying, indexing, retrieving, and producing relevant tribal documents, data, and tangible things is structured, controlled, efficient, orderly, and productive and preserves and records the chain of custody necessary to introduce such tribal documents, data, and tangible things as evidence in *Navajo Nation v. United States*.

## IV. SCOPE

A. These Policies shall apply to all Navajo Nation employees, officials, and affected agents and contractors and shall encompass documents, data, and tangible things in the possession, custody, or control of the Navajo Nation which currently exist or are hereafter created.

B. These Policies shall apply to the location, review, preservation, retrieval, inventorying, indexing, production, etc., of tribal documents, data and tangible things by the Navajo Nation, through its employees, officials, agents, and contractors. A separate agreement and protocols and procedures will be established to govern the review and retrieval, if any, of Navajo Nation documents, data, and tangible things by the United States.

C. These Policies shall remain in effect during the pendency of *Navajo Nation v. United States* or until further action of the court in that litigation. Any deviation from the



*This document is attorney work product and an attorney-client privileged communication from the Attorney General of the Navajo Nation. Pursuant to Title II, section 1964 (G), of the Navajo Nation Code, this document or any section thereof may not be disseminated to other than Navajo Nation employees and officials without the express authorization of the Attorney General.*

Policies stated herein is prohibited except as authorized in writing by the Office of the Attorney General or ordered by the court.

## V. DEFINITIONS

As used in these Policies, the CAPO, and the RRO, the following words and phrases shall have the following meanings:

A. "Documents, data, and tangible things" is to be interpreted broadly to include, without limitation, writings; records; files; contracts; leases; correspondence; reports; memoranda; calendars; diaries; minutes; electronic messages; voicemail; E-mail; telephone message records or logs; computer and network activity logs; hard drives; backup data; removable computer storage media such as tapes, disks, and cards; printouts; document image files; Web pages; databases; spreadsheets; software; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; digital or chemical process photographs; video; phonographic tape; or digital recordings, or transcripts thereof; drafts; jottings; and notes. The term also includes information that serves to identify, locate, or link documents, data, and tangible things, including, without limitation, file inventories, indices, and metadata.

B. "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data, and tangible things reasonably anticipated to be subject to discovery in *Navajo Nation v. United States*. Preservation includes taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, mutation, negligent handling, or intentional mishandling of any documents, data, or tangible things, if such action would make that material incomplete or inaccessible.

1. "Active records" shall include documents, data, and tangible things that are used in the current business of the department, program, or office.

2. "Inactive records" shall mean documents, data, and tangible things that are no longer used in the current business of the department, program, or office.

C. "Repository or Archive" shall mean the location where specific documents, data, and tangible things are stored.

D. "Record" shall mean book, bill, calendar, chart, check, compilation, computation, computer or network activity log, correspondence, data, database, diagram, diary, document, draft, drawing, e-mail, file, folder, film, graph, graphic presentation, image, index, inventory, invoice, jotting, journal, ledger, machine readable material, map, memo, metadata, minutes, note, order, paper, photograph, printout, recording, report, spreadsheet, statement, summary, telephone message record or log, transcript, video, voicemail, voucher, webpage, work paper, writing, or worksheet, or any other item or group of documentary material or information, regardless of physical or electronic format or characteristic, and any information therein, and copies, notes, and recordings thereof.



*This document is attorney work product and an attorney-client privileged communication from the Attorney General of the Navajo Nation. Pursuant to Title II, section 1964 (G), of the Navajo Nation Code, this document or any section thereof may not be disseminated to other than Navajo Nation employees and officials without the express authorization of the Attorney General.*

E. "Tribal trust assets" is to be interpreted broadly to include lands, natural resources, specifically including uranium, oil and gas, coal, timber, vanadium, sand, gravel, and money, specifically including tribal trust funds, that are or were held, managed, or administered by the Federal government in trust for the Navajo Nation or are subject to a restriction on alienation by the Federal government.

## VI. CONFIDENTIALITY LAWS AND PROPRIETARY RECORDS

A. The CAPO and RRO direct the production of confidential and proprietary records, but prohibit the United States and the Navajo Nation from disseminating records or documents, data, and tangible things produced in this litigation to anyone outside the *Navajo Nation v. United States* parties, their attorneys, and the court. In addition, as a result of the CAPO, section 86(A) of the Navajo Nation Privacy and Access to Information Act, 2 N.N.C. §81, *et seq*., allows disclosure to the United States in *Navajo Nation v. United States* of all records, not otherwise privileged or protected by the attorney-client privilege, the attorney-work product doctrine, or the deliberative process privilege.

B. The CAPO provides for disclosure to the *Navajo Nation v. United States* parties, their attorneys, and the court of tribal records notwithstanding other confidentiality provisions of the Privacy Act, 5 U.S.C. § 552a; the Trade Secrets Act, 18 U.S.C. § 1905; certain provisions of the National Historic Preservation Act, 16 U.S.C. § 470w-3; the Archeological Resources Protection Act, 16 U.S.C. § 470hh(a); the Indian Mineral Development Act, 25 U.S.C. § 2103(c); the Mineral Leasing Act, 30 U.S.C. § 208-1; the Surface Mining Control and Reclamation Act, 30 U.S.C. § 1201; the Federal Oil and Gas Royalty Management Act ("FOGRMA"), 30 U.S.C. § 1733; and the Defense Production Act, 50 U.S.C. App. § 2155(e); any regulation promulgated pursuant to any of the above Acts; and any other federal statute or regulation which protects federal records from public disclosure.

C. These Policies shall apply to records, documents, data, and tangible things subject to subsection (B) above and section 86(A) of the Navajo Nation Privacy and Access to Information Act, 2 N.N.C. § 81, *et seq.*

D. The Attorney of Record shall determine whether individual tribal records, documents, data, or tangible things are protected from disclosure to the United States by the attorney-client privilege, attorney work-product doctrine, or deliberative process privilege.

## VII. RECORD PRESERVATION

All Navajo Nation employees, officials, agents, and contractors shall immediately take reasonable steps to ensure the ongoing integrity and safe-guarding of documents, data, and tangible things, whether active or inactive records, reasonably anticipated to be subject to discovery in *Navajo Nation v. United States* and to ensure the preservation of such documents, data, and tangible things, even if record retention schedules, or other rules, manuals, or protocols would allow their destruction.

## VIII. RECORD MOVEMENT OR RELOCATION



*This document is attorney work product and an attorney-client privileged communication from the Attorney General of the Navajo Nation. Pursuant to Title II, section 1964 (G), of the Navajo Nation Code, this document or any section thereof may not be disseminated to other than Navajo Nation employees and officials without the express authorization of the Attorney General.*

The Navajo Nation and its departments, employees, officials, agents, and contractors shall not move, relocate, or transport documents, data, and tangible things concerning or related to tribal trust assets which are the subject of *Navajo Nation v. United States* from their current archive or repository without a written relocation plan approved by the Office of the Attorney General. Routine use and intra-office movement of active records is permitted without a written relocation plan.

## IX. DISSEMINATION OF POLICIES

A. The Office of the Attorney General shall provide a Key Point summary of these Policies which is to be posted in the offices of all Navajo Nation departments, offices, and programs during the pendency of *Navajo Nation v. United States*. Supervisors are responsible for assuring that subordinate employees, including new employees, review the Key Point summary of these Policies.

B. A full copy of these Policies, including underlying protocols and procedures, the CAPO, and the RRO are to be kept on file in the offices of all Navajo Nation divisions and made available to Navajo Nation employees, officials, and authorized agents and contractors.

C. The Navajo Nation Office of the Attorney General shall provide periodic training on these Policies, including underlying protocols and procedures, to affected Navajo Nation employees, officials, agents, and contractors.

D. Certain Navajo Nation divisions, departments, programs, and offices are more likely than others to come in contact with or handle records, documents, data, and tangible things that are relevant to tribal trust assets which are the subject of *Navajo Nation v. United States*. All employees and officials of the following divisions, departments, programs, and offices are to attend mandatory training by the Office of Attorney General and then must acknowledge in writing that they have read and understood these Policies, the CAPO and the RRO:

- Division of Economic Development
  - Administration
  - Support Services
  - Project Development
- Division of General Services
  - Administration
  - Department of Information Technology
  - Records Management Department
- Division of Natural Resources
  - All Departments
- Legislative Branch
  - Office of the Speaker
  - Office of Legislative Counsel
  - Office of Legislative Services
  - Reporting Section
  - Office of the Auditor General
- Navajo Environmental Protection Agency
- Navajo Nation Tax Commission



*This document is attorney work product and an attorney-client privileged communication from the Attorney General of the Navajo Nation. Pursuant to Title II, section 1964 (G), of the Navajo Nation Code, this document or any section thereof may __not__ be disseminated to other than Navajo Nation employees and officials without the express authorization of the Attorney General.*

Navajo Nation Washington Office
Office of the Attorney General
Office of the Controller
- Administration
- Systems Section
- Accounts Receivable Section
- Contract Accounting Section
- Procurement Section
- Contract Administration Section
- Accounts Payable Section
- Investment Section
- General Accounting Section
- Fixed Asset Section
- Property Management Section
- Real Property Section

Office of Management and Budget
- Administration
- Budget Section
- Management & Policy Section
- Contracts & Grants Section
- Systems Section

Office of the Navajo Nation Library
Office of the President and Vice-President

## X. ATTORNEY OF RECORD

The Attorney of Record for the Navajo Nation in *Navajo Nation v. United States* is

Alan R. Taradash, Esq.
NORDHAUS LAW FIRM, LLP
405 Dr. Martin Luther King Jr. Ave. N.E.
Albuquerque, New Mexico 87102

## XI. QUESTIONS CONCERNING THESE POLICIES

A. Questions concerning these Policies or responsibilities under these Policies must be fully addressed and resolved before the relocation, destruction, alteration, etc. of any document, data, or tangible thing that is relevant to Navajo Nation tribal trust assets which are the subject of *Navajo Nation v. United States* or reasonably calculated to lead to the discovery of admissible evidence in the litigation. Questions concerning these Policies should be addressed by the Navajo Nation Office of Attorney General before any action is taken. The Office of the Attorney General shall consult with the Attorney of Record as necessary.

B. Navajo Nation employees and officials within the Division of Natural Resources and Navajo Environmental Protection Agency should address any questions concerning these Policies to:

Veronica Blackhat, Staff Attorney



*This document is attorney work product and an attorney-client privileged communication from the Attorney General of the Navajo Nation. Pursuant to Title II, section 1964 (G), of the Navajo Nation Code, this document or any section thereof may not be disseminated to other than Navajo Nation employees and officials without the express authorization of the Attorney General.*

Natural Resources Unit
Navajo Nation Office of the Attorney General
(928) 871-6932/6933/6934

C. Navajo Nation employees and officials not within the Division of Natural Resources and Navajo Environmental Protection Agency should address any questions concerning these Policies to:

Diandra Benally, Staff Attorney
Human Services and Government Unit
Navajo Nation Office of the Attorney General
(928) 871-6935/6936/6937

## XII. PROCEDURES AND PROTOCOLS

The Navajo Nation Office of the Attorney General shall issue additional detailed procedures, protocols, and controls to govern the location, identification, inventorying, indexing, preservation, movement, retrieval, copying, production, etc., of documents, data, and tangible things relevant to Navajo Nation tribal trust assets which are the subject of *Navajo Nation v. United States* or reasonably calculated to lead to the discovery of admissible evidence in the litigation. Such procedures, protocols, and controls shall be incorporated into these Policies.

