# DECLARATION OF

# LACHLAN W. SEWARD

# EXHIBIT

# F

Nancy Fleetwood/BPD
08/29/2007 12:09 PM

To All - BPD (Business use only!)
cc Tribal Mail@BPD
bcc
Subject Retention notice

The Department of the Treasury remains involved in numerous lawsuits filed by Indian tribes alleging that the U.S. Government owes an accounting for their trust funds or has mismanaged their trust funds and property. To ensure compliance with court retention orders and other litigation responsibilities, Bureau employees must comply with the following requirements.

Until further notice, please retain **all documents, data, and tangible things**, including duplicates, e-mails, and voice mails, that relate to the following subjects:

- The receipt, investment, and disbursement of trust funds belonging to Indian tribes;
- Procedures for managing Indian tribal trust funds, including procedures relating to the payment of interest;
- Accounting for Indian tribal trust funds;
- Treasury's trust responsibilities towards Indian tribes, and litigation concerning these responsibilities;
- Management of Indian tribal assets, such as land, timber, oil, and mineral rights; and
- Document retention policies and practices pertaining to the subjects above.

Please interpret your obligations under this policy broadly. Where possible and consistent with your normal business practices, please segregate the material you are retaining from other documents and data. This will help us identify information pertaining to the litigation, as well as documents that can be safely destroyed at the end of the normal retention cycle. Attached are instructions for retaining e-mails and voice mails by forwarding them to dedicated mailboxes.

These instructions supplement the retention requirements for the *Cobell* litigation. You can find copies of the retention orders for the tribal litigation on the Chief Counsel's web page, available on BPD's intranet. If you need clarification or assistance, please contact BPD's Chief Counsel, Paul Wolfteich (x3705), or Brian Self (x3670) of his staff. Thank you for your continued cooperation and assistance with this policy.

Attachment: Instructions for using the dedicated tribal mailboxes to retain e-mails and voice mails.

## Attachment

### Instructions for Retaining E-Mails and Voice Mails For the Indian Tribal Litigation

To retain e-mails, you should forward them to this address: **Tribal Mail.** If the e-mails pertain to a particular tribe, please put the tribe's name in the subject heading.

To retain voice messages, please use the following procedure:

(1) Press 1 at the end of the message.

(2 Press 2 to forward the message with comments.

(3) Add your comments to the recording by saying the information in the message's header (e.g., the time and date of the message and the duration of the message). The voice mail system provides this information before each recorded message. If the message relates to a particular tribe, please mention that as well. Then press #.

(4) Enter extension 2000, then press #.

(5) Press # twice. When the message has been forwarded, you may delete it from your personal voice mailbox.

You may find it helpful to put this procedure by your phone. You may also wish to inform your colleagues that, because of the additional complications in retaining voice mail, you prefer to receive messages on Indian tribal matters by e-mail.

# DECLARATION OF

# LACHLAN W. SEWARD

# EXHIBIT

# G

DEPARTMENT OF THE TREASURY
FINANCIAL MANAGEMENT SERVICE
HYATTSVILLE, MD 20782

SEP 13 2007

Thomas E. Mills
Assistant Archivist for Regional Records Services
National Archives and Records Administration
Office of Regional Records Services
8601 Adelphi Road, Suite 3600
College Park, MD 20740-6001

Dear Mr. Mills:

At the direction of the U.S. Department of Justice, the Financial Management Service's (FMS's) Office of Chief Counsel has requested that we send you the two, enclosed records retention orders in the Navajo and Swinomish tribal cases. These new retention orders do not alter in any way previous court orders issued in the Cobell, et al. v. Norton, et al. litigation. We ask that the Federal Records Centers continue to implement the freeze on **all** records from FMS Record Groups 039, 050, and 425 and preserve all such records until further notice, including records about the two tribes cited above.

The Office of Chief Counsel has also informed us that it is likely that records retention orders in other tribal cases are likely to be issued too. As soon as we learn of such court orders, we shall notify you of them.

If you have any questions, you may contact Charles Brett at (202) 874-6156. Thank you again for your cooperation in this matter.

Sincerely,

Charles Brett

Sharon M. King, Director for
Administrative Programs Division

Enclosures

cc: Margaret Marquette
Teresa Dawson
Beth Kramer

# DECLARATION OF

# LACHLAN W. SEWARD

# EXHIBIT

# H

DEPARTMENT OF THE TREASURY
BUREAU OF THE PUBLIC DEBT
PARKERSBURG, WV 26106-1328

August 21, 2007

National Archives and Records Administration
Life Cycle Management Division
Attention: Stephen Cooper
8601 Adelphi Road
College Park, MD 20740-6601

Re: Suspending Destruction

Dear Mr. Cooper:

As you are aware, the Bureau of the Public Debt (BPD), Department of the Treasury, has been under court order since August 1999 to preserve all documents relating to the pending litigation, Cobell v. Kempthorne, et al., which challenges the government's management of the Individual Indian Monies (IIM).

