# DECLARATION OF

# CAROL LAZAR

## NOVEMBER 28, 2007

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| NAVAJO NATION<br>f.k.a. NAVAJO TRIBE OF INDIANS,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 06-945L<br>Judge Francis M. Allegra |

DECLARATION OF CAROL LAZAR

I, Carol Lazar, do hereby declare, pursuant to 28 U.S.C. 1746, that:

1. I am employed by the United States Nuclear Regulatory Commission (NRC) in the Office of the General Counsel (OGC). I recently graduated from law school. I have been certified for admission to the New York bar and am awaiting the official admission ceremony. I am working under the supervision of John Cordes, the NRC Solicitor.

2. In that capacity, I am assigned as a point of contact for NRC relating to the Record Retention Order (RRO) dated September 10, 2007, issued by the Court in the above-captioned case. I was assigned the lead position for coordinating the NRC's response to the RRO on October 2, 2007. On October 3, 2007 I received a copy of the complaint and reviewed it. The NRC regulates uranium milling but does not regulate uranium mines or abandoned uranium mine sites. Therefore, the records that NRC is most likely to possess will relate to uranium mills. The NRC's statutory mandate is to protect public health and safety and common defense and security. Therefore, NRC is unlikely to have any documents relating to financial arrangements between the United States as trustee, the Navajo Nation, and third-party lessees. Rather, documents the NRC possesses may provide circumstantial evidence relevant to

plaintiff's claim, such as confirmation of the time period during which lessees of uranium mining rights operated on Navajo land.

3. The purpose of this declaration is to detail the steps the NRC has taken to comply with the RRO, as well as its plans for future compliance.

4. The basis of the information in this declaration is my personal knowledge and information provided to me by other NRC employees. Because I do not have in-depth knowledge of the field of information technology, I have had to rely to a considerable extent on NRC employees and contractors who specialize in that field for information regarding electronic records, transmissions, and data. I contacted individual NRC employees, including both Headquarters and Regional personnel, and employees of contractors, by telephone, e-mail, or in face-to-face meetings, to obtain information regarding the location of possible responsive documents and information about information technology systems used at the NRC.

The NRC is a small agency and has a limited number of personnel with which to pursue the Court's broad order. At this point many NRC employees and contractors have expended time and expertise on compliance with the RRO. These include the NRC Solicitor, the Regional Counsel for NRC Region IV, two senior OGC attorneys, four OGC attorneys, two contractors working at the Office of Information Services (OIS), three members of the OGC Program Support Branch, two Records Management Analysts, and at least five members of the Uranium Recovery Licensing Branch.

5. The NRC issued e-mail network announcements to all NRC employees regarding this lawsuit. The first announcement was sent out by e-mail and posted on the NRC internal website on October 9, 2007. The second announcement was sent out by e-mail and posted on the NRC internal website on October 17, 2007. The third announcement was sent out by e-mail and posted on the NRC internal website on October 31, 2007. These announcements described the main focus of the lawsuit and the responsibility of each NRC employee to comply

with the mandates of the RRO. On October 24, 2007 I distributed an electronic copy of the RRO to all supervisors whose divisions may have information relevant to the RRO, and directed them to distribute the RRO to employees they believe to have relevant records. A copy of each of these e-mails is appended to this declaration.

In explaining the search requirements to NRC employees in the announcements, I described the nature of the lawsuit, with special reference to the plaintiff's claim that the United States has failed to exercise fiduciary duties owed the plaintiff with regard to supervision, control, and management over the plaintiff's trust funds and other trust property.

The announcements described the broad definition of "document, data or tangible things" covered by the RRO, and emphasized the need to preserve any record that may be subject to the order. The announcements instructed NRC employees to take the RRO with the utmost seriousness, and explained that disciplinary action could result from failure to preserve any document, data or tangible thing in an employee's possession or custody. Additionally, I explained that an NRC employee's search should not be limited to NRC records, because old records of the long-defunct Atomic Energy Commission (AEC) could be relevant. NRC employees were instructed to inform me if they knew of any responsive document, data, or tangible thing that may be in the possession or custody of the NRC, an NRC officer or employee, or an NRC contractor.

