# In the United States Court of Federal Claims

No. 06-945L

(Filed: February 5, 2008)

---

NAVAJO NATION,
f.k.a. NAVAJO TRIBE OF INDIANS,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

**ADR CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

---

This matter is before the court pursuant to the parties' Joint Motion for Entry of ADR Confidentiality Agreement and Protective Order.

The court has reviewed the motion and finds that good cause exists for supplementation of the Confidentiality Agreement and Protective Order ("CAPO") entered in this case on May 11, 2007, as provided herein, pursuant to RCFC 26(c), RCFC 16(c)(12), and RCFC Appendix H, ¶ 3(d). This order supplements and does not supersede the CAPO entered on May 11, 2007. Entry of this order will facilitate the free flow of information among the parties and Judge Eric Bruggink (the Settlement Judge), which may assist the parties in resolving this case pursuant to the court's Alternative Dispute Resolution ("ADR") program as described in RCFC Appendix H.

**IT IS THEREFORE ORDERED** that the CAPO entered in this case on May 11, 2007, is hereby supplemented in the following manner:

1. For purposes of ADR proceedings in this case, "settlement communications" shall mean any communications made, exchanged or provided by or between the plaintiff (including plaintiff's attorneys, representatives, employees, agents, experts and consultants), the defendant (including defendant's attorneys, representatives, employees, agents, experts and consultants), or the Settlement Judge, in, or for purposes of the ADR proceedings in this case, regardless of whether the communications are oral, written, electronic, telephonic or otherwise. All ADR proceedings, including settlement communications, are confidential and shall not be filed with the court, disclosed in any subsequent proceeding or document, or construed for any purpose as an admission against interest nor shall any settlement communication be subject to disclosure under the Freedom of Information Act, 5 U.S.C. § 552. All such settlement communications are

for settlement purposes only and shall be treated as compromise negotiations under Federal Rule of Evidence 408. The parties shall not subpoena or seek for any purpose in this or any other proceeding in any way the oral or written testimony of the Settlement Judge or any materials submitted to the Settlement Judge during the ADR proceedings. However, information and documents that are otherwise discoverable or admissible do not lose that characteristic merely because of their use in the ADR proceedings.

2. In the course of the ADR proceedings, each party may produce records to the other party for which the producing party claims a privilege or a protection from disclosure, in lieu of preparing privilege logs and redacting records pursuant to paragraph 3 of the CAPO. Such records shall be labeled **ADR PRIVILEGED** in addition to being labeled **CONFIDENTIAL** in accordance with paragraph 8 of the CAPO.

3. Records that are designated as ADR privileged pursuant to this Order and all copies, notes, and recordings thereof (collectively hereinafter, "ADR privileged records") shall be used solely for ADR proceedings in this case. Such ADR privileged records shall be treated as communications within the scope of the ADR proceedings under RCFC Appendix H ¶ 3(d).

4. The disclosing party's claims of privileges and protections from disclosure for ADR privileged records, including, without limitation, the attorney-client privilege, the deliberative process privilege, and the attorney work-product protection, shall be preserved and not waived as against the receiving party and third parties. The disclosure or use of ADR privileged records in, or for, the ADR proceedings shall not constitute a waiver in whole or in part of a subsequent claim of privilege, either as to the specific records disclosed or as to records related to the same subject matter, as to the receiving party or third parties, nor shall their use in settlement discussions subject them to disclosure under the Freedom of Information Act, 5 U.S.C. § 552.

5. Unless otherwise agreed by the parties or authorized by the court, a party may disclose or provide access to ADR privileged records so designated by the other party pursuant to this Order only to the following individuals: (a) attorneys of record in this action and attorneys, paralegals, and support staff in their offices in the course of representing the parties herein; (b) plaintiff's tribal officials; (c) experts, consultants, contractors, and copy or computer service personnel retained by the parties or the parties' attorneys to assist in this case and persons in their employ; and (d) the Settlement Judge to whom this case was referred by order of the court on October 10, 2007, and his staff, consistent with paragraph 15 of the CAPO. Before reviewing ADR privileged records in this case, the aforementioned individuals (excluding the Settlement Judge and his staff) shall personally review this ADR CAPO and execute and date an acknowledgment as follows:

> I acknowledge that I have read the ADR Confidentiality Agreement and Protective Order that was entered into by the Navajo Nation and the United States of America in *Navajo Nation v. United States*, No. 06-945L (CFC). I understand and agree to comply with its terms.

The parties' respective attorneys of record shall retain all such acknowledgments and shall provide copies thereof to opposing counsel upon request.

6. The parties shall not file with the court at any time in this action any motion, brief, pleading, or other filing or submission which attaches, quotes, or paraphrases any ADR privileged record except in a motion to challenge an assertion of privilege under paragraph 7, in which event the motion shall be filed under seal.

7. Within 60 days after conclusion of the ADR proceedings, regardless whether it involves final disposition of this action, the party that produced ADR privileged records shall, if it has not already done so, provide to the receiving party one or more privilege logs that list such records for which the producing party asserts privilege or protection from disclosure, *provided* that pursuant to paragraph 2 of the CAPO, such assertion of privilege or protection shall not rely on any Applicable Confidentiality Laws. All privilege logs provided pursuant to this Order shall state for each listed record and any attachments thereto the date, recipient(s) (if known), author(s) (if known), privilege(s) asserted, a description of the content of the record sufficient to demonstrate the subject matter(s) addressed in the record and the basis of the asserted privilege or protection from disclosure, and information related to the location from which the record was obtained. The producing party shall also notify the receiving party if it is withdrawing the assertion of privilege or protection from disclosure as to any ADR privileged record(s) designated under this Order. Within 60 days of receiving written notice from the producing party that all privilege logs have been provided, each party shall identify and notify the other party of all ADR privileged records that were designated by the other party pursuant to this Order for which the receiving party wishes to challenge the assertion of privilege or protection from disclosure and shall return or destroy all ADR privileged records that are not identified for challenge. Thereafter, the parties will confer to address any issue related to the privilege log(s) and to address the possible redactions of portions of disputed records that the producing party asserts to be privileged or protected. If, within 90 days after the producing party has provided notice that all privilege logs have been provided, there is no agreement, pending motion, or order issued on the disposition of the disputed ADR privileged records, the receiving party shall destroy or return the disputed ADR privileged records.

8. In addition to having the option to request destruction or return of inadvertent or unintended disclosure of privileged records as set forth under paragraph 18 of the CAPO, the producing party alternatively may request that the receiving party label and treat such records as "ADR Privileged," as if produced pursuant to paragraph 2 of this order, provided that the aforenoted labeling and treatment will not impair the receiving party's right to challenge the privilege assertion under paragraph 7 of this order or otherwise.

9. The parties shall negotiate promptly and in good faith to try to resolve any and all disputes or objections arising under or concerning any provision of this Order. If the parties cannot mutually resolve such a dispute or objection, including without limitation through the use of redactions, either party may seek a further order of the court seeking appropriate relief,

*provided* that the parties shall seek assistance from the Settlement Judge to resolve any dispute arising hereunder before seeking relief therefor from the court under paragraph 16 of the CAPO.

10. Other than as expressly provided for herein, this Order is not intended and shall not be construed to modify the provisions of the CAPO or to limit or affect the parties' rights to pursue discovery in this action pursuant to the Rules of the Court of Federal Claims.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge