# In The United States Court of Federal Claims

| | | |
|---|---|---|
| NAVAJO NATION<br>f.k.a. NAVAJO TRIBE OF INDIANS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 06-945L<br>Judge Francis M. Allegra |

**DEFENDANT'S UNOPPOSED MOTION TO AMEND PARAGRAPH 2 OF THE NOVEMBER 30, 2007 RECORD RETENTION ORDER**

Pursuant to the June 6, 2008 order of this Court, the United States respectfully seeks permission of the Court to modify the record review site specified in Section 2(a) of the November 30, 2007 Record Retention Order ("RRO") from the Gallup, New Mexico Federal Building ("Federal Building") to the General Services Administration Warehouse ("GSA Warehouse"), located at 1600 12th Street N.W., Albuquerque, New Mexico.[1/] The motion for change in record review sites would currently affect 581 boxes of the Bureau of Indian Affairs ("BIA") Navajo Regional Realty Office ("Regional Realty Office") box collection identified in Exhibit 1. The boxes in Exhibit 1 were originally brought from the Regional Realty Office and are currently being stored at the Federal Building. The motion for change in record review sites would also involve 32 boxes, identified in Exhibit 2, to be moved from the BIA Ft. Defiance

1/

The November 30, 2007 RRO is actually the second RRO in this case entered when the September 10, 2007 Record Retention Order's primary review location in Gamerco New Mexico became unavailable based on the presence of hazardous materials located at that site. Thereafter, privilege review and record production has occurred at the Federal Building, as specified in the November 30, 2007 RRO.

Agency in Arizona to the GSA Warehouse. An additional number of Fort Defiance inactive boxes will also be scheduled for movement to the GSA Warehouse upon appropriate sorting, inventorying and boxing pursuant to the RRO. The grounds for this unopposed motion are set forth as follows:

1. Beginning on April 3rd, in the course of a privilege review of 709 boxes from the Regional Realty Office, Interior Department Solicitor's Office attorneys working in the Gallup Federal Building identified that 18 of the first 146 boxes reviewed had been impacted by mold and/or water.[2/] The remaining 128 boxes (ie. the original 146 - 18 = 128)) showed no visible evidence of mold or water, and accordingly, remained at the Gallup Federal Building for review by Plaintiff.

2. After discussions with the BIA Regional environmental staff in Gallup, Solicitor's Office management decided to forward the remaining 581 boxes in the collection to Albuquerque (ie. the total collection of 709 - 128 = 581), and ultimately transport them to the AIRR in Lenexa, Kansas for indexing, archiving, and any further remediation.

3. In addition to the 581 Regional Realty Office boxes, BIA Office of Trust Records officials have concluded at this point to transport 32 inactive records boxes now located at Ft. Defiance, Arizona to the GSA Warehouse in Albuquerque. This decision is based in part on a desire to centralize box review over the near term in Albuquerque. The 32 Ft. Defiance boxes will be the subject of a privilege review at the GSA Warehouse prior to review by Plaintiff's representatives.

4. In order to memorialize the site review changes noted above, Defendant hereby

---

[2/]This includes two additional boxes which were later identified by Assaigai Laboratories, Inc. of Albuquerque, New Mexico as potentially requiring remediation.

suggests that the November 30, 2007 Order, specifically, paragraphs 2(a) and (b), be modified as set forth in Exhibit 3 (in redline form) with a clean version of the revised paragraphs marked as Exhibit 4.

5. Defendant's counsel has conversed with Plaintiff's counsel concerning movement of the Regional Realty Office boxes and Fort Defiance boxes. Plaintiff's counsel, subject to delivery of an intermediate move plan, does not oppose movement of the boxes for purposes of document damage analysis, remediation, and Plaintiff's own review pursuant to the RROs entered in this case.[3] Plaintiff similarly does not oppose the miscellaneous RRO changes described in Footnote 3.

Based on the foregoing, the United States respectfully requests that the Court GRANT Defendant's Unopposed Motion In Compliance With the Court's June 6, 2008 Order.

---

[3] In addition, subject to the Court's approval, the Parties propose two additional changes to the November 30, 2007 RRO. Specifically, any references to the Gamerco Warehouse have been eliminated based upon the discovery of potentially hazardous material on that site. This issue was described in detail in the Government's unopposed motion of November 29, 2007, Docket 38, which was granted by the Court on November 30, 2007. See Docket 39. The second proposed change concerns Paragraph 2(b)(iii) of the November 30, 2007 RRO which previously required the Defendant to begin production of documents within 63 days of designation. Given that Part 3 of the May11, 2007 Confidentiality Agreement and Protective Order("CAPO") did not require delivery of a privilege log until 35 days following commencement of production of designated documents, Plaintiff typically commenced review without receipt of the logs. In order to avoid this situation, the Parties propose in Paragraph 2(b)(iii) that the due date for the production of designated documents would commence 98 days after records have been designated versus the 63 days now required under the November 30, 2007 RRO. (That is, the Parties propose that Plaintiff begin its review of designated boxes 35 days later than under the current RRO.) Any privilege logs would continue to be due 90 days following record designation as currently required under Section 3 of the CAPO. The proposed change in the date for production of the designated records and the continuance of the Section 3 CAPO provision would correct the aforenoted problem and allow eight days for any needed flexibility between the date on which Defendant's privilege log is due and the commencement date for Plaintiff's review of designated documents.

Respectfully submitted this day of July, 2008.

RONALD J. TENPAS
Assistant Attorney General

s/Robert W. Rodrigues
ROBERT W. RODRIGUES
Trial Attorney
E. KENNETH STEGEBY
Trial Attorney
AYAKO SATO
Trial Attorney
Unites States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: 202.353.8839
Facsimile: 202.305.0506
Email: Robert.Rodrigues@usdoj.gov