# Exhibit 4

2. **Document Inspection and Production**

(a) Except as provided in paragraph 2(a)(i) below, defendant shall move Relevant Records that, as of September 10, 2007, were inactive as defined by the Department of the Interior ("Interior") Manual Part 303, Chapter 6, and located at or in the possession, custody, or control of the Bureau of Indian Affairs ("BIA") Navajo Regional ("Gallup") Office, the BIA Navajo Regional Realty Office, and the BIA Fort Defiance Agency, and any predecessor offices therefor to the Federal Building, 301 West Hill Avenue, Gallup, New Mexico, 87301 ("Gallup Federal Building") at which location such records shall be made available to plaintiff for purposes of inspection.

(i) Defendant shall move to the General Services Administration Warehouse located at 1600 12th Street NW, Albuquerque, New Mexico 87104 ("GSA ABQ Warehouse"), for purposes of mold, water, or other damage assessment and appropriate remediation, 581 certain boxes from the BIA Navajo Regional Realty Office located at the Gallup Federal Building and 32 certain boxes from and located at the BIA Fort Defiance Agency (respectively identified as set forth in Exhibits 1 and 2 to Defendant's Unopposed Motion to Amend Paragraph 2 of the November 30, 2007 Record Retention filed on July 10, 2008). Defendant also may move to the GSA ABQ Warehouse up to an additional 140 boxes of records of the BIA Fort Defiance Agency, or as agreed to by the parties. Defendant also may move additional records of the BIA Gallup Office, the BIA Navajo Regional Realty Office, or the BIA Fort Defiance Agency, to the GSA ABQ Warehouse, or another location, as agreed to by the parties.

(ii) At least 10 calendar days before movement of the records from their present locations to the Gallup Federal Building, the GSA ABQ Warehouse, or other mutually agreed location, as applicable, defendant will provide plaintiff with an intermediate move plan or plans, which shall include: an implementation schedule; a description or inventory of the records being moved; the method of transportation; the chain of custody; and the signature of the official responsible for the move. The move process may be monitored by plaintiff or its representative using hand-held voice recorders, digital camera, or note taking.

(b) After reviewing the above inactive Relevant Records for privileged material, if necessary, defendant shall make those records available for plaintiff's inspection, in accordance with the following schedule:

* * * *

(iii) Within 98 days after the date on which plaintiff designates boxes pursuant to paragraph 2(b)(ii) above, and after defendant provides a privilege log in

compliance with paragraph 3 of the Confidentiality Agreement and Protective Order ("CAPO") entered in this case on May 11, 2007, unless such records are produced pursuant to paragraph 2 of the ADR CAPO entered in this case on February 5, 2008, defendant will begin to make the designated boxes available, on a rolling basis, for plaintiff's inspection at the intermediate move-to location. However, for any boxes of records that are assessed for mold, water, or other damage, the 98-day period referred to above and the 90-day period referred to in paragraph 3 of the CAPO shall begin on the following date, as applicable: (A) the date of completion of damage assessment for boxes of records that are determined not to require remediation; and (B) the date of completion of remediation for boxes of records that are determined to require remediation.