# In The United States Court of Federal Claims

| | | |
|---|---|---|
| NAVAJO NATION<br>f.k.a. NAVAJO TRIBE OF INDIANS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 06-945L<br>Judge Francis M. Allegra |

**DEFENDANT'S MOTION TO APPROVE ITS PLAN FOR EXTERNAL REVIEW OF BOXES OF INACTIVE BIA RECORDS AND WALKTHROUGH OF STORAGE FACILITIES ON THE NAVAJO RESERVATION**

## I. Introduction to the Department of Interior Plan for Review of Storage Areas and Boxes

In Defendant's filings on April 15, 2008, (Docket ("Dk.") 49) and May 8, 2008 (Dk. 53), Defendant advised the Court of the discovery of nine mold and/or water damaged boxes by the U.S. Department of the Interior ("Interior"), Office of the Solicitor's (the "Solicitor's Office") attorneys. The discovery occurred while the Solicitor's Office was performing a privilege review of Bureau of Indian Affairs ("BIA") Navajo Regional Realty Office documents at the Gallup Federal Building. Two additional boxes were identified by Assaigai Laboratories of Albuquerque, New Mexico, contractors hired to perform analytical work concerning mold and other substances.

In a status conference with the Court on June 6, 2008, Defendant informed the Court of

its remediation plans for the eleven boxes identified thus far.[1/] In response, the Court expressed concern regarding whether any other records in other areas of the Navajo Reservation might be subject to damage associated with mold, water, or other sources. The Court then ordered Defendant to prepare "a plan for an external evaluation of the remaining boxes of record[s] kept at relevant storage facilities." June 6, 2008 Order (Dkt. 56). Although not reflected in the written order, the Court orally ordered Defendant "to do some level of inspection of the places where these records are stored to make sure that at least we're not seeing water in these locations." Transcript of Proceedings held on June 6, 2008, at page 18, 22, lines 2-9, 19-25 (Hereinafter "TR").

In compliance with the Court's June 6, 2008 Order, the Office of Trust Records ("OTR"), the BIA, and the Solicitor's Office have developed a plan (the "Plan") to walk through BIA storage facilities on the Navajo Reservation to look for potential hazardous conditions to inactive trust records. The Plan is appended as Exhibit 1, a June 20, 2008 memorandum from the Solicitor's Office to the U.S. Department of Justice which includes, as Attachment A, a spreadsheet devised to record the conditions of boxes and storage facilities observed at seven sites which house inactive records. Those sites include: the Navajo Regional Office, the Window Rock Regional Realty Office, Western Navajo, Fort Defiance, Chinle, Pinon, and Eastern Navajo.

As described in Exhibit 1, for each of the foregoing sites, a team of individuals from OTR, BIA, and the Solicitor's Office will inspect the storage facilities and the exteriors of boxes, noting relevant findings on the spreadsheet appended as Attachment A. The procedures

[1/]Seven additional boxes potentially affected by mold or water were discovered by the Solicitor's Office on July 8, 2008.

specified in Exhibit 1 also explain what steps will be followed in the event that evidence of damaged records is observed or where records have been recently boxed for moving purposes, and thus, do not indicate the condition of the records included therein. In the latter situation, the Solicitor's Office shall utilize a sampling technique in which records recently placed in new boxes will be examined for any mold or water damage.

## II. Consultation with Plaintiff Concerning the Inspection Plan.

Defendant provided Plaintiff a copy of the inspection plan, Exhibit 1, in order to obtain comments from Plaintiff concerning the plan. On July 2, Defendant received correspondence from Plaintiff setting out a number of suggestions, which correspondence is attached as Exhibit 2. On July 11 , 2008, the undersigned counsel also had a telephone conversation with Plaintiff's counsel, Dan Rey-Bear, concerning the suggestions. The Parties reached agreement on several Plan issues, however, differences do remain. Following consideration of Plaintiff's correspondence as well as the telephone conversation between the Parties on July 11, 2008, Defendant responds to Plaintiff's suggestions as follows in the order in which they are presented in Plaintiff's July 2, 2008 correspondence:

1. **The Evaluation Plan Must Not Be Limited to Inactive Records.**

   Defendant intends on reviewing any records, active or inactive, located in any storage facilities in which records are kept and where there may be conditions which might lead to water damage or mold. This will in all likelihood mean inactive records waiting to be transported to the American Indian Record Repository ("AIRR") in Lenexa, Kansas.

However, we expect that any boxes containing active records placed in an office setting will not be reviewed under this Plan.

2. **The Plan Must Involve Someone with More than Just an Unspecified Amount of Records Management Training.** The Interior personnel who will be utilized for purposes of the inspection shall include individuals from the Office of Trust Records, the Bureau of Indian Affairs, and the Solicitor's Office. At least one of those individuals will have had records management training. Should the participating Interior personnel conclude that they need additional assistance to complete their inspection, they will be under instructions to consult with other knowledgeable persons at the agency or regional level. Plaintiff's suggestion that one of the Regional Records Liaison personnel be included on each team is unnecessary given the planned composition of Interior site teams as set forth in Exhibit 1. Defendant's discretion on this issue should be afforded deference.

3. **Record Sampling Must Not Be Limited to Recently Reboxed Records.** The Court's remarks on June 6, 2008, made clear its expectation that Interior would undertake an external inspection of the boxes. TR at 20, lines 15-25. Even so, Interior's plan calls for internal box inspection on a sampling basis in the event that the boxes appear to be newly-packed in anticipation of movement to the AIRR. Interior's inspection plan thus

goes further than the one described by the Court. Plaintiff's suggestions regarding the internal examination of other boxes has been rejected by the Court. TR at 20-21, lines 15-25 and 1-3.

4. **Plaintiff Must Be Allowed to Monitor the Site Visits.** Defendant agrees that a representative of Plaintiff may accompany the Interior and Justice personnel for the walkthroughs. The representative may take photos and notes for the walkthroughs and will make the walkthroughs with the government participants according to an advance schedule. The walkthroughs will consist of an external examination of the boxes as well as the storage premises. Any questions by the representative should be directed to counsel. Upon completion of the walkthroughs, the Court and Plaintiffs will be furnished with a copy of a report using the data from Attachment A, a copy of which is included here.

5. **The Plan Must Include a Definite Timetable for Completion.** Defendant's timetable that the inspections should begin within 10 days of approval of Interior's plan with a target completion date of 30 days for all site inspections is sufficiently specific.

Upon completion of the activities described in Exhibit 1, as supplemented by Plaintiff's suggestions accepted by the Defendant, the Department of the Interior will submit a copy of Attachment A and/or report to the Court and Plaintiff's counsel, along with any other

explanatory material as to the conditions of box exteriors or box contents, if appropriate, as well as any storage facility issues observed during the review process. For all the foregoing reasons, Defendant's motion for plan approval should be GRANTED.

Respectfully submitted, this 11th day of July 2008,

RONALD J. TENPAS
Assistant Attorney General

s/ Robert W. Rodrigues
ROBERT W. RODRIGUES
Trial Attorney
E. KENNETH STEGEBY
Trial Attorney
AYAKO SATO
Trial Attorney
Unites States Department of Justice
Environment and Natural Resources
Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: 202.353.8839
Facsimile: 202.305.0506
Email: Robert.Rodrigues@usdoj.gov