# In The United States Court of Federal Claims

| | | |
|---|---|---|
| NAVAJO NATION<br>f.k.a. NAVAJO TRIBE OF INDIANS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-945L |
| | ) | Judge Francis M. Allegra |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**Defendant's Reply to Plaintiff's Response to Defendant's Proposed Record Evaluation**

**Background**

On June 6, 2008, the Court ordered Defendant to file "a plan for an external evaluation of the remaining boxes of records[s] kept at relevant storage facilities." (Docket ("Dkt.") 56). In the status conference leading to entry of the aforenoted order, the Court, in describing the plan, stated as follows:

> Well, all I really wanted... would be sort to of what I guess I would refer to as an external inspection. In other words I'm not expecting people to open up boxes, but my concern, Mr. Rodrigues, is that we don't know where this happened, you know?

Transcript of Status Conference, June 6, 2008, at 20.

In addition, the Court went on to describe the logistics of the plan as follows:

> And if it would be possible to literally have an appropriate person do what I call a walk-through survey just to see if there's visible indications, externally again, not opening boxes but of anything that would indicate water damage or mildew or what ever else you could take as an indicator.

Id. at 21.

After communication with Plaintiff's counsel and receipt of Plaintiff's July 2, 2007

correspondence (Dkt. 63, Ex. 2), Defendant filed its Motion to Approve Defendant's Plan for External Review of Boxes of Inactive BIA Records and Walk-through of Storage Facilities on the Navajo Reservation (the "Plan"). (DK 63). In its motion, Defendant included its responses to Plaintiff's position in this matter set forth in Plaintiff's July 2, 2008, correspondence and repeated in Plaintiff's Response to Defendant's Proposed Record Evaluation Plan (Dkt. 69)

## Argument

### Defendant's Plan Meets or Exceeds the Court's Requirements for Review of Documents in Navajo Agency Storage Areas

Rather than merely repeating Defendant's response to Plaintiff's position on the Plan, Defendant shall concisely set out the following key points in the face of Plaintiff's opposition and clarify any areas where questions may exist:[1]

1) Under the Plan, Defendant shall review any boxes in locations where documents are kept whether they contain active or inactive documents. These areas to be reviewed are located at the agencies or regional offices noted in Defendant's Motion (See Dkt. 63, Attach. A)

2) Defendant's review team will include representatives of the Office of Trust Records, the Bureau of Indian Affairs, a Plaintiff's representative, as well as attorneys from the Solicitor's Office and the Department of Justice. In the event of any questions about any findings, Defendant's representatives shall identify representatives of the facility for appropriate follow up.

3) Under the Court's June 6, 2008 Order, there is no requirement that the Defendant

[1]See Attachment 1, Solicitor's Office, Plan for Review, August 4, 2008.

open storage boxes. Regardless, the Defendant's Plan calls for opening reboxed records being prepared for movement to Lenexa. This would be done on a sampling basis in an effort to identify records which may be damaged but placed in new boxes for purposes of the Lenexa move. (Dkt. 63, Ex. 1). Plaintiff's proposal that other boxes be opened is not contemplated by the Court's June 6, 2008 Order.

4) The Plan expressly contemplates commencement of the inspections within 10 days of approval of the Plan and completion of the inspections within 30 days thereafter. (Dkt. 63, Ex. 1). Completion of any report is targeted for 30 days after completion of the inspections.. The foregoing timetable comports with any previous time expectations suggested by the Court.

5) Defendant's counsel has advised Plaintiff's counsel that Plaintiff may have a representative on the inspection team as described in Defendant's motion. (Dkt. 63).

**Conclusion**

For the foregoing reasons, Defendant's Plan as supplemented by the August 5, 2008, cover memorandum and August 4, 2008 supporting report from Interior's Solicitor's Office (See Attach. 1) satisfy the Court's instructions for an external evaluation. Plaintiff's criticisms are without merit and Defendant's motion for plan approval should be GRANTED.

Respectfully submitted,
RONALD J. TENPAS
Assistant Attorney General

s/Robert W. Rodrigues
ROBERT W. RODRIGUES
Trial Attorney
E. KENNETH STEGEBY
Trial Attorney
AYAKO SATO
Trial Attorney
Unites States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: 202.353.8839
Facsimile: 202.305.0506
Email: Robert.Rodrigues@usdoj.gov

Of Counsel:

Gladys Orr Cojocari
Holly Clement
DondraeMaiden
Office of the Solicitor
United States Department of the Interior
1849 C. Street, N.W.
Washington, D.C. 20240

# ATTACHMENT 1

United States Department of the Interior
OFFICE OF THE SOLICITOR
1849 C Street N.W.
Washington, DC 20240

Indian Trust Litigation Office
Mail Stop 6422 MIB

August 4, 2008

**MEMORANDUM**

**TO:** Robert Rodrigues, Department of Justice

**FROM:** Gladys Cojocari, Attorney Advisor, Office of the Solicitor

**RE:** Supplemental Plan for Review of Inactive Records on the Navajo Reservation

As a supplement to its July 11, 2008 plan for external review of boxes of inactive Bureau of Indian Affairs records on the Navajo Reservation, the Department of the Interior ("Interior") intends to take the following additional actions:

(1) Interior's personnel will conduct an external examination of all records, active and inactive, located in areas where inactive records are maintained;

(2) Each site inspection team will contain at least one representative from Interior with records training at least equivalent to that received by a Regional Records Liaison.

Please advise me should you have any questions with respect to the foregoing procedures.

Attachment 1