# In The United States Court of Federal Claims

| | | |
|---|---|---|
| NAVAJO NATION<br>f.k.a. NAVAJO TRIBE OF INDIANS,<br><br>Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 06-945L<br>Judge Francis M. Allegra |

**DEFENDANT'S NOTIFICATION OF DISCOVERY OF DOCUMENT DAMAGE**

Pursuant to Section 4 of the Navajo Record Retention order dated July 11, 2008, Defendant hereby preliminarily notifies the Court of damage to records potentially relevant to this case. Currently, Defendant has been unable to determine with certainty whether these records are trust records. Out of an abundance of caution, Defendant is tendering this notification while documents are being treated in order that they may be examined without causing further damage and an evaluation of whether they are trust records or are relevant in any fashion is made by counsel. A supplemental report on the situation will be filed with the Court as soon as more meaningful information is available. The relevant preliminary information is as follows:

1) On July 23,2008, Solicitor's Office attorneys advised the Department of Justice ("Justice") attorney of record in this case that in the course of a site visit to certain outlying buildings at the Bureau of Indian Affairs ("BIA") Agency in Chinle, Arizona, Solicitor's Office attorney, Joshua A. Edelstein, observed documents that appeared to have been water damaged. Mr. Edelstein was not able to determine if they were trust records.[1]

[1]Mr. Edelstein's visit was in anticipation of complying with this Court's order of June 6, 2008 to locate and examine boxes at Agency storage facilities and outlying buildings proximate

2) As noted in Mr Edelstein's current report appended as Attachment A, the water-damaged records were located in two outlying buildings proximate to the Chinle Agency. Upon finding the documents, Mr. Edelstein and another Solicitor's Office attorney informed the Office of Trust Records ("OTR") and the BIA of the discovery of the documents. According to Mr. Edelstein, on Friday, July 25, 2008, a team of BIA employees moved the documents to another building at the Chinle Agency for purposes of investigation and assessment.

3) On August 4, 2008, Defendant's counsel, Robert Rodrigues, contacted attorneys for the Navajo Nation, Alan Taradash and Deidre Lujan, and explained the foregoing facts.

4) The BIA and OTR will continue to investigate the matters discussed above. Any damaged trust records that are discovered will not moved from the Chinle Agency until approval from the Court is obtained.

5) As noted above, Defendant will file a supplemental report when more meaningful information is available.

Respectfully submitted this 6th day of August, 2008

Respectfully submitted,
RONALD J. TENPAS
Assistant Attorney General

s/Robert W. Rodrigues
ROBERT W. RODRIGUES
Trial Attorney
E. KENNETH STEGEBY
Trial Attorney
AYAKO SATO
Trial Attorney

---

to Agency compounds where records may be located.

Unites States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: 202.353.8839
Facsimile: 202.305.0506
Email: Robert.Rodrigues@usdoj.gov

Of Counsel:

Gladys Orr Cojocari
Holly Clement
Dondrae Maiden
Office of the Solicitor
United States Department of the Interior
1849 C. Street, N.W.
Washington, D.C. 20240

# Attachment A

# United States Department of the Interior

OFFICE OF THE SOLICITOR
1849 C Street N.W.
Washington, DC 20240

Indian Trust Litigation Office
Mail Stop 6343

August 6, 2008

**MEMORANDUM**

**TO:** Robert Rodrigues, Department of Justice

**FROM:** Joshua A. Edelstein, Attorney-Advisor, Office of the Solicitor

**RE:** *Navajo Tribe of Indians v. United States*; Case No. 1:06-cv-00945-L
Report on Discovery at the BIA Chinle Agency in the Navajo Region

On Wednesday, July 23, 2008, I participated in a site visit to the Bureau of Indian Affairs ("BIA") Agency in Chinle, Arizona, along with Deborah Benally, Program Analyst with the BIA, Navajo Region. The goal of the site visit was to inspect every BIA Navajo Region location where trust records may be found to ensure that all such records are being properly maintained. At the Chinle Agency Ms. Benally and I were shown a collection of four off-site structures, enclosed by a locked chain link fence. Upon inspection of two of the buildings (BIA buildings 95 and 96), Ms. Benally and I discovered that there were documents inside, some of which appeared to have sustained water damage. Ms. Benally and I made a cursory examination of the documents but we were unable to immediately determine if the documents included Navajo trust records. Within fifteen minutes of the discovery I called Gladys Cojocari, another attorney in my office who is assigned to this litigation, and together we contacted personnel in the Office of Trust Records within the Office of the Special Trustee, and other BIA personnel and informed them of the discovery. At the same time Ms. Benally contacted the BIA Regional Director. I have been informed that later that afternoon, on July 23, Ms. Cojocari informed counsel of record in this litigation at the Department of Justice.

I have been informed by BIA personnel that on the morning of Friday, July 25, a team of BIA employees lead by Rose Duwyenie, Environmental Specialist for the Division of Environmental, Cultural, and Safety Management for the BIA Navajo Region, removed the documents from buildings 95 and 96 and moved them to another building at the Chinle Agency in preparation for remediation. I was also informed that early the following week the Regional Director instructed personnel from the BIA Regional Headquarters in Gallup, New Mexico, to investigate the situation in Chinle further and report their findings as soon as possible. I understand that BIA has developed a remediation plan and has taken steps to implement that plan. The Solicitor's Office will provide you with more detailed findings and information when it becomes available.

Attachment A