# In The United States Court of Federal Claims

No. 06-945L

(Filed: August 8, 2013)
_____

NAVAJO NATION
f.k.a. NAVAJO TRIBE OF INDIANS,

                Plaintiff,

          v.

THE UNITED STATES,

                Defendant.

_____

**ADR CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**
_____

      This matter is before the court on the parties' joint motion to amend the existing ADR Confidentiality Agreement and Protective Order ("ADR CAPO") entered in this case on February 5, 2008, so as to include certain provisions regarding the confidentiality of any settlement communications and materials that are created or provided by the parties as part of their alternative dispute resolution ("ADR") process, and the use and protection of those confidential settlement communications and materials in this case.  Upon consideration of the parties' joint motion and their proposed Amended ADR CAPO and for good cause shown, it is hereby **ORDERED** that the parties' joint motion should be and hereby is **GRANTED** and that the ADR CAPO dated February 5, 2008, should be and hereby is amended, as follows.  Further, it is **ORDERED** that:

    1.    **Prior Orders**.  In addition to amending the ADR CAPO, this Amended ADR CAPO supplements the CAPO entered in this case on May 11, 2007, which protects the confidentiality of documents and data that are produced in the course of this case, including but not limited to those that are provided in this ADR process.

    2.    **Definitions**.  For purposes of this Amended ADR CAPO:

          a.    "Settlement Materials" consist of documents (either originals or copies) or information, including but not limited to interpretations, analyses, opinions, and conclusions developed for settlement purposes, either before or after entry of this Amended ADR

        CAPO, by attorneys of record in this action, including agency counsel, and attorneys, paralegals, support staff, and other employees in their offices, in the course of representing the Parties herein, as well as by their experts, consultants, contractors, and agents retained or assigned to work on any aspect of this case, as well as the employees in their offices who work on this case, regardless of the form or format in which such materials are developed.  "Settlement Materials" include but are not limited to the methods or methodologies developed by either party or jointly by both parties to arrive at such documents or information, subject to the qualification stated in this Amended ADR CAPO.  Information, facts, data, methods, methodologies, and practices that are otherwise discoverable or admissible or are generally known by, available to, or accessible by the general public or the professional community shall not be deemed Settlement Materials under the terms of this Amended ADR CAPO, even if they are used or included in Settlement Materials, and therefore they may be used by either party without restriction.

  b.    "Qualified Persons" are those persons who are:

      i.    Those of plaintiff's tribal government officials and employees who are designated as "Qualified Persons" by plaintiff;

      ii.    Attorneys of record in this case, agency counsel, and those attorneys, paralegals, support staff, and other employees of the offices of the attorneys of record and agency counsel, who are or have been assigned to work on any aspect of this case relating to settlement or the facilitation of settlement;

      iii.    Experts, consultants, contractors, or agents, as well as the employees in their offices, who work on this case or who are or have been retained or assigned to work on any aspect of this case relating to settlement or the facilitation of settlement;

      iv.    Persons who have been retained or consulted by either or both of the parties to provide opinion, analysis, data, or other information for the purpose of assisting with or facilitating settlement of this case;

      v.    the Settlement Judge and his staff; and

      vi.    Persons whom the parties may designate jointly in writing as Qualified Persons.

3.  **Confidentiality of Settlement Materials, Settlement Communications, and Settlement Discussions or ADR Proceedings.** All Settlement Communications and Settlement Materials in this case shall be governed by Appendix H of the Rules of the Court of Federal Claims ("RCFC") and by this Amended ADR CAPO, regardless of whether the case has been referred to an ADR Judge or a formal ADR process. Accordingly:

    a.  There will be no transcript of any settlement discussions or ADR proceedings.

    b.  Information that is otherwise discoverable or admissible does not lose that characteristic merely because of its use in the ADR proceedings.