## XIII. COMPLIANCE

A. As stated in Executive Order No. 03-2007, supervisors, as well as employees and officials, are held accountable for compliance with these Policies and any protocols and procedures issued hereunder.

B. Non-compliance with the CAPO and RRO may subject the Navajo Nation and, in some circumstances, the responsible individual(s) to sanctions by the court.

C. Navajo Nation divisions, departments, programs, and offices shall periodically affirm their compliance with these Policies and the Protocols and Procedures.

## XIV. AMENDMENTS

These Policies shall be amended by the Attorney General as necessary to litigate *Navajo Nation v. United States* and comply with subsequent orders issued by the court.

## XV. EFFECTIVE DATE

These Policies shall become effective immediately.

Louis Denetsosie [signature]
Louis Denetsosie, Attorney General
The Navajo Nation

Date: October 10, 2007



*This document is attorney work product and an attorney-client privileged communication from the Attorney General of the Navajo Nation. Pursuant to Title II, section 1964 (G), of the Navajo Nation Code, this document or any section thereof may not be disseminated to other than Navajo Nation employees and officials without the express authorization of the Attorney General.*

*Navajo Nation v. United States, No. 06-945L*
The United States Court of Federal Claims

# TRIBAL RECORDS LOCATION AND PRESERVATION PROTOCOLS AND PROCEDURES

## I. GENERAL

A. These Tribal Records Location and Preservation Protocols and Procedures ("Protocols & Procedures") are issued under the authority of the Attorney General of the Navajo Nation, as well as Executive Order No. 03-2007, and the Tribal Records Preservation Policies ("Policies") issued by the Attorney General on October 10, 2007. The provisions, including definitions, of the Policies shall apply to these Protocols & Procedures.

B. Exact procedures for researching and reviewing the Navajo Nation's documents, data, and tangible things (hereinafter "tribal records") will depend on the location of the record repositories; the volume of the record collection; the inventories and indices available; the location at which the research is to be done; directives of the court or discovery schedules; and specific arrangements made with individual divisions, departments, programs, and offices. Whatever the particular circumstances, the primary goal of record research and review procedures must be to ensure that the process is controlled, efficient, orderly, and productive and that the information and data generated by research and review is secure and preserves the chain of custody necessary to introduce such tribal records as evidence in *Navajo Nation v. United States*.

C. These Protocols & Procedures shall apply to records in the possession, custody, or control of the Navajo Nation and are not intended to apply to the Attorney of Record's or Navajo Nation's research and review of records in the possession, custody, or control of the United States.

## II. RECORDS PRESERVATION AND SECURITY

A. These Protocols & Procedures are intended to ensure the security of tribal records and the integrity of the litigation database. The primary goals of security protocols and underlying procedures are to maintain the integrity of tribal records and the litigation database in order to preserve the chain of custody necessary to introduce tribal records as evidence in *Navajo Nation v. United States*; to protect tribal records, particularly privileged records, from inadvertent disclosure, and to comply with the Rules of the Court of Federal Claims and the Confidentiality Agreement and Protection Order ("CAPO") and the Record Retention Order ("RRO") issued in *Navajo Nation v. United States*.

B. As set forth in sections V and VII of the Policies, Navajo Nation employees, officials, agents, and contractors shall immediately take reasonable steps to ensure the ongoing preservation of tribal records, whether active or inactive records, reasonably anticipated to be subject to discovery in *Navajo Nation v. United States*, even if record retention schedules, or other rules, manuals, or protocols would allow their destruction.

EXHIBIT
4



*This document is attorney work product and an attorney-client privileged communication from the Attorney General of the Navajo Nation. Pursuant to Title II, section 1964 (G), of the Navajo Nation Code, this document or any section thereof may not be disseminated to other than Navajo Nation employees and officials without the express authorization of the Attorney General.*

"Preservation" is to be interpreted broadly and includes taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, mutation, negligent handling, or intentional mishandling of any tribal record, if such action would make that material incomplete or inaccessible.

C. As set forth in section VIII of the Policies, Navajo Nation employees, officials, agents, and contractors shall not move, relocate, or transport tribal records concerning or related to tribal trust assets which are the subject of *Navajo Nation v. United States* from their current archive or repository without a written relocation plan approved by the Navajo Nation Office of the Attorney General. Routine use and intra-office movement of active records is permitted without a written relocation plan.

D. Anyone, including attorneys, legal staff, experts, research consultants and their staff, as well as copy personnel, Navajo Nation employees and officials, witnesses, court reporters, or computer personnel, who will be given access to records protected by the CAPO, must review the CAPO and sign and date the following statement prior to their access to or disclosure of records protected by the CAPO:

> I, acknowledge that I have read the Confidentiality Agreement and Protective Order which was approved and entered by the United States Court of Federal Claims in Navajo Nation v. United States, No. 06-945L, on May 8, 2007. I understand the Order and agree to comply with its requirements for all record access or disclosure that is provided to me pursuant to the Order.

## III. PREPARATION, PLANNING AND TRAINING

A. Thorough preparation, planning, and training are crucial to the success of record location, research, review, and retrieval. Lack of planning, including proper training, will severely undermine these efforts and may result in some or all of the work having to be re-done, increasing costs to the Navajo Nation and possibly even damaging the litigation.

B. Section 4 of the RRO issued in *Navajo Nation v. United States* directs the Navajo Nation to establish policies, procedures and controls for monitoring compliance with the RRO and to report such policies, procedures and controls to the court by November 12, 2007. Training is a vital component of the control process. Accordingly, current employees and officials of the departments, programs, and offices identified in section (V) below must attend training sessions provided by the Navajo Nation Office of the Attorney General on the Policies and these Protocols & Procedures no later than October 31, 2007. The Office of the Attorney General shall publish a list of the time and place of such training sessions. Executive Order No. _- 2007 establishes that attendance at such training shall be mandatory.

C. In addition to the initial training set forth in section (B) above, the Navajo Nation Office of the Attorney General will provide periodic training on the Policies and these Protocols & Procedures to new and current employees and officials of the departments, programs, and offices identified in section (V) below. The Office of the Attorney General shall publish a list of the time and place of such training sessions. Executive Order No. _- 2007 establishes that attendance at such training shall be mandatory.



*This document is attorney work product and an attorney-client privileged communication from the Attorney General of the Navajo Nation. Pursuant to Title II, section 1964 (G), of the Navajo Nation Code, this document or any section thereof may not be disseminated to other than Navajo Nation employees and officials without the express authorization of the Attorney General.*

D. Issues which must be taken into account during the planning phase include, but are not limited to:

1. The location and volume of potentially relevant tribal records;

2. The availability and extent of record inventories and indexes;

3. The medium(s) on which records are stored or archived;

4. The time frame(s), including, but not limited to, deadlines set by the court, in which the review and retrieval need to be accomplished;

5. Needed personnel, training, infrastructure, equipment, supplies;

6. Facilities available for record review, including the hours of operation;

7. Overall projected costs and funding.

E. Sustained cooperation and communication between the Navajo Nation Office of the Attorney General, Attorney of Record and his staff, and the involved Navajo Nation employees and officials will be vital to the success of the record location, research, review, and retrieval efforts.

## IV. ATTORNEY ASSIGNMENTS

A. The Attorney of Record for the Navajo Nation in *Navajo Nation v. United States* is

Alan R. Taradash, Esq.
NORDHAUS LAW FIRM, LLP
405 Dr. Martin Luther King Jr. Ave. N.E.
Albuquerque, New Mexico 87102

B. The Navajo Nation Office of the Attorney General shall coordinate and oversee the implementation of the Policies and these Protocols & Procedures and be responsible for communication with the Attorney of Record.

1. The Division of Natural Resources and Navajo Environmental Protection Agency should address their questions about the Policies or these Protocols & Procedures, as well as submit any required information, to:

Veronica Blackhat, Staff Attorney
Natural Resources Unit
Navajo Nation Office of the Attorney General
(928) 871-6932/6933/6934

2. Divisions, departments, programs, and offices not within the Division of Natural Resources and Navajo Environmental Protection Agency should address their



*This document is attorney work product and an attorney-client privileged communication from the Attorney General of the Navajo Nation. Pursuant to Title II, section 1964 (G), of the Navajo Nation Code, this document or any section thereof may not be disseminated to other than Navajo Nation employees and officials without the express authorization of the Attorney General.*

questions about the Policies or these Protocols & Procedures, as well as submit any required information, to:

Diandra Benally, Staff Attorney
Human Services and Government Unit
Navajo Nation Office of the Attorney General
(928) 871-6935/6936/6937

V. DEPARTMENT, PROGRAM, OFFICE LIAISON

A. As was stated in the Policies, certain Navajo Nation divisions, departments, programs, and offices are more likely than others to come in contact with or handle records concerning relevant Navajo Nation tribal trust assets. To ensure that the record location, research and review process is controlled, efficient, orderly, and productive, the following listed divisions and offices shall assign a Liaison(s) to work with the Navajo Nation Office of the Attorney General in the document location process:

Division of Economic Development
- Administration
- Support Services
- Project Development

Division of General Services
- Administration
- Department of Information Technology
- Records Management Department

Division of Natural Resources

Legislative Branch
- Office of the Speaker
- Office of Legislative Services
- Reporting Section
- Office of the Auditor General

Navajo Environmental Protection Agency

Navajo Nation Tax Commission

Navajo Nation Washington Office

Office of the Attorney General

Office of the Controller
- Administration
- Systems Section
- Accounts Receivable Section
- Contract Accounting Section
- Procurement Section
- Contract Administration Section
- Accounts Payable Section
- Investment Section
- General Accounting Section
- Fixed Asset Section
- Property Management Section
- Real Property Section

Office of Management and Budget



*This document is attorney work product and an attorney-client privileged communication from the Attorney General of the Navajo Nation. Pursuant to Title II, section 1964 (G), of the Navajo Nation Code, this document or any section thereof may not be disseminated to other than Navajo Nation employees and officials without the express authorization of the Attorney General.*

Administration
Budget Section
Management & Policy Section
Contracts & Grants Section
Systems Section
Office of the Navajo Nation Library
Office of the President and Vice-President

B. The name and contact information, including e-mail address, of the assigned Liaison(s) for each of the divisions, departments, programs, and offices identified above must be received by the Navajo Nation Office of the Attorney General no later than October 16, 2007. This information must be forwarded to the Navajo Nation Office of the Attorney General even if it has previously been forwarded to the Attorney of Record.

C. As the tribal document location process progresses, additional divisions, departments, programs, and offices may be added to the list in subsection (A) above as discovery and litigation requirements dictate.

## VI. INITIAL LOCATION OF POTENTIALLY RELEVANT TRIBAL RECORDS

A. Section 3(a) of the RRO issued in *Navajo Nation v. United States* directs the Navajo Nation to identify all its repositories of tribal records that are potentially relevant to Navajo Nation tribal trust assets which are the subject of *Navajo Nation v. United States* or reasonably calculated to lead to the discovery of admissible evidence in the litigation and to submit a list of all such repositories to the United States by January 14, 2008.