The purpose of this letter is to remind you that BPD remains under court order to preserve records indefinitely for purposes of the Cobell litigation. Therefore, we request that the Federal Records Centers continue to implement the freeze on **all** records from BPD Record Groups 53 and 82 and preserve all such records until further notice.

Thank you for your cooperation in this matter.

Sincerely,

Vicki S. Thorpe

Vicki Thorpe, Manager,
Graphics, Printing, and Records Branch
Records Officer

# DECLARATION OF

# LACHLAN W. SEWARD

# EXHIBIT

# I

DEPARTMENT OF THE TREASURY
FINANCIAL MANAGEMENT SERVICE
WASHINGTON, D.C. 20227

September 13, 2007

**VIA FACSIMILE AND REGULAR U.S. MAIL**

Mary H. Karr
Senior Vice President
The Federal Reserve Bank of St. Louis
411 Locust Street
St. Louis, MO 63102

Re: Retention of Treasury Fiscal Agency Records in Compliance with the August 24, 2007 Order of the Court in Swinomish Indian Tribal Nation v. USA, No. 06-899L (C.F.C.) and the September 10, 2007 Order of the Court in Navajo Nation v. United States, No. 06-945L (C.F.C.)

Dear Ms. Karr:

The purpose of this letter is to advise the Federal Reserve Bank (FRB), which serves as Treasury's fiscal agent, that Treasury has become subject to two new document retention orders in the above-referenced cases. Copies are attached for your convenience. These orders require the FRB to continue complying with all record retention instructions that Treasury has provided to the FRB in connection with the court Orders in the Cobell, et al. v. USA, Jicarilla Tribe v. USA, and Pueblo of Laguna v. USA cases, which have been the subject of prior communications from us. Those earlier Court Orders and all Treasury instructions to date remain effective and unchanged.

Treasury's "standing instructions" require that no Treasury fiscal agency records be destroyed without the prior written approval of Treasury's designated representative(s). The Chief Counsels of the Financial Management Service (FMS) and the Bureau of the Public Debt (BPD) are designated to provide you (FRB's designated representative) with written destruction approvals on behalf of their respective bureaus, for specific categories of fiscal agency records that Treasury determines are not "Cobell" or "Tribal" related.

Please continue to take all steps you deem appropriate to ensure that all Federal Reserve Banks and Branches continue to preserve pertinent Treasury fiscal agency records indefinitely. "Records" include "documents," "data" and "tangible things," in all forms and media (e.g., paper, film, electronic), at all locations (including Federal Records Centers, private storage facilities and on-site facilities), and in any associated NARA

"Record Groups" (including, but not necessarily limited to, Record Groups 425, 39, 50, 53 and 82).

Please also be advised that there are several other similar tribal cases in which the judges are contemplating entering document retention orders, so you will likely be receiving similar notices from us in the future.

Thank you for your cooperation. Please direct any inquiries to me at (202) 874-6681 and/or to Paul Wolfteich, Chief Counsel for BPD, at (202) 504-3705.

Sincerely,

Michael Colletta

for Margaret Marquette
Chief Counsel

Attachments

cc (w/out attachments): Paul Wolfteich, Chief Counsel, BPD

# DECLARATION OF

# LACHLAN W. SEWARD

# EXHIBIT

# J

DEPARTMENT OF THE TREASURY
FINANCIAL MANAGEMENT SERVICE
WASHINGTON, D.C. 20227

September 13, 2007

Mr. Stephen C. Herndon, Senior Vice President
Bank of America
Federal Government Banking Division
600 Peachtree Street, NE
Atlanta, GA 30308-2214

Re: Bureau of Indian Affairs - Palm Springs Lockbox Account (closed 11/1/05)
Agency Location Code 00004844, Lockbox Number 72758

Dear Mr. Herndon:

This is to advise you that Treasury has become subject to two new document retention orders in Swinomish Indian Tribal Community v. United States, No. 06-899L (C.F.C.) and Navajo Nation v. United States, No. 06-945L (C.F.C.). Copies of these orders are attached. ***These new retention orders do not impose any new retention requirements on you, because our retention instructions for the Cobell case have been sufficiently broad to cover all Indian trust materials. In other words, the same retention instructions you have received from us for the Cobell case are adequate to meet the requirements of these two new tribal retention orders.*** The retention orders collectively require us to preserve, indefinitely, all records relating to Indian and tribal trust funds and trust assets. Notwithstanding the fact that the above-referenced lockbox account was closed effective November 1, 2005, please continue to retain all documentation pertaining to the account until further notice. You have confirmed that the account records include:

Standard Form 215
Standard Form 5515
Check copies
Monthly Account Activity Reports (MAAR)
Monthly Account Analysis Statements (MAAS)
Standard Listing
Any forms used to facilitate internal processing, such as the Daily Balance Sheet

Your bank must continue to retain the records for this account IN ALL FORMS AND MEDIA that were generated. Accordingly, notwithstanding that your bank began generating photocopies of the checks associated with this account on October 1, 2001, you must continue retaining any duplicate copies on microfilm, unless and until FMS obtains court approval for your bank to retain only pre-October 2001 microfilm copies and post-September 2001 photocopies.