7. The following details steps I have taken to find paper files and records that may relate to the RRO. On October 12, 2007, I visited the OGC File Room with Kristy Remsburg, OGC's Team Leader for Administrative Legal Support Services. I removed all potentially relevant files from the OGC File Room and brought them to my work space to review. I have reviewed almost all of those files for relevant records since removing them from the OGC File Room.

I asked the NRC File Center to recall all files relevant to the search terms I provided them. The File Center found eighty-three potentially relevant boxes, fourteen of which have been transferred to the National Archives. Once records are transferred to the National Archives, the documents are no longer under the control of the NRC. I have begun reviewing the remaining sixty-nine boxes of records for relevant records.

I have asked the Regional Counsel for Region IV, the NRC Region that encompasses Arizona, New Mexico, and Utah for help locating any files that may be maintained in Region IV. Various NRC employees have either brought me records or directed me to the location of records that may be responsive to the RRO. I have also worked to locate contractors who may possess records relevant to the RRO. I have asked project managers of the NRC-licensed uranium mills on Navajo land for help locating contractors who may possess relevant records.

8. The following details the steps I have taken to locate electronic records relevant to the RRO. The NRC networks are backed up, and the backup tapes are re-taped every ten days. I have asked for backup tapes for each of the NRC divisions that may possess relevant records in case any employee deleted a relevant record before learning about the RRO. The relevant backup tapes have been preserved and will not be re-taped. I have inquired about the existence of voicemails relevant to the RRO. None of the NRC employees with possibly relevant records knows of any voicemail responsive to the RRO. I have asked the licensing assistant for the Uranium Recovery Licensing Branch to search the NRC's Agencywide Documents Access and Management System (ADAMS) for any relevant documents and to create reports of potentially relevant documents. I plan to review any relevant electronic documents for responsiveness to the RRO.

I have worked closely with the OIS to create an e-mail retention system. E-mail retention is difficult at the NRC. Individual employees are limited in the number of megabytes they can hold in their mailboxes, and the system periodically purges e-mails older than 180

days. Furthermore, the agency is migrating from Novell GroupWise to Microsoft Outlook in December of 2007 and the migration renders some formerly helpful e-mail retention solutions problematic. OIS has created an e-mail retention system that will allow employees to forward any relevant e-mails to a specific e-mail address. The system will convert each e-mail, along with the properties page and any attachments, to PDF form. The PDF documents will be saved in a restricted folder in ADAMS. The e-mail retention system is fully operational. I have instructed all NRC employees who may have relevant e-mails to use the retention system to ensure that any potentially relevant e-mails escape the NRC's periodic e-mail purges.

9. Aside from the steps the NRC has already taken to comply with the RRO, the NRC plans to continue to review all non-public records for responsiveness. The NRC plans to review the remaining OGC files, the sixty-nine boxes of files at the File Center, the non-public electronic records found on ADAMS, the working files maintained by former project managers, any records found in Region IV, and any other records produced by NRC employees or contractors. The NRC will gather all responsive records and create a privilege log for non-public responsive NRC records that have been identified as privileged. The NRC will either maintain these documents for plaintiff's review on site or provide the plaintiff copies of non-public, responsive, non-privileged documents. The NRC also plans to periodically remind all NRC employees of the RRO by resending an announcement by e-mail and posting the same announcement on the NRC's internal website.

I hereby declare under penalty of perjury that the foregoing information is true and correct to the best of my knowledge.

Executed on November 29, 2007.

Carol Lazar
U.S. Nuclear Regulatory Commission

# DECLARATION OF

# CAROL LAZAR

# EXHIBIT A

## NRC Announcement

### October 9, 2007 - Saving Documents Relevant to Lawsuit

At the request of the United States Department of Justice, John Cordes, NRC Solicitor, asks that the following announcement be made:

Navajo Nation, an Indian tribe situated in New Mexico, Arizona, and Utah, has brought a lawsuit against the United States claiming that the United States failed to exercise fiduciary duties owed the tribe with regard to supervision, control, and management of the tribe's trust funds and other trust property. Among other things, Navajo Nation alleges that from 1946 until the present, uranium mining and perhaps other activities relating to uranium have been carried out on the tribe's reservation under lease agreements entered into by the tribe, the United States as its trustee, and a private company.