    c.  Throughout the ADR process, the parties have had and will have or may have extensive Settlement Communications, including *ex parte* Settlement Communications, with an ADR judge. All such *ex parte* Settlement Communications will be deemed confidential as to the other party. The parties shall alert the ADR Judge to any information that can or should be treated as non-confidential as to the other party. The ADR Judge shall not disclose to the other party any confidential information that the ADR Judge receives from a party in such Settlement Communications, unless and until counsel for the party providing the confidential information authorizes such disclosure. Whenever any party develops a formal written settlement proposal for possible communication with the other party, the ADR Judge shall not disclose or communicate any such proposal to the other party, unless and until counsel for the proposing party has authorized such disclosure by signing and dating the proposal.

    d.  The parties shall not assert that any actions that are taken; information, documents, or data that are divulged; or statements that are made in the course of ADR proceedings in this case constitute or form the basis for a claim of waiver of the attorney-client, work product, or deliberative process privileges.

    e.  Unless otherwise agreed by the parties in writing, a party may disclose or provide access to Settlement Communications and/or Settlement Materials only to Qualified Persons. Further, except as provided in this Amended ADR CAPO, Settlement Communications and/or Settlement Materials may be provided to Qualified Persons only after the Qualified Persons have executed Non-Disclosure Agreements in the form set forth in Exhibit 1 to this Amended ADR CAPO.

  f.  While the attorneys of record in this case, the agency counsel, and the attorneys, paralegals and support staff in the offices of the attorneys of record and of the agency counsel, who are or have been assigned to work on any aspect of this case relating to settlement or the facilitation of settlement, are not required to execute Non-Disclosure Agreements before receiving access to Settlement Communications or Settlement Materials, they are nonetheless bound by the terms of this Amended ADR CAPO.

4. **Use and Treatment of Settlement Communications and Settlement Materials.**

  a.  Either party may designate its own Settlement Communications and Settlement Materials as "Settlement Communications" or "Settlement Materials" subject to this Amended ADR CAPO, by marking them as "Settlement Communications—Do Not Disclose" or "Settlement Materials—Do Not Disclose."

  b.  Neither party may designate materials developed solely by the opposing party as Settlement Materials subject to this Amended ADR CAPO. Either party may withdraw its designation of Settlement Materials that it alone has developed. Both parties have to agree to withdraw the designation of any Settlement Materials that are developed jointly.

  c.  If either party incorporates conclusions and analyses extracted from the opposing party's Settlement Materials into materials that the incorporating party develops, the conclusions and analyses extracted from the opposing party's Settlement Materials retain their protected status under this Amended ADR CAPO.

  d.  Unless the parties jointly stipulate otherwise in writing or unless the court orders otherwise, Settlement Materials may not be used for any purpose other than considering, facilitating, or attempting settlement of this case.

  e.  A disclosing party's claims of privileges and protections from disclosure for Settlement Materials, including without limitation the attorney-client privilege, the government deliberative process privilege, and the attorney work product doctrine, shall be preserved and shall not be waived as to the receiving party or third parties. As to the receiving party or third parties, the use of Settlement Materials in accordance with this Amended ADR CAPO shall not constitute a waiver of any privilege. Nor shall the use of Settlement Materials in accordance with this Amended ADR CAPO render the Settlement Materials subject to disclosure under

       the Freedom of Information Act ("FOIA"), 5 U.S.C. Section 552 (as amended).

5. **Use of Parties' Experts and Consultants in Litigation.** The parties anticipate that their Settlement Consultants will participate in the development and implementation of methods or methodologies, offer views and opinions, and otherwise participate in the settlement process regarding plaintiff's and defendant's settlement positions. The parties also anticipate that, if the settlement process fails to achieve a complete settlement of all of plaintiff's claims, either party or both parties may use Settlement Consultants as expert witnesses in the litigation. This use may include but is not limited to calling the Settlement Consultants as expert witnesses at trial ("Testifying Experts").