B. To aid in planning and developing an efficient and cost effective record retrieval and recovery process, the first step in record location is to identify where potentially relevant records are stored or archived. Such identification must include an identification of the location of the repositories where such records, whether active or inactive, are stored or archived; an estimation of the volume of such records; description of the medium or form on which such records are stored or archived; general description of the subject matter or contents and time frames of such records; and identification of any existing indices or inventories of such records.

C. The initial identification of the locations of where potentially relevant records are stored or archived shall be the responsibility of the respective division, department, program, or office through its Liaison.

D. For the initial location of relevant tribal records, the Liaison shall:

1. Identify the locations where relevant division, department, program, office records, whether active or inactive, are physically stored or archived;

2. Estimate the volume of such records stored at each location;

3. Identify the source, general subject matter or content, and time frames of such records, e.g., "Office of the Controller, Assistant Controller BIA Statements from



*This document is attorney work product and an attorney-client privileged communication from the Attorney General of the Navajo Nation. Pursuant to Title II, section 1964 (G), of the Navajo Nation Code, this document or any section thereof may not be disseminated to other than Navajo Nation employees and officials without the express authorization of the Attorney General.*

1972 to 1976" or "Office of the President, Chairman Correspondence with Secretary of Interior from 1984-1989";

4. Identify the medium or form, e.g., paper, electronic database, microfiche, etc., on which such records are stored or archived;

5. Identify, describe, and attach any existing inventories or indices, whether at the box level, file level, or document level, of such records; and

6. Complete and submit Form "NN-1" to the Navajo Nation Office of the Attorney General by December 14, 2007.

E. The division, department, program, or office shall not transport or move the identified relevant records from their storage or archived location except as expressly authorized by these Protocols & Procedures or the Navajo Nation Office of the Attorney General.

## VII. IDENTIFICATION OF INVENTORIES AND INDICES

A. To aid in planning and developing an efficient and cost-effective record retrieval and recovery process, the second step in tribal record location will be to inventory and index the potentially relevant tribal records that have been located.

B. As stated in section VII(D)(5) above, on Form "NN-1", the Liaison shall identify and describe each existing inventory or index of potentially relevant tribal records, whether at the box level, file level or document level. The Liaison shall also attach any existing hard-copy of the inventory or index to Form "NN-1". When an electronic copy of the inventory or index is available, the Liaison shall not attach or transmit the electronic copy until they have received instructions from the Navajo Nation Office of the Attorney General.

C. The level and degree of inventorying and indexing necessary for each division, department, program, or office will be dependent on the availability of existing inventories and indices and the requirements of the litigation discovery process. Accordingly, the Navajo Nation Office of the Attorney General shall develop a specific inventorying and indexing plan for each affected division, department, program, or office.

D. The division, department, program, or office shall not attempt to create inventories or indices for use in *Navajo Nation v. United States* except as expressly authorized by the Navajo Nation Office of the Attorney General. The division, department, program, or office shall immediately contact the Navajo Nation Office of the Attorney General for guidance if other matters necessitate the creation of inventories or indices regarding the same records.

## VIII. PLANNING FOR REVIEW AND RETRIEVAL OF RELEVANT TRIBAL RECORDS

A. Detailed planning is necessary to ensure that the process for reviewing and retrieving relevant tribal records is controlled, efficient, orderly, and productive and that the records reviewed and identified for retrieval are properly catalogued, preserved, and traceable.



*This document is attorney work product and an attorney-client privileged communication from the Attorney General of the Navajo Nation. Pursuant to Title II, section 1964 (G), of the Navajo Nation Code, this document or any section thereof may not be disseminated to other than Navajo Nation employees and officials without the express authorization of the Attorney General.*

B. For purposes of planning for the retrieval of relevant tribal records, the Liaison shall also provide the Navajo Nation Office of the Attorney General with the information following by December 14, 2007:

1. Physical and electronic access to the identified potentially relevant division, department, program, or office records;

2. Pre-existing documentation available on search techniques for the electronic databases, if any, wherein the identified relevant division, department, program, or office records are stored or archived; and

3. A summary of the division, department, program, or office copying and scanning resources and facilities, if any, available for use in the review and retrieval of relevant records, including:

a. a description, e.g., make and model, of the copying and/or scanning equipment and its capacity available for use at the division, department, program, or office;

b. a description of facilities, e.g., 200 sq. ft conference room, 4 x 8 ft. work station, and their security, e.g., locking, exposed, etc., available for use at the division, department, program, or office; and

c. a description of the availability of division, department, program, or office personnel, if any, able to assist in the copying and scanning efforts.

C. The Navajo Nation Office of the Attorney General will use the information provided above to determine the most secure and efficient manner to review and retrieve division, department, program, or office records for processing into the litigation database.

D. Depending on the availability of resources and other necessary requirements, the actual review and retrieval of tribal documents may take place at the division, department, program, or office where the records are stored or may take place at a secure off-site location. The Navajo Nation Office of the Attorney General will develop a specific plan for the review and retrieval of each division, department, program, or office's records, including transportation to an off-site location, if necessary.

## IX. TRANSPORT OF TRIBAL RECORDS

A. If it is finally determined by the Navajo Nation Office of the Attorney General that resources do not allow for efficient on-site record review and retrieval, the identified records must be transported off-site to the Attorney of Record's review and retrieval site.

B. Planning and preparation is necessary to ensure that records transported off-site are not only preserved and closely tracked, but returned, when necessary, to the division, department, program, or office after the need for such records is completed.



*This document is attorney work product and an attorney-client privileged communication from the Attorney General of the Navajo Nation. Pursuant to Title II, section 1964 (G), of the Navajo Nation Code, this document or any section thereof may not be disseminated to other than Navajo Nation employees and officials without the express authorization of the Attorney General.*

C. The Navajo Nation Office of the Attorney General, after consultation with the division, department, program, or office Liaison, will determine the most cost-efficient and secure mode of transport to transfer the identified records from the custody of the division, department, program, or office to the Attorney of Record's off-site review and retrieval site.

D. The division, department, program, or office shall not box or transport the identified records from their storage or archived location except as expressly authorized by the Navajo Nation Office of the Attorney General.

X. RESEARCH, REVIEW AND RETRIEVAL OF TRIBAL RECORDS

A. RESPONSIBILITY: After the repositories for relevant tribal records are identified, the actual review and retrieval of division, department, program, or office records and processing into the litigation database shall be accomplished only under the supervision of the Attorney of Record or his designee.

B. RESEARCH SECURITY: Experts, research consultants and their staff, and other agents retained by the Attorney of Record or assigned through the Navajo Nation Office of the Attorney General to assist in the review and retrieval of tribal records must all sign and date the Nordhaus Law Firm Confidentiality and Non-Disclosure Agreement prior to researching or handling tribal or case records.

The text of the Agreement is as follows:

The Navajo Nation has assigned or retained certain experts, consultants, legal assistants, and other staff personnel to assist in gathering information in the litigation of <u>Navajo Nation v. United States</u>, Docket No. 06-945L, in the United States Court of Federal Claims. By signature appearing below, the signatory acknowledges that:

i. All of the information and documents presented, reviewed, or discussed in any manner as part of the preparation for litigation are private and confidential. During the course of the gathering of information, there will be no discussion of any matter relating to the information obtained with anyone other than those directly employed by the Navajo Nation, and the Navajo Nation's representatives, Attorney of Record, consultants, experts, and staff.

ii. The information being gathered is confidential. Any books, papers, data, maps, photographs, work papers, notes, memoranda, communications, e-mails, machine readable materials, or information, regardless of physical or electronic format or characteristic of any kind whatsoever that is used is confidential and shall not be disclosed to any person not listed in paragraph (i) without prior written consent of the Navajo Nation's Attorney of Record or Attorney General.

I hereby acknowledge having read, understood, and agreed to each and every term and condition stated herein above.



*This document is attorney work product and an attorney-client privileged communication from the Attorney General of the Navajo Nation. Pursuant to Title II, section 1964 (G), of the Navajo Nation Code, this document or any section thereof may <u>not</u> be disseminated to other than Navajo Nation employees and officials without the express authorization of the Attorney General.*

C. RESEARCH PROCEDURES: Exact procedures for access to and tagging of records for processing into the litigation database will depend on the repository and record collection which the researcher is reviewing. The Attorney of Record shall develop detailed protocols and procedures encompassing records' research, review, and retrieval at each repository and for each record collection.

## XI. DESTRUCTION OR LOSS OF TRIBAL RECORDS

A. Navajo Nation employees, officials, agents, and contractors shall immediately notify the Navajo Nation Office of the Attorney General if, at any time, they become aware of the destruction or loss of any tribal record which could reasonably be anticipated to be subject to discovery in *Navajo Nation v. United States*. The Navajo Nation Office of the Attorney General shall immediately notify the Attorney of Record of such destruction or loss.

B. Beginning with Calendar Year 2008, divisions, departments, programs, and offices shall affirm to the Office of the Attorney General that they have complied with the Policies and these Procedures & Protocols and have reported any instances of destruction or loss of tribal record which could reasonably be anticipated to be subject to discovery in *Navajo Nation v. United States*.

## XII. AMENDMENTS

These Protocols & Procedures may and will be amended and revised as the record location, research, review, and retrieval efforts progress and circumstances require.

## XIII. EFFECTIVE DATE

These Protocols & Procedures shall become effective immediately.

Louis Denetsosie [signature]

Louis Denetsosie, Attorney General
The Navajo Nation

Date: October 10, 2007



*This document is attorney work product and an attorney-client privileged communication from the Attorney General of the Navajo Nation. Pursuant to Title II, section 1964 (G), of the Navajo Nation Code, this document or any section thereof may not be disseminated to other than Navajo Nation employees and officials without the express authorization of the Attorney General.*

The Legislative Branch
The Navajo Nation

GREAT SEAL OF THE NAVAJO NATION

*Lawrence T. Morgan*
*Speaker of the Navajo Nation Council*

MEMORANDUM

DATE: November 6, 2007

TO: Navajo Nation Legislative Branch Program Managers

FROM: Lawrence T. Morgan, Speaker
Navajo Nation Council

SUBJECT: Navajo Nation v. United States, No. 06-945L, Records Retention Order (RRO), Confidentiality Agreement and Protection Order (CAPO), Tribal Records Preservation Policies, Tribal Records Location and Preservation Protocols and Procedures, Additional Training of Legislative Branch Employees

Attached are the RRO, and CAPO, issued by the United States Court of Federal Claims, and Tribal Records Preservation Policies, and Tribal Records Location and Preservation Protocols and Procedures issued by the Navajo Nation Attorney General in the above-captioned matter. As the supervisor of all programs within the Navajo Nation Legislative Branch, I direct that all Navajo Nation Legislative Branch employees comply with the court orders and these tribal records policies and protocols. Please keep a full copy of these documents in a file in your program office and ensure that they are accessible by Navajo Nation Legislative Branch employees and officials, upon request.