There are several other similar tribal cases pending in which the judges are contemplating entering document retention orders, so you will likely be receiving similar notices from us in the future.

Please distribute this letter to appropriate bank personnel, including records management personnel. If you have any questions regarding these retention instructions, please contact me at (202) 874-6847.

Thank you for your continued cooperation.

Sincerely,

Michael Mackay, Director
General Revenue Collection Division

cc: Linda S. Corbett, Senior Vice President, Bank of America

DEPARTMENT OF THE TREASURY
FINANCIAL MANAGEMENT SERVICE
WASHINGTON, D.C. 20227

September 13, 2007

Ms. Elaine Friedman, Vice President
Mellon Bank
Mellon Client Service Center
Suite 1260
Pittsburgh, PA 15259-0001

Re: Minerals Management Service Lockbox Account
Agency Location Code 14170001, Lockbox Number 911-4258

Dear Ms. Friedman:

This is to advise you that Treasury has become subject to two new document retention orders in Swinomish Indian Tribal Community v. United States, No. 06-899L (C.F.C.) and Navajo Nation v. United States, No. 06-945L (C.F.C.). Copies of these orders are attached. ***These new retention orders do not impose any new retention requirements on you, because our retention instructions for the Cobell case have been sufficiently broad to cover all Indian trust materials. In other words, the same retention instructions you have received from us for the Cobell case are adequate to meet the requirements of these two new tribal retention orders.*** The retention orders collectively require us to preserve, indefinitely, all records relating to tribal trust funds and trust assets. Accordingly, please continue to retain all documentation pertaining to the above-referenced lockbox account until further notice. You have confirmed that the records for this account include:

Standard Form 215
Standard Form 5515
ACH Receiving Remittance/Payment Report
Demand Deposit Account Activity Statements
Any forms used to facilitate internal processing, such as the CA$H-LINK II Deposit Report Form

You must retain the records for this account IN ALL FORMS AND MEDIA generated for the account. This includes paper, electronic, microfilm, microfiche, or any other media. If you create the same record in multiple media, you must retain the record in all media.

There are several other similar tribal cases pending in which the judges are contemplating entering document retention orders, so you will likely be receiving similar notices from us in the future.

Please distribute this letter to appropriate bank personnel, including records management personnel. If you have any questions regarding these retention instructions, please contact me at (202) 874-6847. Thank you for your continued cooperation.

Sincerely,

Michael Mackay

Michael Mackay, Director
General Revenue Collection Division

# DECLARATION OF

# LACHLAN W. SEWARD

# EXHIBIT

# K

DEPARTMENT OF THE TREASURY
FINANCIAL MANAGEMENT SERVICE
HYATTSVILLE, MD 20782

September 13, 2007

Brian K. Nagel
Assistant Director,
Office of Investigations
U.S. Secret Service
950 H Street, N.W.
Washington, D.C. 20223

Re: Document Retention Orders in Swinomish Indian Tribal Community v. USA, No. 06-899L (C.F.C.) and Navajo Nation v. USA, No. 06-945L (C.F.C.)

Dear Mr. Nagel:

This is to inform you that Treasury has become subject to two new document retention orders in the above-referenced lawsuits, requiring Treasury to retain, indefinitely, "every document, [datum/data] or tangible thing ... containing information that is relevant to, or is reasonably calculated to lead to the discovery of admissible evidence relevant to, the subject matter involved in the pending litigation." Copies of these document retention orders are attached.

These two cases involve claims by Indian tribes against the government for alleged trust fund mismanagement. There are several other similar tribal cases in which the judges are contemplating entering document retention orders, so you will likely be receiving similar notices from us in the future.

***These new retention orders do not impose any new retention requirements on you, because our retention instructions for the Cobell case have been sufficiently broad to cover all Indian trust materials. In other words, the same retention instructions you have received from us for the Cobell case are adequate to meet the requirements of these two new tribal retention orders.*** As stated in previous reminder letters to Secret Service pertaining to the record retention order in Cobell, among the types of records that Treasury must preserve to comply with these court orders are all Treasury checks and check-related records. Accordingly, please continue to preserve, until further notice, all Treasury checks that FMS forwards to your bureau for investigation and all information and records your bureau maintains relating to those checks. Please continue to take all steps necessary to determine and document that all such records in the possession of Secret Service are being preserved indefinitely.

If you have any questions concerning these document retention orders, please contact Terri Dawson in the FMS Chief Counsel's office, at (202) 874-6877, or me, at (202) 874-7913.

Thank you for your continued cooperation and assistance.

Sincerely,

Ronald G. Cymbor, Director
Financial Processing Division

Enclosures

cc: Patrick Fitch, Office of Chief Counsel, U.S. Secret Service – Fax #202/406-6544
(ph. 406-5871)