A court order has been issued in this lawsuit requiring the United States, its agencies, and its employees to take steps to preserve every "document, data, or tangible thing" in its possession, custody, or control that contains information relevant to the subject matter involved in the lawsuit. Under the court order, the records found will have to be indexed and may then have to be made available for inspection by the plaintiff.

"Document, data, or tangible thing" is defined very broadly by the court, and includes writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, e-mail messages, voice mail, software, photographs, and just about any other format used for memorializing thoughts and actions. Any such item that is found may not be destroyed (in whole or in part), deleted, altered, or removed, and agencies involved (including the NRC) have the responsibility to ensure that its officers and employees comply with this requirement.

Accordingly, we ask each NRC officer and employee to do the following:

(1) Ascertain whether you have, or know the whereabouts of, any "document, data, or tangible thing," as defined above, that may be related to the Navajo Nation reservation, the exploitation of uranium on or near the reservation, or any NRC or AEC activity relevant to the reservation or the exploitation of uranium on or near the reservation.

(2) Make certain that neither you nor any individual under your supervision destroys, deletes, alters, or removes any record that may be subject to this order.

Contact Carol Lazar (phone 301-415-1484 or e-mail CHL1@nrc.gov) and inform her by no later than 4 p.m. on October 22, 2007, if you know of any "document, data, or tangible thing" that may be responsive to the court order issued in the litigation described above and that may be in the possession or custody of the NRC or an NRC officer or employee, or a contractor of the NRC. Please note that this request is not limited to NRC records, but also applies to old AEC records.

It is important to treat this order with the utmost seriousness. The presiding federal judge has indicated that he will assess sanctions against non-cooperating agencies, and such sanctions can also be assessed against individual employees.

Thank you for your attention to this matter.

Contact: Carol Lazar (phone 301-415-1484 or e-mail CHL1@nrc.gov)

Distribution: Headquarters, Regions

Announcements by Date | Announcements by Category

Back

# DECLARATION OF

# CAROL LAZAR

# EXHIBIT B

NRC@WORK Home | Public Site | Search Intranet: | Everything | Submit

NRC Announcement

## October 17, 2007 - Reminder: Saving Documents Relevant to Lawsuit

At the request of the United States Department of Justice, John Cordes, NRC Solicitor, asks that the following announcement be made:

Navajo Nation, an Indian tribe situated in New Mexico, Arizona, and Utah, has brought a lawsuit against the United States claiming that the United States failed to exercise fiduciary duties owed the tribe with regard to supervision, control, and management of the tribe's trust funds and other trust property. Among other things, Navajo Nation alleges that from 1946 until the present, uranium mining and perhaps other activities relating to uranium have been carried out on the tribe's reservation under lease agreements entered into by the tribe, the United States as its trustee, and a private company.

A court order has been issued in this lawsuit requiring the United States, its agencies, and its employees to take steps to preserve every "document, data, or tangible thing" in its possession, custody, or control that contains information relevant to the subject matter involved in the lawsuit. Under the court order, the records found will have to be indexed and may then have to be made available for inspection by the plaintiff.

"Document, data, or tangible thing" is defined very broadly by the court, and includes writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, e-mail messages, voice mail, software, photographs, and just about any other format used for memorializing thoughts and actions. Any such item that is found may not be destroyed (in whole or in part), deleted, altered, or removed, and agencies involved (including the NRC) have the responsibility to ensure that its officers and employees comply with this requirement.

Accordingly, we ask each NRC officer and employee to do the following:

(1) Ascertain whether you have, or know the whereabouts of, any "document, data, or tangible thing," as defined above, that may be related to the Navajo Nation reservation, the exploitation of uranium on or near the reservation, or any NRC or AEC activity relevant to the reservation or the exploitation of uranium on or near the reservation.

(2) Make certain that neither you nor any individual under your supervision destroys, deletes, alters, or removes any record that may be subject to this order.

Contact Carol Lazar (phone 301-415-1484 or e-mail CHL1@nrc.gov) and inform her by no later than 4 p.m. on October 22, 2007, if you know of any "document, data, or tangible thing" that may be responsive to the court order issued in the litigation described above and that may be in the possession or custody of the NRC or an NRC officer or employee, or a contractor of the NRC. Please note that this request is not limited to NRC records, but also applies to old AEC records.