    a. A party may offer for admission or have admitted into evidence in this case or in any subsequent proceedings (including but not limited to litigation, settlement or ADR proceedings other than those conducted pursuant to this Amended ADR CAPO, or administrative proceedings) – or a party may use, in any other settings – a Settlement Communication, Settlement Material, or any portion thereof:

        i. That the party has made, generated, produced, or obtained independently of the other party and these settlement proceedings, if the Settlement Communication, the Settlement Material, or any portion thereof, does not attach, quote, paraphrase, or rely upon the contents or substance of any Settlement Communication, any Settlement Material, or any portion thereof provided by the other party, the disclosure of which is otherwise precluded by this Amended ADR CAPO; or

        ii. That the party has received from the other party, only if the parties have conferred and agreed in writing, that the Settlement Communication, Settlement Material, or portion thereof may be offered for admission into evidence or used in the manner proposed; or

        iii. That the court in this case – or a court or other tribunal of competent jurisdiction in any subsequent proceedings – has entered an order, consistent with the Federal Rules of Evidence, that admits the Settlement Communication, Settlement Material, or any portion thereof, into evidence, or that permits usage of the Settlement Communication, Settlement Material, or any portion thereof, in any other settings.

6. In the event that one or the other of the parties has a dispute relating to Paragraphs 4 and 5, the disputing party shall notify the other party in writing and state therein the grounds for the dispute. Within 21 days of the other party's receipt of such written notification (or a longer period of time, if the parties so agree), the parties herein shall discuss and attempt to resolve the dispute. If the parties do not resolve the dispute within 21 days or an extension of time thereof, the disputing party may file a motion to seek a ruling from the court regarding the dispute.

7. **Destruction or Return of Settlement Materials.** Within 90 days after final disposition of this action, including the conclusion of any appeals, each party shall destroy or return all Settlement Materials to the party that developed them. The parties shall meet, confer, and, if possible, reach agreement in writing about any Settlement Materials that a party has received from the other party and would like to retain for its own use after the final disposition of this action. Neither party is required to destroy or turn over Settlement Materials that it developed, even if such Settlement Materials include conclusions, opinion or analysis extracted or derived from Settlement Materials developed solely by the opposing party.

8. **Other Orders.** Nothing in this Amended ADR CAPO shall preclude the parties from entering into other written agreements intended to protect or preserve the confidentiality of any other confidential, privileged, or protected documents, information, or communications. This Amended ADR CAPO amends the existing ADR CAPO entered in this case on February 5, 2008, but it does not repeal any other existing confidentiality protective order currently in effect in the case.

9. **Survival of Confidentiality Provisions.** Until further order of this court, the confidentiality provisions of this Amended ADR CAPO shall remain in full force and effect after the dismissal or other final disposition of this case and regardless of whether the parties reach settlement.

**IT IS SO ORDERED**.

s/ Francis M. Allegra
Francis M. Allegra
Judge

# EXHIBIT 1

# In The United States Court of Federal Claims

No. 06-945L
_____

NAVAJO NATION
f.k.a. NAVAJO TRIBE OF INDIANS,

                Plaintiff,

          v.

THE UNITED STATES,

                Defendant.
_____

**NON-DISCLOSURE AGREEMENT**
_____

1. I understand that I am being given access to Settlement Materials protected by the ADR Confidentiality Agreement and Protective Order ("ADR CAPO") and the Amended ADR CAPO that have been entered in this case. I have read and fully understand the terms of the ADR CAPO and the Amended ADR CAPO, and I agree to be bound by its terms.

2. I will not use or disclose Settlement Materials in any manner, other than the manner expressly authorized under the ADR CAPO and the Amended ADR CAPO in this case. I will not use or disclose Settlement Materials for any purpose, other than the purpose expressly authorized by the ADR CAPO and the Amended ADR CAPO. I understand that the ADR CAPO and the Amended ADR CAPO apply to all Settlement Materials, regardless of whether the materials are already disclosed to me or they will be disclosed to me in the future, and that the ADR CAPO and the Amended ADR CAPO also apply to copies, notes, extracts, or any other materials that I have prepared or will prepare based upon the Settlement Materials that I have received or will receive under the Order.

3. I understand that violation of the ADR CAPO and the Amended ADR CAPO may result in appropriate sanctions and penalties.

                                                                          _____
                                                                          Signatory Name
                                                                          Title/Firm Name
                                                                          Address
                                                                          Telephone Number
                                                                          E-Mail Address