As well, Legislative Branch program managers for the Office of the Speaker, Office of Legislative Counsel, Office of Legislative Services, and Office of the Auditor are advised that the employees under their supervision who have not yet attended the Training on CAPO and RRO must do so. Please contact Frank Seanez, Office of Legislative Counsel at (928) 871-7166 to make arrangements for such training, which will be provided by the Nordhaus Law Firm, in coordination with the Navajo Nation Office of the Attorney General. All new employees within your programs will also be required to attend such training. Your cooperation with these directions is appreciated.

cc: Dana Bobroff
Diandra Benally

EXHIBIT
5

**NAVAJO NATION DEPARTMENT OF JUSTICE**
*OFFICE OF THE ATTORNEY GENERAL*

Louis Denetsosie
ATTORNEY GENERAL

Harrison Tsosie
DEPUTY ATTORNEY GENERAL

**ATTORNEY WORK PRODUCT and ATTORNEY-CLIENT PRIVILEGED**

MEMORANDUM

TO: Patrick Sandoval, Chief of Staff
Office of the President

: Maxine Etter, Executive Staff Assistant
Office of the Vice-President

: Arbin Mitchell, Division Director
Division of Community Development

: Mark Grant, Controller
Office of the Controller

: Eddie Biakeddy, Deputy Division Director
Department of Diné Education

: Allan S. Begay, Division Director
Division of Economic Development

: Stephen B. Etsitty, Executive Director
Environmental Protection Agency

: Kenneth Peterson, Division Director
Division of General Services

: Anslem Roanhorse, Division Director
Division of Health

: Roman Bitsuie, Executive Director
Navajo-Hopi Land Commission Office

: Lawrence Oliver, Division Director
Division of Human Resources

: Dominic Beyal, Executive Director
Office of Management & Budget

: Arvin Trujillo, Division Director
Division of Natural Resources

EXHIBIT
6

P.O. Box 2010 • Window Rock, AZ 86515 • (928) 871-6343 • FAX NO. (928) 871-6177

: Samson Cowboy, Division Director
Division of Public Safety

: Cora Maxx-Phillips, Division Director
Division of Social Services

: Mary Etsitty, Executive Director
Office of Navajo Tax Commission

: Sharon Clahchischilliage , Executive Director
Navajo Nation Washington Office

FROM: [signature]
Louis Denetsosie, Attorney General
Office of the Attorney General

DATE: October 10, 2007

SUBJECT: **COMPLIANCE WITH EXECUTIVE ORDER NO. 03- 2007 and COURT ORDERS ISSUED IN *NAVAJO NATION V. UNITED STATES***

On October 10, 2007, President Shirley issued Executive Order No. 03-2007 (attached) concerning *Navajo Nation v. United States*, No. 06-945L, United States Court of Federal Claims. Under the authority of the Executive Order and the Title II authorities of the Attorney General, I have issued TRIBAL RECORDS PRESERVATION POLICIES (attached) and TRIBAL RECORDS LOCATION AND PRESERVATION PROTOCOLS AND PROCEDURES (attached) which are necessary to litigate *Navajo Nation v. United States* and ensure compliance with court orders issued in the litigation. I have also issued TRIBAL RECORDS PRESERVATION POLICIES - KEY POINTS (attached) which summarize the policies, protocols and procedures.

In the very near future, the Office of the Attorney General will schedule training for all affected personnel on the documents identified above, as well as the court orders. A memorandum will be forthcoming announcing the training schedule. In the mean time, **the document titled TRIBAL RECORDS PRESERVATION POLICIES - KEY POINTS must be immediately posted in the offices of all Navajo Nation divisions, departments, offices, and programs.** The posting of this summary is vital to the Navajo Nation's compliance with the court orders issued in *Navajo Nation v. United States*. Please ensure that it is immediately posted in all departments, programs, and offices under your authority.

To assist the attorneys in demonstrating to the court that the Navajo Nation has complied with its responsibilities under the court orders, please **complete the Tribal Records Preservation Policies Receipt and Posting Confirmation Form (attached) and return to the Office of the Attorney General no later than October 16, 2007.**

As stated in section (V) of the TRIBAL RECORDS LOCATION AND PRESERVATION PROTOCOLS AND PROCEDURES, certain divisions, departments, programs, and offices are more likely than others to come in contact with or handle records concerning or relevant to the matters in *Navajo Nation v. United States*. **If your division or office is listed in section (V), please complete the Liaison Assignment Form (attached) and return it to the Office of the Attorney General no later than October 16, 2007.** Even if you have previously assigned a Liaison, please include current information on the Liaison Assignment form and return to the Office of the Attorney General no later than October 16, 2007.

The Division of Natural Resources and the Navajo Environmental Protection Agency should direct any questions about this memorandum, as well as submit the required forms, to:

Veronica Blackhat, Staff Attorney
Natural Resources Unit
Navajo Nation Department of Justice
(928) 871-6932/6933/6934

Divisions and offices not within the Division of Natural Resources or the Navajo Environmental Protection Agency should direct any questions about this memorandum, as well as submit the required forms, to:

Diandra Benally, Staff Attorney
Human Services and Government Unit
Navajo Nation Department of Justice
(928) 871-6935/6936/6937

In *Navajo Nation v. United States*, the Navajo Nation is seeking substantial monetary damages from the United States for its mismanagement of Navajo Nation tribal trust assets. To successfully litigate *Navajo Nation v. United States* and recover the substantial monetary damages rightfully owed to the Navajo Nation will require the prolonged cooperation of all divisions, departments, programs, offices, employees, and officials. Thank you in advance for your continued cooperation and efforts in this matter.

Attachments:
Executive Order No. 03- 2007
TRIBAL RECORDS PRESERVATION POLICIES
  Confidentiality Agreement and Protective Order
  Record Retention Order
TRIBAL RECORDS LOCATION AND PRESERVATION PROTOCOLS AND PROCEDURES
  Tribal Record Repository Identification Form: NN-1
TRIBAL RECORDS PRESERVATION POLICIES - KEY POINTS
Tribal Records Preservation Policies Receipt and Posting Form
Liaison Assignment Form

xc: Honorable Dr. Joe Shirley, Jr.
President, The Navajo Nation

: Honorable Lawrence Morgan
Speaker, The Navajo Nation Council

: Michele Dotson, Legal Counsel
Office of the President/Vice-President

: Raymond C. Etsitty, Legislative Counsel
Office of Legislative Counsel

: Diandra Benally, Staff Attorney
Human Services and Government Unit
Department of Justice

: Veronica Blackhat, Staff Attorney
Natural Resources Unit
Department of Justice

*Navajo Nation v. United States, No. 06-945L*
The United States Court of Federal Claims

TRIBAL RECORDS PRESERVATION POLICIES

# KEY POINTS

## PURPOSE

A. This Key Point summary is intended only as a general overview of the detailed provisions set forth in the Tribal Records Preservation Policies ("Policies") and Tribal Records Location and Preservation Protocols and Procedures ("Protocols & Procedures") issued by the Attorney General of the Navajo Nation on October 10, 2007.

B. If there are any inconsistencies between this Key Point summary and the Policies or Protocols & Procedures, the Policies or Protocols & Procedures, as applicable, shall control.

## BACKGROUND

A. On December 29, 2006, the Navajo Nation filed a lawsuit against the United States in the United States Court of Federal Claims seeking monetary damages from the United States for its mismanagement of Navajo Nation tribal trust assets, including tribal trust funds, oil and gas, coal, uranium, vanadium, sand and gravel, and timber. The lawsuit is captioned *Navajo Nation v. United States*, No. 06-945L.

B. The court in *Navajo Nation v. United States* has issued Confidentiality and Protective Order ("CAPO") and a Records Retention Order ("RRO") applying to the Navajo Nation, including its divisions, departments, programs, offices, agencies, employees, officials, agents, and contractors.

C. The failure of the Navajo Nation, including its divisions, departments, programs, offices agencies, employees, officials, agents, or contractors, to comply with the terms of the CAPO and the RRO may damage the Navajo Nation's ability to litigate *Navajo Nation v. United States*, as well as subject the Navajo Nation and, in some circumstances, the responsible individual(s) to sanctions by the court.

D. On October 10, 2007, Navajo Nation President, Joe Shirley, Jr., issued Executive Order No. 03- 2007 which directs that all Executive Branch employees and officials comply with the CAPO, the RRO, and any



EXHIBIT 7

*This document is to be posted in all Navajo Nation divisions, departments, programs, and offices.*

underlying policies, protocols or procedures issued by the Attorney General.

## SUMMARY OF BASIC DUTIES

The CAPO and RRO establish four basic *ongoing* duties for all Navajo Nation employees, officials, and affected agents and contractors:

A. To ***preserve*** **and *not destroy* tribal documents, data, and tangible things containing information concerning Navajo Nation tribal trust assets**, including tribal trust funds, oil and gas, coal, uranium, vanadium, sand and gravel, and timber;

B. To establish policies, procedures, and controls to govern the preservation of tribal documents, data, and tangible things containing information concerning Navajo Nation tribal trust assets and to report such policies, procedures, and controls to the court by November 12, 2007;

C. To identify the repositories where tribal records, documents, data, and tangible things containing information concerning Navajo Nation tribal trust assets are stored and report such information to the United States by January 14, 2008; and

D. To restrict the dissemination of records, documents, data, and tangible things containing information concerning Navajo Nation tribal trust assets to the parties in *Navajo Nation v. United States* and the court.

## IMPORTANT DEFINITIONS

As used in the CAPO, the RRO, the Policies, and the Protocols & Procedures, the following words and phrases have the following meanings:

A. "Documents, data, and tangible things" is to be interpreted broadly to include, without limitation, writings; records; files; contracts; leases; correspondence; reports; memoranda; calendars; diaries; minutes; electronic messages; voicemail; E-mail; telephone message records or logs; computer and network activity logs; hard drives; backup data; removable computer storage media such as tapes, disks, and cards; printouts; document image files; Web pages; databases; spreadsheets; software; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; digital or chemical process photographs; video; phonographic tape; or digital recordings, or transcripts thereof; drafts; jottings; and notes. The term also

includes information that serves to identify, locate, or link documents, data, and tangible things, including, without limitation, file inventories, indices, and metadata.

B. "Preservation" is to be interpreted broadly and includes taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, mutation, negligent handling, or intentional mishandling of any documents, data, or tangible things, if such action would make that material incomplete or inaccessible.

C. "Record" shall mean book, bill, calendar, chart, check, compilation, computation, computer or network activity log, correspondence, data, database, diagram, diary, document, draft, drawing, e-mail, file, folder, film, graph, graphic presentation, image, index, inventory, invoice, jotting, journal, ledger, machine readable material, map, memo, metadata, minutes, note, order, paper, photograph, printout, recording, report, spreadsheet, statement, summary, telephone message record or log, transcript, video, voicemail, voucher, webpage, work paper, writing, or worksheet, or any other item or group of documentary material or information, regardless of physical or electronic format or characteristic, and any information therein, and copies, notes, and recordings thereof.

SUMMARY OF SPECIFIC TASKS

A. This Key Point summary is to be posted in the offices of all Navajo Nation divisions, departments, offices, and programs until the *Navajo Nation v. United States* litigation is completed.

B. Full copies of the Policies, the Protocols & Procedures, the CAPO, and the RRO are available from the Navajo Nation Office of the Attorney General.