It is important to treat this order with the utmost seriousness. The presiding federal judge has indicated that he will assess sanctions

against non-cooperating agencies, and such sanctions can also be assessed against individual employees.

Thank you for your attention to this matter.

Contact: Carol Lazar (phone 301-415-1484 or e-mail CHL1@nrc.gov)

Distribution: Headquarters, Regions

Announcements by Date | Announcements by Category

Back

# DECLARATION OF

# CAROL LAZAR

# EXHIBIT C

NRC@WORK Home | Public Site | Search Intranet: | Everything | Submit

NRC Announcement

## October 31, 2007 - Reminder: Saving Documents Relevant to Lawsuit

At the request of the United States Department of Justice, John Cordes, NRC Solicitor, asks that the following announcement be made:

Navajo Nation, an Indian tribe situated in New Mexico, Arizona, and Utah, has brought a lawsuit against the United States claiming that the United States failed to exercise fiduciary duties owed the tribe with regard to supervision, control, and management of the tribes trust funds and other trust property. Among other things, Navajo Nation alleges that from 1946 until the present, uranium mining and perhaps other activities relating to uranium have been carried out on the tribes reservation under lease agreements entered into by the tribe, the United States as its trustee, and a private company.

A court order has been issued in this lawsuit requiring the United States, its agencies, and its employees to take steps to preserve every document, data, or tangible thing in its possession, custody, or control that contains information relevant to the subject matter involved in the lawsuit. Under the court order, the records found will have to be indexed and may then have to be made available for inspection by the plaintiff.

Document, data, or tangible thing is defined very broadly by the court, and includes writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, e-mail messages, voice mail, software, photographs, and just about any other format used for memorializing thoughts and actions. Any such item that is found may not be destroyed (in whole or in part), deleted, altered, or removed, and agencies involved (including the NRC) have the responsibility to ensure that its officers and employees comply with this requirement.

Accordingly, we ask each NRC officer and employee to do the following:

(1) Ascertain whether you have, or know the whereabouts of, any document, data, or tangible thing, as defined above, that may be related to the Navajo Nation reservation, the exploitation of uranium on or near the reservation, or any NRC or AEC activity relevant to the reservation or the exploitation of uranium on or near the reservation.

(2) Make certain that neither you nor any individual under your supervision destroys, deletes, alters, or removes any record that may be subject to this order.

Contact Carol Lazar (phone 301-415-1484 or e-mail CHL1@nrc.gov) and inform her if you know of any document, data, or tangible thing that may be responsive to the court order issued in the litigation described above and that may be in the possession or custody of the NRC or an NRC officer or employee, or a contractor of the NRC. Please note that this request is not limited to NRC records, but also applies to old AEC records.

It is important to treat this order with the utmost seriousness. The presiding federal judge has indicated that he will assess sanctions

against non-cooperating agencies, and such sanctions can also be assessed against individual employees.

Thank you for your attention to this matter.

Contact: Carol Lazar (phone 301-415-1484 or e-mail CHL1@nrc.gov)

Distribution: Headquarters, Regions

Announcements by Date | Announcements by Category

Back

# DECLARATION OF

# CAROL LAZAR

# EXHIBIT D

**From:** Carol Lazar
**To:** Cameron, Francis; Fuller, Karla; Itzkowitz, Marvin; Jones, Bradley; Rothschild, Trip; Suber, Gregory; VonTill, Bill; Williamson, Edward; Winsberg, Kathryn; Zobler, Marian
**Date:** 10/24/2007 1:35:31 PM
**Subject:** Navajo Nation Record Retention Order

Dear All,

My contact at the Department of Justice has urged me to distribute the Record Retention Order to individuals who may have information relevant to the Navajo Nation Litigation Hold. Please distribute it to any employees you believe may have information. I apologize for the unnecessary interruption if this matter does not concern your division. On a similar note, please let me know if you know of anyone I should have included in this communication or if you have any questions. The agency-wide announcement regarding this matter is available at http://www.internal.nrc.gov/announcements/items/3446-saving-d.html, should you need it as a reference.

Sincerely,

Carol Lazar

**CC:** Cordes, John