**C. All Navajo Nation employees, officials, and affected agents and contractors are subject to *immediate and ongoing obligations to preserve and not destroy* tribal records, documents, data, and tangible things containing information concerning Navajo Nation tribal trust assets.**

D. The Office of the Attorney General shall coordinate and oversee the implementation of the CAPO, the RRO, the Policies, and the Protocols & Procedures, including providing training to affected employees and officials.

E. **By October 16, 2007**, the divisions and offices listed in section (V) of the Protocols & Procedures shall appoint a Liaison(s) to coordinate the

responsibilities of their division, department, program, and office under the CAPO, the RRO, the Policies, and the Protocols & Procedures.

F. **By October 31, 2007**, all employees and officials from the divisions, departments, programs, and offices listed in section (V) of the Protocols & Procedures are required to attend mandatory training on the CAPO, the RRO, the Policies, and the Protocols & Procedures and then acknowledge in writing that they have received training on and understand the CAPO, the RRO, the Policies, and the Protocols & Procedures.

G. **By December 14, 2007**, the Liaisons for the divisions, departments, programs, and offices listed in section (V) of the Protocols & Procedures shall provide the Office of the Attorney General with a listing of their repositories of tribal records, documents, data, and tangible things containing information concerning Navajo Nation tribal trust assets and copies of any existing inventories or indices.

H. Navajo Nation employees, officials, and affected agents and contractors shall not box, move, relocate or transport tribal records, documents, data, or tangible things containing information concerning Navajo Nation tribal trust assets without the express authorization of the Office of the Attorney General. Movement within the division or office and routine use of active records is permitted without express authorization.

I. Everyone who is provided access to records, documents, data, and tangible things produced in discovery from the United States in *Navajo Nation v. United States* shall comply with the CAPO and acknowledge in writing that they have read and understood the CAPO.

J. Navajo Nation employees, officials, agents, and contractors shall not reveal or disseminate documents, data and tangible things discovered or produced in *Navajo Nation v. United States* without written authorization of the Attorney General of the Navajo Nation.

K. Navajo Nation employees, officials, agents, and contractors shall immediately notify the Office of the Attorney General if, at any time, they become aware of the destruction or loss of any tribal records, documents, data, or tangible things containing information concerning Navajo Nation tribal trust assets.

L. At the end of each Calendar Year 2008 quarter and subsequent year quarters, divisions, departments, programs and offices shall affirm to the Office of the Attorney General that they have complied with the Policies, and the Protocols & Procedures.

# KEY POINTS

QUESTIONS

A. Employees and officials within the Division of Natural Resources and the Navajo Environmental Protection Agency should address their questions about the CAPO, the RRO, the Policies, or the Protocols & Procedures to:

Veronica Blackhat, Staff Attorney
Natural Resources Unit
Navajo Nation Office of the Attorney General
(928) 871-6932/6933/6934

B. Employees and officials not within the Division of Natural Resources or the Navajo Environmental Protection Agency should address their questions about the CAPO, the RRO, the Policies, or the Protocols & Procedures to:

Diandra Benally, Staff Attorney
Human Services and Government Unit
Navajo Nation Office of the Attorney General
(928) 871-6935/6936/6937

**TRIBAL RECORDS PRESERVATION POLICIES**
**RECEIPT AND POSTING CONFIRMATION FORM**

***Navajo Nation v. United States***
No. 06-945L, United States Court of Federal Claims

**Division/Office Name:**________________________________________

**Executive Director Name:** ______________________________________

**Phone number:** ____________ **E-mail address:** ____________________

1. **I have received and reviewed the memorandum from the Attorney General dated October 10, 2007 and have reviewed the following documents:**

   NAVAJO NATION EXECUTIVE ORDER NO. 03- 2007
   TRIBAL RECORDS PRESERVATION POLICIES
   *Navajo Nation v. United States*: Confidentiality Agreement and Protective Order
   *Navajo Nation v. United States*: Record Retention Order
   TRIBAL RECORDS LOCATION AND PRESERVATION PROTOCOLS AND PROCEDURES
   TRIBAL RECORDS PRESERVATION POLICIES - KEY POINTS

2. **I have issued instructions to all supervisors under my authority to post and keep posted the TRIBAL RECORDS PRESERVATION POLICIES - <u>KEY POINTS</u> in each office under their respective supervision.**

3. **I have verified that the TRIBAL RECORDS PRESERVATION POLICIES - KEY POINTS are posted in each office under my authority.**

**Executive Director Signature:** ____________________________________

**Date:** ____________

**<u>Complete and Return to the Office of Attorney General by October 16, 2007.</u>**

*This document is attorney work product and an attorney-client privileged communication to the Attorney General of the Navajo Nation. Pursuant to Title II, section 1964 (G), of the Navajo Nation Code, this document or any section thereof may not be disseminated to other than Navajo Nation employees and officials without the express authorization of the Attorney General.*



**EXHIBIT 8**

# NAVAJO NATION DEPARTMENT OF JUSTICE
*OFFICE OF THE ATTORNEY GENERAL*

LOUIS DENETSOSIE
ATTORNEY GENERAL

HARRISON TSOSIE
DEPUTY ATTORNEY GENERAL

RECEIVED OCT 15 2007 DEPT OF JUSTICE

**ATTORNEY WORK PRODUCT**
**and ATTORNEY-CLIENT PRIVILEGED**

MEMORANDUM

TO: Patrick Sandoval, Chief of Staff
Marjorie Johnson, Executive Staff Assistant
Office of the Vice-President

Mark Grant, Controller
Office of the Controller

Allan S. Begay, Division Director
Division of Economic Development

Stephen B. Etsitty, Executive Director
Environmental Protection Agency

Kenneth Peterson, Division Director
Division of General Services

Roman Bitsuie, Executive Director
Navajo-Hopi Land Commission Office

Dominic Beyal, Executive Director
Office of Management & Budget

Arvin Trujillo, Division Director
Division of Natural Resources

Mary Etsitty, Executive Director
Office of Navajo Tax Commission

Sharon Clahchischilliage , Executive Director
Navajo Nation Washington Office

FROM: Veronica Blackhat for.
Diandra Benally, Staff Attorney
Human Services and Government Unit
Navajo Nation Department of Justice

Veronica Blackhat
Veronica Blackhat, Staff Attorney
Natural Resources Unit
Navajo Nation Department of Justice

DATE: October 12, 2007

**EXHIBIT 9**

SUBJECT: **Mandatory Training for Liaisons and Tier 1 Employees Pursuant to the Executive Order No. 03- 2007 and Court Orders issued in Navajo Nation v. United States**

On October 10, 2007, the Navajo Nation Department of Justice (DOJ) met with several Division Directors concerning Navajo Nation Executive Order No. 03-2007 and compliance with court orders issued in *Navajo Nation v. United States*, No. 06-945L, United States Court of Federal Claims. DOJ also provided a brief overview of the TRIBAL RECORDS PRESERVATION POLICIES and TRIBAL RECORDS LOCATION AND PRESERVATION PROTOCOLS AND PROCEDURES issued by the Attorney General.

At this meeting, DOJ and the Nordhaus Law Firm announced that training will be conducted for *all* Liaisons and Tier 1 Employees to ensure compliance with court orders and the documents identified above. Tier 1 Employees are all personnel within each of the divisions and offices listed in Section (V) of the TRIBAL RECORDS LOCATION AND PRESERVATION PROTOCOLS AND PROCEDURES. The Executive Branch divisions and offices listed in Section (V) are as follows:

- Division of Economic Development
  - Administration
  - Support Services
  - Project Development
- Division of General Services
  - Administration
  - Department of Information Technology
  - Records Management Department
- Division of Natural Resources
  - All Departments
- Navajo Environmental Protection Agency
- Navajo Nation Tax Commission
- Navajo Nation Washington Office
- Office of the Attorney General
- Office of the Controller
  - Administration
  - Systems Section
  - Accounts Receivable Section
  - Contract Accounting Section
  - Procurement Section
  - Contract Administration Section
  - Accounts Payable Section
  - Investment Section
  - General Accounting Section

Fixed Asset Section
Property Management Section
Real Property Section

- Office of Management and Budget
  Administration
  Budget Section
  Management & Policy Section
  Contracts & Grants Section
  Systems Section
- Office of the Navajo Nation Library
- Office of the President and Vice-President

A listing of the scheduled training sessions is attached. Each Liaison is required to attend at least one of the two hour Liaison Training sessions scheduled for October 18-19, 2007. *All* other Tier 1 Employees are required to attend at least one of the two hour Tier 1 Employee Training sessions scheduled for October 19-31, 2007.

The Department of Personnel Management will be providing a current listing of all Tier 1 Employees. This listing will be used to track and verify attendance of Tier 1 Employees.

Please complete and return the following forms to the Office of Attorney General no later than October 16, 2007: (1) Tribal Records Preservation Policies Receipt and Posting Confirmation Form and (2) Liaison Assignment Form. Even if you have previously assigned a Liaison, please include current information on the Liaison Assignment form.

If you have any questions, please contact Diandra Benally at 871-6936 or Veronica Blackhat at 871-6932. Thank you for your cooperation in these matters.

Attachment

xc: Honorable Dr. Joe Shirley, Jr.
President
Navajo Nation

Michele Dotson, Legal Counsel
Office of the President/Vice-President

Louis Denetsosie, Attorney General
Harrison Tsosie, Deputy Attorney General
Office of the Attorney General

*Navajo Nation v. United States, No. 06-945L*
The United States Court of Federal Claims

**TRAINING SCHEDULE**

**Liaison Training from October 18-19, 2007**

Oct. 18 at Administration Bldg. #1 2nd Floor Conference Room
1st Training: 9:00 a.m. – 11:00 a.m.
2nd Training: 1:00 p.m. – 3:00 p.m.
3rd Training: 3:00 p.m. – 5:00 p.m.

Oct. 19 at Administration Bldg. #1 2nd Floor Conference Room
1st Training: 9:00 a.m. – 11:00 a.m.
2nd Training: 1:00 p.m. – 3:00 p.m.
3rd Training: 3:00 p.m. – 5:00 p.m.

**Tier 1 Employee Training from October 19-31, 2007**

Oct. 19 at Department of Justice Conference Room
1st Training: 9:00 a.m. – 11:00 a.m.
2nd Training: 1:00 p.m. – 3:00 p.m.
3rd Training: 3:00 p.m. – 5:00 p.m.

Oct. 22, 23, & 24 at Administration Bldg. #1 2nd Floor Conference Room
1st Training: 9:00 a.m. – 11:00 a.m.
2nd Training: 1:00 p.m. – 3:00 p.m.
3rd Training: 3:00 p.m. – 5:00 p.m.

Oct. 25 at Division of Natural Resource Conference Room
1st Training: 1:00 p.m. – 3:00 p.m.
2nd Training: 3:00 p.m. – 5:00 p.m.

Oct. 26 at Division of Natural Resource Conference Room
1st Training: 9:00 a.m. – 11:00 a.m.
2nd Training: 1:00 p.m. – 3:00 p.m.
3rd Training: 3:00 p.m. – 5:00 p.m.

Oct. 29 at Division of Natural Resource Conference Room
1st Training: 9:00 a.m. – 11:00 a.m.
2nd Training: 1:00 p.m. – 3:00 p.m.
3rd Training: 3:00 p.m. – 5:00 p.m.

Oct. 30 at Budget & Finance Conference Room
1st Training: 9:00 a.m. – 11:00 a.m.
2nd Training: 1:00 p.m. – 3:00 p.m.
3rd Training: 3:00 p.m. – 5:00 p.m.

Oct. 31 at Department of Justice-NRU Conference Room

| | |
|---|---|
| 1st Training: | 9:00 a.m. – 11:00 a.m. |
| 2nd Training: | 1:00 p.m. – 3:00 p.m. |
| 3rd Training: | 3:00 p.m. – 5:00 p.m. |

DR. JOE SHIRLEY, JR.
President

BEN SHELLY
Vice President

RECEIVED
OCT 29 2007
DEPARTMENT OF JUSTICE
Human Services &
Government Unit

# MEMORANDUM

**TO:** All Staff Assistants, Professional Staff and Administrative Support Staff
Office of the President/Vice President

**FROM:** Patrick Sandoval, Chief of Staff
Office of the President/Vice President

**DATE:** October 26, 2007

**SUBJECT: Mandatory Training – October 30, 2007, OPVP Conference Room 11:00 am -12:30 pm**

You are hereby directed to attend a mandatory training on matters related to the mismanagement of Navajo Nation tribal trust assets and the lawsuit filed by the Navajo Nation against the United States. The training will focus on the identification and inventory of relevant documents.

The training will be held on October 30, 2007, from 11:00 am to 12:30 p.m., in the OPVP Conference Room. The DOJ will provide lunch.

Thank you and please be prompt. Should you have any questions, please contact me at extension 7002.

xc: Dr. Joe Shirley, Jr., President
Ben Shelly, Vice President
Isabelle Walker
Louis Denetsosie
Harrison Tsosie
Diandra Benally

**EXHIBIT 10**

# NAVAJO NATION DEPARTMENT OF JUSTICE

## *OFFICE OF THE ATTORNEY GENERAL*

*Louis Denetsosie*
Attorney General

*Harrison Tsosie*
Deputy Attorney General

M E M O R A N D U M

TO: Eddie Biakeddy, Acting Superintendent
Division of Dine Education

FROM: Diandra D. Benally, Attorney
Human Services and Government Unit
Department of Justice

DATE: October 31, 2007

SUBJECT: **Rental of the Division of Dine Education Auditorium on November 5, 2007**

We are requesting rental of the Division of Dine Education Auditorium on November 5, 2007, from 8:00 a.m. to 5:00 p.m. The Department of Justice would be utilizing the auditorium for a training involving the Trust Mismanagement Litigation (United States vs. The Navajo Nation).

Per your office's request, we are submitting this request in writing to Mr. Biakeddy. The cost quoted to our office is $100.00 per day. Attached is the ICR with necessary information to secure the auditorium for that day. Thank you for your assistance in this request.

If any additional information is needed, please call me at extension 6936.

DB/mv/735

Attachment

xc: Barbara Calvin, Administrative Assistant
Office of the Attorney General

Post Office Box 2010 • Window Rock, AZ [illegible] • FAX No. (928) 871-6177

**EXHIBIT 11**

**NAVAJO NATION DEPARTMENT OF JUSTICE**
*OFFICE OF THE ATTORNEY GENERAL*

*Louis Denetsosie*
Attorney General

*Harrison Tsosie*
Deputy Attorney General

ATTORNEY WORK PRODUCT and ATTORNEY-CLIENT PRIVILEGED

M E M O R A N D U M

TO: Patrick Sandoval, Chief of Staff
Office of the President

Marjorie Johnson, Executive Staff Assistant
Office of the Vice-President

Mark Grant, Controller
Office of the Controller

Allan S. Begay, Division Director
Division of Economic Development

Stephen B. Etsitty, Executive Director
Environmental Protection Agency

Kenneth Peterson, Division Director
Division of General Services

Roman Bitsuie, Executive Director
Navajo-Hopi Land Commission Office

Dominic Beyal, Executive Director
Office of Management & Budget

Arvin Trujillo, Division Director
Division of Natural Resources

Mary Etsitty, Executive Director
Office of Navajo Tax Commission

Sharon Clahchischilliage , Executive Director
Navajo Nation Washington Office

FROM: [signature]
Veronica Blackhat, Staff Attorney
Natural Resources Unit
Navajo Nation Department of Justice



EXHIBIT
12

Diandra Benally, Staff Attorney
Human Services and Government Unit
Navajo Nation Department of Justice

DATE: November 20, 2007

SUBJECT: ***ADDITIONAL TRAININGS FOR TIER 1 EMPLOYEES PURSUANT TO EXECUTIVE ORDER NO. 03-2007 and COURT ORDERS ISSUED IN NAVAJO NATION V. UNITED STATES***

From October 18 - 31, 2007, the Navajo Nation Department of Justice (DOJ) and the Nordhaus Law Firm conducted trainings for Liaisons and Tier 1 Employees regarding Navajo Nation Executive Order No. 03-2007; Court Orders issued in *Navajo Nation v. United States*, No. 06-945L, United States Court of Federal Claims; and the TRIBAL RECORDS PRESERVATION POLICIES and TRIBAL RECORDS LOCATION AND PRESERVATION PROTOCOLS AND PROCEDURES issued by the Attorney General. However, not all Tier 1 Employees participated in these trainings. Therefore, DOJ and Nordhaus Law Firm have scheduled additional trainings for November 28 - 29, 2007 at the Office of the Attorney General's Conference.

Tier 1 Employees are all personnel of those divisions and offices listed in Section (V) of the TRIBAL RECORDS LOCATION AND PRESERVATION PROTOCOLS AND PROCEDURES. The Executive Branch divisions and offices listed in Section (V) are as follows:

Division of Economic Development
- Administration
- Support Services
- Project Development

Division of General Services
- Administration
- Department of Information Technology
- Records Management Department

Division of Natural Resources
- All Departments

Navajo Environmental Protection Agency

Navajo Nation Tax Commission
Navajo Nation Washington Office
Office of the Attorney General
Office of the Controller
- Administration
- Systems Section
- Accounts Receivable Section
- Contract Accounting Section
- Procurement Section
- Contract Administration Section
- Accounts Payable Section
- Investment Section
- General Accounting Section
- Fixed Asset Section
- Property Management Section
- Real Property Section

Office of Management and Budget
- Administration
- Budget Section
- Management & Policy Section
- Contracts & Grants Section
- Systems Section

Office of the Navajo Nation Library
Office of the President and Vice-President

*All* Tier 1 Employees *who have not previously attended trainings* are required to attend one of the two-hour Tier 1 Employee Training sessions scheduled for November 28 and 29, 2007 at the Office of the Attorney General's Conference. Below are the times of the Training sessions.

November 28th Trainings
- 9:00 a.m. to 11:00 a.m.
- 1:00 p.m. to 3:00 p.m.
- 3:00 p.m. to 5:00 p.m.

November 29th Trainings
- 9:00 a.m. to 11:00 a.m.
- 1:00 p.m. to 3:00 p.m.
- 3:00 p.m. to 5:00 p.m.

The Department of Personnel Management has provided the Office of the Attorney General with a current listing of all Tier 1 Employees. This listing is being used to track and verify attendance of Tier 1 Employees.

Thank you for your continued cooperation. If you have any questions or need to verify whether a particular employee has already attended training, please contact Diandra Benally at 871-6936 or Veronica Blackhat at 871-6932.

DB/mv/771

xc: Honorable Dr. Joe Shirley, Jr., President,
Navajo Nation

Michele Dotson, Legal Counsel
Office of the President/Vice-President

Louis Denetsosie, Attorney General
Office of the Attorney General

Harrison Tsosie, Deputy Attorney General
Office of the Attorney General

**Navajo Nation v. United States**
**Case No. 1:06cv945**
**United States Court of Federal Claims**
**Attorney Work Product and Attorney-Client**
**Privileged and Confidential Communication**

# CAPO and RRO TRAINING ACKNOWLEDGEMENT

1. On October ___, 2007, attorneys for the Navajo Nation provided me copies of the following documents:

   Navajo Nation Executive Order No. 03-2007
   *Navajo Nation v. United States*, No. 06-945L, September 10, 2007, Order
   *Navajo Nation v. United States*, No. 06-945L, May 11, 2007, Confidentiality Agreement and Protective Order

   Tribal Records Preservation Policies
   Tribal Records Location and Preservation Protocols and Procedures
   Tribal Records Preservation Policies – KEY POINTS

2. On that same date, I received training on the Confidentiality Agreement and Protective Order (CAPO) and Records Retention Order (RRO) issued in *Navajo Nation v. United States*, No. 06-945L. I acknowledge that I have read and understand the RRO and agree to comply with its requirements to identify and preserve evidence relevant to this case. I also understand and acknowledge that before I am provided materials produced in discovery by the United States in this case, I must sign a Confidentiality and Non-Disclosure Agreement wherein I agree to comply with the CAPO.

3. I was provided the opportunity to ask questions on the documents provided to me, I was also provided contact information for the Navajo Nation Office of the Attorney General, if I should have questions in the future.

Name: ______________________________

Signature: ______________________________

Program: ______________________________

Division: ______________________________

Phone Number: ______________________________

*This document is attorney work product and an attorney-client privileged communication from the Attorney General of the Navajo Nation. Pursuant to Title II, section 1964 (G), of the Navajo Nation Code, this document or any section thereof may not be disseminated to other than Navajo Nation employees and officials without the express authorization of the Attorney General.*

**EXHIBIT**
**13**

**NAVAJO NATION DEPARTMENT OF JUSTICE**
*OFFICE OF THE ATTORNEY GENERAL*

LOUIS DENETSOSIE
ATTORNEY GENERAL

HARRISON TSOSIE
DEPUTY ATTORNEY GENERAL

**ATTORNEY WORK PRODUCT and ATTORNEY-CLIENT PRIVILEGED**

MEMORANDUM

TO: Patrick J. Sandoval, Chief of Staff
Office of the President
: Marjorie Johnson, Staff Assistant
Office of the Vice-President
: Arbin Mitchell, Division Director
Division of Community Development
: Mark Grant, Controller
Office of the Controller
: Eddie Biakeddy, Deputy Division Director
Department of Diné Education
: Allan S. Begay, Division Director
Division of Economic Development
: Stephen B. Etsitty, Executive Director
Environmental Protection Agency
: Kenneth Peterson, Division Director
Division of General Services
: Anslem Roanhorse, Division Director
Division of Health
: Roman Bitsuic, Executive Director
Navajo-Hopi Land Commission Office
: Lawrence Oliver, Division Director
Division of Human Resources
: Dominic Beyal, Executive Director
Office of Management & Budget
: Arvin S. Trujillo, Division Director
Division of Natural Resources
: Samson Cowboy, Division Director
Division of Public Safety
: Cora Maxx-Phillips, Division Director
Division of Social Services
: Mary Etsitty, Executive Director
Office of Navajo Tax Commission



*This document is attorney work product and an attorney-client privileged communication from the Attorney General of the Navajo Nation. Pursuant to Title II, section 1964 (G), of the Navajo Nation Code, this document or any section thereof may not be disseminated to other than Navajo Nation employees and officials without the express authorization of the Attorney General.*

P.O. Box 2010 • Window Rock, AZ 86515 • (928)871-6343 • FAX No. (928)871-6177

EXHIBIT
14

: Sharon Clahchischilliage , Executive Director
Navajo Nation Washington Office

FROM: [signature]
Louis Denetsosie, Attorney General
Navajo Nation Office of the Attorney General

DATE: October 29, 2007

SUBJECT: **STATUS ON COMPLIANCE WITH EXECUTIVE ORDER NO. 03-2007 AND POLICIES AND PROCEDURES ISSUED THEREUNDER CONCERNING COURT ORDERS ISSUED IN *NAVAJO NATION V. UNITED STATES*, NO. 06-945L.**

On October 10, 2007, President Shirley issued Executive Order No. 03-2007 concerning compliance with court orders issued in *Navajo Nation v. United States*, No. 06-945L, United States Court of Federal Claims. Under the authority of the Executive Order and the Title II authorities of the Attorney General, I issued Tribal Records Preservation Policies and Tribal Records Location and Preservation Protocols and Procedures. I also issued Tribal Records Preservation Policies - KEY POINTS which summarize the policies, the protocols and procedures, and the Executive Order.

On October 10, 2007, I issued a memorandum (attached without attachments) to all Division Directors requesting and instructing the following:

1. The document titled Tribal Records Preservation Policies - KEY POINTS was to be immediately posted in the central offices of all Navajo Nation divisions, departments, offices, and programs. This applies to all divisions and offices.

2. Division Directors were to complete the Tribal Records Preservation Policies Receipt and Posting Confirmation Form (attached) and return to the Office of the Attorney General no later than October 16, 2007. This applies to all divisions and offices.

3. Division Directors whose division or office is listed in section (V) of the Tribal Records Location and Preservation Protocols and Procedures were to complete the Liaison Assignment Form (attached) and return it to the Office of the Attorney General no later than October 16, 2007. This only applies to the divisions and offices listed in section (V).

The divisions and offices listed in section (V) are;



*This document is attorney work product and an attorney-client privileged communication from the Attorney General of the Navajo Nation. Pursuant to Title II, section 1963 (G), of the Navajo Nation Code, this document or any section thereof may not be disseminated to other than Navajo Nation employees and officials without the express authorization of the Attorney General.*

Division of Economic Development
- Administration
- Support Services
- Project Development

Division of Dine Education
- Office of the Navajo Nation Library

Division of General Services
- Administration
- Department of Information Technology
- Records Management Department

Division of Natural Resources
- All Departments

Legislative Branch
- Office of the Speaker
- Office of Legislative Services
- Reporting Section
- Office of the Auditor General

Navajo Environmental Protection Agency

Navajo Nation Tax Commission

Navajo Nation Washington Office

Office of the Attorney General

Office of the Controller
- Administration
- Systems Section
- Accounts Receivable Section
- Contract Accounting Section
- Procurement Section
- Contract Administration Section
- Accounts Payable Section
- Investment Section
- General Accounting Section
- Fixed Asset Section
- Property Management Section
- Real Property Section

Office of Management and Budget
- Administration
- Budget Section
- Management & Policy Section
- Contracts & Grants Section
- Systems Section

Office of the President and Vice-President



*This document is attorney work product and an attorney-client privileged communication from the Attorney General of the Navajo Nation. Pursuant to Title II, section 1964 (G), of the Navajo Nation Code, this document or any section thereof may not be disseminated to other than Navajo Nation employees and officials without the express authorization of the Attorney General.*

The President's Chief of Staff convened a meeting between the Division Directors and the Navajo Nation Department of Justice ("NNDOJ") on October 10, 2007 to discuss the Executive Order and compliance with the above mentioned memorandum. At the meeting, NNDOJ explained that the court orders issued in *Navajo Nation v. United States* specifically require the Navajo Nation to report to the court by November 12, 2007 that the court order, i.e., the Records Retention Order, has been disseminated to all relevant Navajo Nation employees. NNDOJ further explained that to meet this reporting burden, *all* employees of *all* of the divisions, offices, and programs specifically listed in section (V) of the Tribal Records Location and Preservation Protocols and Procedures were to attend trainings on the court orders. The trainings have been offered three times a day since October 19, 2007 and will continue through October 31, 2007. A training schedule is attached.

Regrettably, compliance with the instructions in the October 10, 2007 memorandum has been spotty and incomplete. The following *immediate* actions are necessary to correct the situation and ensure full compliance with the court orders:

1. **If you have not returned the Tribal Records Preservation Policies Receipt and Posting Confirmation Form to the Office of the Attorney General, please do so immediately.**

2. **If you are a Division Director for one of the divisions or offices listed in section (V) and have not returned the Liaison Assignment Form to the Office of the Attorney General, please do so immediately.**

3. **If you are a Division Director for one of the divisions or offices listed in section (V), please ensure that all of your employees attend one of the remaining training sessions. It is particularly vital that all program supervisors, including yourself, attend one of the remaining training sessions.**

4. **For your convenience, attached is a listing of your specific employees that need to attend the training sessions with those that have already attended delineated.**

In *Navajo Nation v. United States*, the Navajo Nation is seeking substantial monetary damages from the United States for its mismanagement of Navajo Nation tribal trust assets. To successfully litigate *Navajo Nation v. United States* and recover the substantial monetary damages rightfully owed to the Navajo Nation will require compliance with orders issued by the court, which will, in turn, require the prolonged cooperation of all divisions, departments, programs, offices, employees, and officials. Thank you to all of those who have cooperated in this matter and fully complied with the instructions of the October 10, 2007, memorandum. For those of you who have not already fully complied, thank you in advance for your future cooperation.



*This document is attorney work product and an attorney-client privileged communication from the Attorney General of the Navajo Nation. Pursuant to Title II, section 1964 (G), of the Navajo Nation Code, this document or any section thereof may not be disseminated to other than Navajo Nation employees and officials without the express authorization of the Attorney General.*

If you have any questions or concerns about this memorandum, please contact the Office of the Attorney General. The Division of Natural Resources and the Navajo Environmental Protection Agency should direct any inquires about this matter, as well as submit the required forms, to:

Veronica Blackhat, Staff Attorney
Natural Resources Unit
Navajo Nation Office of the Attorney General
(928) 871-6932/6933/6934

Divisions and offices not within the Division of Natural Resources or the Navajo Environmental Protection Agency should direct any inquires about this matter, as well as submit the required forms, to:

Diandra Benally, Staff Attorney
Human Services and Government Unit
Navajo Nation Office of the Attorney General
(928) 871-6935/6936/6937

Thank you again for your cooperation.

Attachments:
Memorandum from Louis Denetsosie to Division Directors dated October 10, 2007
Tribal Records Preservation Policies Receipt and Posting Form
Liaison Assignment Form
CAPO and RRO Training Schedule
Employee Listing (Individual Divisions)

xc: Honorable Dr. Joe Shirley, Jr.
President, Navajo Nation
: Michele Dotson, Legal Counsel
Office of the President/Vice-President
: Diandra Benally, Staff Attorney
Human Services and Government Unit/NNDOJ
: Veronica Blackhat, Staff Attorney
Natural Resources Unit/NNDOJ



*This document is attorney work product and an attorney-client privileged communication from the Attorney General of the Navajo Nation. Pursuant to Title II, section 1964 (G), of the Navajo Nation Code, this document or any section thereof may not be disseminated to other than Navajo Nation employees and officials without the express authorization of the Attorney General.*

**NAVAJO NATION DEPARTMENT OF JUSTICE**
*OFFICE OF THE ATTORNEY GENERAL*

LOUIS DENETSOSIE
ATTORNEY GENERAL

HARRISON TSOSIE
DEPUTY ATTORNEY GENERAL

November 13, 2007

John Kennedy, Partner
KPMG, LLP
6565 Americas Pkwy NE
Albuquerque, NM 87110

RE: **Record Retention Order Issued in *Navajo Nation v. United States*, No. 06-945L, United States Court of Federal Claims, and Navajo Nation Executive Order No. 03-2007**

Dear Mr. Kennedy:

On December 29, 2006, the Navajo Nation filed suit against the United States in the United States Court of Federal Claims seeking substantial monetary damages from the United States for its mismanagement of the Nation's tribal trust assets, including trust funds and trust resources, and breach of its fiduciary duties concerning the Nation's tribal trust assets. The lawsuit is titled *Navajo Nation v. United States*, No. 06-945L, United States Court of Federal Claims, and generally covers the period from August 14, 1946 to the present. The Nordhaus Law Firm, LLP has been retained by the Navajo Nation Department of Justice to represent the Nation in the litigation.

On September 10, 2007, the court issued the enclosed Record Retention Order (RRO) applicable to and affecting the Nation and "its departments, agencies, employees, agents, and contractors." As the Nation's long term independent auditor, KPMG is a contractor subject to and affected by the RRO.

The RRO establishes a general duty and obligation wherein the Nation and its departments, agencies, employees, agents, and contractors must take responsible steps to preserve every document, datum, or tangible thing in their possession, custody, or control containing information that is relevant to or is reasonably calculated to lead to the discovery of admissible evidence relevant to the subject matter in *Navajo Nation v. United States*. The tribal trust assets currently being litigated include tribal trust funds, oil and gas, coal, uranium, vanadium, sand, gravel, and timber. *See* RRO ¶ 1. Failure to comply with the obligation to preserve may result in the imposition of sanctions. *See* RRO ¶ 7.

The RRO also establishes an obligation wherein the Nation and its departments, agencies, employees, agents, and contractors are to identify all of their respective repositories, as well as any existing indices or inventories for such repositories, containing information that is relevant to

**EXHIBIT 15**

or is reasonably calculated to lead to the discovery of admissible evidence relevant to the subject matter in *Navajo Nation v. United States*. *See* RRO ¶ 3. Enclosed is FORM NN-1 which Nation departments are being asked to complete to identify their repositories and indices or inventories. KPMG is requested to provide the same information as is on FORM NN-1 concerning its repositories and indices or inventories concerning the Nation to the Navajo Nation Office of the Attorney General by no later than December 14, 2007.

For your further information, also enclosed are the Confidentiality Agreement and Protective Order issued in *Navajo Nation v. United States* and Navajo Nation Executive Order No. 03-2007 issued by President Shirley concerning compliance with court orders issued in the litigation.

Thank you in advance for your cooperation in these matters. If you have any questions, please contact Diandra Benally, Staff Attorney, Navajo Nation Office of the Attorney, at (928) 871-6936.

Sincerely,

Louis Denetsosie

Louis Denetsosie, Attorney General

Enc: Navajo Nation Executive Order No. 03-2007
*Navajo Nation v. United States*, No. 06-945L, September 10, 2007, Order
*Navajo Nation v. United States*, No. 06-945L, May 11, 2007, Confidentiality Agreement and Protective Order
FORM NN-1

xc: Mark Grant, Controller
Office of the Controller

Lorenzo Bates, Chairperson
Budget and Finance Committee
Navajo Nation Council

Marcelino Gomez, Assistant Attorney General, Tax Unit
Diandra Benally, Staff Attorney, Human Services and Government Unit

**NAVAJO NATION DEPARTMENT OF JUSTICE**
***OFFICE OF THE ATTORNEY GENERAL***

*Louis Denetsosie*
Attorney General

*Harrison Tsosie*
Deputy Attorney General

November 30, 2007

Eagle Environmental
Attn: Dale Stahlecker
30 Fonda Road
Santa Fe, NM 87508

RE: Record Retention Order Issued in *Navajo Nation v. United States*, No. 06-945L, United States Court of Federal Claims, and Navajo Nation Executive Order No. 03-2007

Dear Mr. Stahlecker:

On December 29, 2006, the Navajo Nation filed suit against the United States in the United States of Federal Claims seeking substantial monetary damages from the United States for its mismanagement of the Nation's tribal trust assets, including trust funds and trust resources, and breach of its fiduciary duties concerning the Nation's tribal trust assets. The lawsuit is titled *Navajo Nation v. United States* , No. 06-945L, United States Court of Federal Claims, and generally covers the period from August 14, 1946 to the present. The Nordhaus Law Firm, LLP has been retained by the Navajo Nation Department of Justice to represent the Nation in the litigation.

On September 10, 2007, the court issued the enclosed Record Retention Order (RRO) applicable to and affecting the Nation and "its departments, agencies, employees, agents, and contractors." As the Nation's retained legal counsel, your firm is a contractor subject to and affected by the RRO.

The RRO establishes a general duty and obligation wherein the Nation and its departments, agencies, employees, agents, and contractors must take responsible steps to preserve every document, datum, or tangible thing in their possession, custody, or control containing information that is relevant to or is reasonably calculated to lead to the discovery of admissible evidence relevant to the subject matter in *Navajo Nation v. United States*. The tribal trust assets currently being litigated include tribal trust funds, oil and gas, coal, uranium, vanadium, sand, gravel, and timber. *See* RRO ¶ 1. Failure to comply with

**EXHIBIT 16**

the obligation to preserve may result in the imposition of sanctions. *See* RRO ¶ 7.

The RRO also establishes an obligation wherein the Nation and its departments, agencies, employees, agents, and contractors are to identify all of their respective repositories, as well as any existing indices or inventories for such repositories, containing information that is relevant to or is reasonably calculated to lead to the discovery of admissible evidence relevant to the subject matter in *Navajo Nation v. United States*. *See* RRO ¶ 3. Enclosed is FORM NN-1 which the Nation's departments and programs are being asked to complete to identify their repositories and indices or inventories. Your firm is requested to provide the same information as on FORM NN-1 to the Navajo Nation Office of the Attorney General by December 14, 2007.

For your information, also enclosed are the Confidentiality Agreement and Protective Order issued in *Navajo Nation v. United States* and Navajo Nation Executive Order No. 03-2007 issued by President Shirley concerning compliance with court orders issued in the litigation.

Thank you in advance for your time and cooperation. If you have any questions, please contact Diandra Benally, Staff Attorney, Navajo Nation Office of the Attorney General at (928) 871-6936.

Sincerely,

Louis Denetsosie

Louis Denetsosie
Attorney General
Office of the Attorney General
Navajo Nation

LD/

Enclosures: Navajo Nation Executive Order No. 03-2007
*Navajo Nation v. United States*, No. 06-945L, September 10, 2007, Order
*Navajo Nation v. United States*, No. 06-945L,

Enc. May 11, 2007, Confidentiality Agreement and Protective Order
FORM NN-1

xc: Dana L. Bobroff, Esq., Nordhaus Law Firm, Albuquerque, New Mexico

: Dan Rey-Bear, Esq., Nordhaus Law Firm, Albuquerque, New Mexico

: Diandra D. Benally, Staff Attorney, Human Services & Government Unit, Department of Justice

**NAVAJO NATION DEPARTMENT OF JUSTICE**
*OFFICE OF THE ATTORNEY GENERAL*

LOUIS DENETSOSIE
ATTORNEY GENERAL

HARRISON TSOSIE
DEPUTY ATTORNEY GENERAL

DEC - 3 2007

December 3, 2007

Elizabeth K. Haley, LLC
6005 Chaparral Circle NW
Albuquerque, NM 87114

**RE: Record Retention Order Issued in *Navajo Nation v. United States*, No. 06-945L, United States Court of Federal Claims, and Navajo Nation Executive Order No. 03-2007**

Dear Ms. Haley:

On December 29, 2006, the Navajo Nation filed a lawsuit against the United States in the United States Court of Federal Claims seeking substantial monetary damages from the United States for its mismanagement of the Navajo Nation's tribal trust assets, including trust funds and trust resources, and breach of its fiduciary duties concerning the Navajo Nation's tribal trust assets. The lawsuit is titled *Navajo Nation v. United States*, No. 06-945L, United States Court of Federal Claims, and generally covers the period from August 14, 1946 to the present. The Nordhaus Law Firm, LLP has been retained by the Navajo Nation Department of Justice to represent the Nation in the litigation.

On September 10, 2007, the Court issued the enclosed Record Retention Order (RRO) applicable to and affecting the Navajo Nation and "its departments, agencies, employees, agents, and contractors." As you have recently been retained by the Division of Natural Resources Navajo Land Department, your firm is a contractor subject to and affected by the RRO.

The RRO establishes a general duty and obligation wherein the Navajo Nation and its departments, agencies, employees, agents, and contractors must take responsible steps to preserve every document, datum, or tangible thing in their possession, custody, or control containing information that is relevant to or is reasonably calculated to lead to the discovery of admissible evidence relevant to the subject matter in *Navajo Nation v. United States*. The tribal trust assets currently being litigated include tribal trust funds and tribal trust resources, e.g., oil and gas, coal, uranium,

P.O. Drawer 2010 • Window Rock, Navajo Nation (AZ) 86515 • 928-871-6931-6934 • Fax No. 928-871-6200

EXHIBIT
17

vanadium, sand, gravel, and timber. *See* RRO ¶ 1. Failure to comply with the obligation to preserve may result in the imposition of sanctions. *See* RRO ¶ 7.

The RRO also establishes an obligation wherein the Navajo Nation and its departments, agencies, employees, agents, and contractors are to identify all of their respective repositories, as well as any existing indices or inventories for such repositories, containing information that is relevant to or is reasonably calculated to lead to the discovery of admissible evidence relevant to the subject matter in *Navajo Nation v. United States*. *See* RRO ¶ 3. Enclosed is FORM NN-1 which Navajo Nation departments are being asked to complete to identify their repositories and indices or inventories. Your firm is requested to provide the same information as is on FORM NN-1 concerning its repositories and indices or inventories related to Navajo Nation trust assets to the Navajo Nation Office of the Attorney General by no later than December 14, 2007. If you have not as yet developed any repositories, please indicate that in writing to the Office of the Attorney General.

For your further information, also enclosed are the Confidentiality Agreement and Protective Order issued in *Navajo Nation v. United States* and Navajo Nation Executive Order No. 03-2007 issued by President Shirley concerning compliance with Court Orders issued in the litigation.

Thank you in advance for your cooperation in these matters. If you have any questions, please contact Veronica Blackhat, Staff Attorney, Navajo Nation Department of Justice, at 928-871-6932.

Sincerely,

NAVAJO NATION DEPARTMENT OF JUSTICE

Louis Denetsosie

Louis Denetsosie, Attorney General
Office of the Attorney General

LD/909

Enclosures:

- Navajo Nation Executive Order No. 03-2007
- *Navajo Nation v. United States*, No. 06-945L, September 10, 2007, Order
- *Navajo Nation v. United States*, No. 06-945L, May 11, 2007, Confidentiality Agreement and Protective Order
- FORM NN-1

xc *(No Enclosures)*:

Dana Bobroff, Esq.
Nordhaus Law Firm

Diandra Benally, Staff Attorney
Human Services and Government Unit
Navajo Nation Department of Justice

Arvin Trujillo, Division Director
Navajo Nation Division of Natural Resources

Mike Halona, Department Manager
Navajo Nation Land Department
Navajo Nation Division of Natural Resources

**TRIBAL RECORD REPOSITORY IDENTIFICATION**



*Navajo Nation v. United States*
No. 06-945L, United States Court of Federal Claims

**Repository for:**
**Program Name:** ______________________________
**Division Name:** ______________________________
**Date:** ____________________
**Name of Person Completing Form:** ______________________________
**Title/Position of Person Completing Form:** ______________________________
**Phone number:** ________________________
**E-mail address:** ________________________

*****Complete a separate Form NN-1 for *each* repository of tribal records.*****

Questions about completing this form on behalf of the Division of Natural Resources or the Navajo Environmental Protection Agency should be addressed to:

Veronica Blackhat, Staff Attorney
Natural Resources Unit
Navajo Nation Office of the Attorney General
(928) 871-6932/6933/6934

Questions about completing this form on behalf of a Department/Program/Office that is not within the Division of Natural Resources or the Navajo Environmental Protection Agency should be addressed to:

Diandra Benally, Staff Attorney
Human Services and Government Unit
Navajo Nation Office of the Attorney General
(928) 871-6935/6936/6937

*This document is attorney work product and an attorney-client privileged communication. Pursuant to Title II, section 1964 (G), of the Navajo Nation Code, this document or any section thereof may not be disseminated to other than Navajo Nation employees and officials without the express authorization of the Attorney General.*

**EXHIBIT**
**18**

**TRIBAL RECORD REPOSITORY IDENTIFICATION**



**Name of repository:** ______________________________

**Physical location of repository:** ______________________________
______________________________
______________________________

**Source, i.e., program, section or unit, to whom records belong:** ______________________________
______________________________

**Medium(s) on which records are stored:** ☐ hard copy ☐ microfiche ☐ microfilm
[check all that apply] ☐ floppy disc ☐ other ______________

**Type of repository:** ☐ active office ☐ office storage closet ☐ tribal warehouse
[check all that apply] ☐ commercial storage facility ☐ other ______________

**Storage method for records:** ☐ file cabinet ☐ boxes ☐ other ______________
[check all that apply]

**Physical size of the repository:** ______________________________

**% of repository space used for storage of active records:** __________

**% of repository space used for storage of inactive records:** __________

**Number of boxes or equivalent used for storage of active records:**
[complete all that apply] _____ standard _____ legal _____ other [size __________]

**Number of boxes or equivalent used for storage of inactive records:**
[complete all that apply] _____ standard _____ legal _____ other [size __________]

*This document is attorney work product and an attorney-client privileged communication. Pursuant to Title II, section 1964 (G), of the Navajo Nation Code, this document or any section thereof may not be disseminated to other than Navajo Nation employees and officials without the express authorization of the Attorney General.*

**Time period of records:** ______________________________

**Subject matter of records:** ______________________________

______________________________

______________________________

______________________________

______________________________

______________________________

**Level of record index or inventory:** ☐ document ☐ file ☐ box ☐ other __________
[check all that apply] ☐ no existing index or inventory

**Format of record index or inventory:** ☐ hard copy ☐ microfiche ☐ microfilm
[check all that apply] ☐ floppy disc ☐ other __________

**Additional descriptive information:** ______________________________

______________________________

______________________________

______________________________

______________________________

______________________________

______________________________

***RETURN THIS FORM TO THE OFFICE OF THE ATTORNEY GENERAL BY DECEMBER 14, 2007.***

*This document is attorney work product and an attorney-client privileged communication. Pursuant to Title II, section 1964 (G), of the Navajo Nation Code, this document or any section thereof may not be disseminated to other than Navajo Nation employees and officials without the express authorization of the Attorney General.*